UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Adam Lee, *on behalf of himself and others similarly situated*, | ) | Case No: |
| | ) | |
| | ) | CLASS ACTION COMPLAINT |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| Samsung Electronics America, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Adam Lee ("Plaintiff"), by and through his undersigned counsel, individually and on behalf of others similarly situated, brings this action for damages and equitable relief against Samsung Electronics America, Inc. ("Defendant" or "Samsung").

**Nature of this Action**

1.     Plaintiff brings this class action against Defendant for the harm it caused to consumers in connection with its design, manufacture, advertising, sale and performance of Samsung-branded kitchen appliances with a "black stainless steel" finish (the "Black Stainless Steel Appliances").

2.     Samsung heavily promotes its Black Stainless Steel Appliances as a premium kitchen product with a superior aesthetic, and it features the "black stainless steel" finish in over

1

30 of its refrigerators,[1] 26 of its ovens,[2] 5 of its gas cooktops,[3] 2 of its electric cooktops,[4] 1 of its induction cooktops,[5] 5 of its range hoods,[6] 6 of its microwaves,[7] and 6 of its dishwashers.[8]

      3.      Defendant sells the Black Stainless Steel Appliances with a "black stainless steel" finish that it advertised as a premium, durable, luxury finish, while concealing and omitting that the finish was a thin plastic coating—rather than a sturdy metal finish—and that the finish was prone to peel, chip, flake, and prematurely degrade through the ordinary use of the Black Stainless Steel Appliances.

      4.      Notably, consumers do not complain about a peeling, chipping, flaking, or prematurely degrading finish for Defendant's otherwise-identical appliances without the "black stainless steel" finish, such as the "stainless steel," "black," or "white" finishes.

---

[1]    *See* https://www.samsung.com/us/home-appliances/refrigerators/all-refrigerators/?shop=Buy+Online&color=Fingerprint+Resistant+Black+Stainless+Steel (last visited March 16, 2021).

[2]    *See* https://www.samsung.com/us/home-appliances/ranges/all-ranges/?shop=Buy+Online&color=Fingerprint+Resistant+Black+Stainless+Steel (last visited March 16, 2021).

[3]    *See* https://www.samsung.com/us/home-appliances/cooktops-and-hoods/gas-cooktops/ (last visited March 16, 2021).

[4]    *See* https://www.samsung.com/us/home-appliances/cooktops-and-hoods/electric-cooktops/ (last visited March 16, 2021).

[5]    *See* https://www.samsung.com/us/home-appliances/cooktops-and-hoods/induction-cooktops/ (last visited March 16, 2021).

[6]    *See* https://www.samsung.com/us/home-appliances/cooktops-and-hoods/hoods/ (last visited March 16, 2021).

[7]    *See* https://www.samsung.com/us/home-appliances/microwaves/all-microwaves/ (last visited March 16, 2021).

[8]    *See* https://www.samsung.com/us/home-appliances/dishwashers/all-dishwashers/?shop=Buy+Online&color=Fingerprint+Resistant+Black+Stainless+Steel (last visited March 16, 2021).

5.     The Black Stainless Steel Appliances are defectively designed in that the exterior finish of the appliances will peel, chip, flake, and prematurely degrade during the course of the ordinary and expected use of the appliances.

6.     For example, Plaintiff's oven, a Black Stainless Steel Appliance, experienced the following peeling, flaking, and premature degradation of the "black stainless steel" finish after only a few years of use:



7.     This defect has obvious aesthetic ramifications to the Black Stainless Steel Appliance, and, as a byproduct of this degradation, Plaintiff's oven frequently peeled and flaked small pieces of the plastic "black stainless steel" finish off the appliance entirely:



8.     As a result, Plaintiff is concerned by both the severe deterioration in the aesthetic appeal of his Black Stainless Steel Appliances, and by the potential ingestion of flakes of the "black stainless steel" finish.

9.     Owners of Black Stainless Steel Appliances risk, through regular use, having the defect contaminate the food cooked or cleaned in the appliances, and potentially cause related harm resulting from the ingestion of the "black stainless steel" finish.

10.     Given that gas ovens and gas ranges have expected lifespans well in excess of ten years,[9] and Plaintiff's other Black Stainless Steel Appliances have expected lifespans of at least nine years, the severe deterioration in the "black stainless steel" finish significantly reduces the value of Plaintiff's Black Stainless Steel Appliances and significantly accelerates their depreciation beyond reasonable consumer expectations.

---

[9]     *See, e.g.*, https://www.nachi.org/life-expectancy.htm (last visited April 19, 2021) (noting that gas ovens have a life expectancy of 10-18 years, gas ranges have a life expectancy of 15-17 years, and both microwaves and dishwashers have a life expectancy of 9 years).

11.     Defendant is aware of the defect.

12.     Based on publicly available information, Samsung has known of the defect for several years, with consumer complaints dating back to the inception of the finish.

13.     Defendant did not, and does not, disclose or provide any information to Plaintiff or other consumers regarding the defective quality and durability of the "black stainless steel" finish.

14.     Defendant failed to warn members of Plaintiff's proposed classes of the defect, and Defendant withheld that information from Plaintiff and similarly situated purchasers of Black Stainless Steel Appliances.

15.     As a result of the defect, the Black Stainless Steel Appliances do not satisfy several of the key purposes for which they were purchased, i.e.: (1) cooking food (or cleaning dishes) without damaging the Black Stainless Steel Appliances's exterior; (2) maintaining the Black Stainless Steel Appliances's signature aesthetics; and (3) cooking food without the risk that plastic flakes or pieces will be dislodged from the appliance's exterior and expose users to having the plastic flakes or pieces around or on food contained in the Black Stainless Steel Appliances.

16.     Plaintiff purchased the defective Black Stainless Steel Appliances—that Defendant designed, marketed, manufactured, distributed and sold—based on his reasonable expectation that the Black Stainless Steel Appliances would work and be reliable as advertised and impliedly warranted, and without knowledge of the defect.

17.     Through the ordinary or directed use of the Black Stainless Steel Appliances, Plaintiff has—as have consumers throughout the country—experienced peeling, chipping, flaking, and premature degradation of the "black stainless steel" finish during the course of the ordinary and expected use of the appliances.

18.     Plaintiff would not have purchased the Black Stainless Steel Appliances or paid a

premium purchase price for the "black stainless steel" finish if he knew that the finish was simply a plastic coating that was prone to peeling, chipping, flaking, and premature degradation.

19.     Absent Defendant's actions and failure to warn of the defect, and had Plaintiff known of the defective nature of the Black Stainless Steel Appliances, Plaintiff would not have purchased or paid the premium purchase price for the Black Stainless Steel Appliances, and would not have used the Black Stainless Steel Appliances in his home.

## Jurisdiction and Venue

20.     This Court has original jurisdiction under 28 U.S.C. §1332(d) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and this is a class action of more than 100 potential class members in which Plaintiff is a citizen of Texas while Defendant is a citizen of New Jersey.

21.     The Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

22.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this action occurred in this district, in that Defendant's misrepresentations and omissions were connected to Defendant's actions in this district, and Plaintiff purchased the Black Stainless Steel Appliances in this district.

## Parties

23.     Plaintiff is a natural person who at relevant times resided in Katy, Texas.

24.     Defendant is a New York corporation that maintains its principal place of business in Ridgefield Park, New Jersey.

25.     Defendant manufacturers and markets consumer goods, including household cooking appliances under the Samsung brand name, encompassing, among other things, ovens,

electric and gas cooktops,  dishwashers, microwaves, and clothes washers and dryers.

26.     Defendant is a subsidiary of Samsung Electronics ("Samsung Electronics"), which is in turn a subsidiary of the Samsung Group, a Korean multinational conglomerate.

<strong>Factual Allegations</strong>

27.     In early 2016, as part of a broader kitchen remodel, Plaintiff began researching kitchen appliances, and found that he was drawn to Samsung's appliances, based in large part upon Plaintiff's prior favorable experience with Samsung products.

28.     Specifically, Plaintiff selected the following Samsung appliances:

- a Model Number ME21H706MQ6/AA microwave, purchased in or around February 2016, for approximately $450 from Fry's Electronics;

- a Model Number DW80J7TTUG/AA dishwasher, purchased in or around September 2016, for approximately $1000 from Conn's HomePlus; and

- a Model Number NX58J5600SG/AA gas range, purchased on or about April 17, 2017, for $1,178.32 from Home Depot.

29.     Plaintiff purchased these Samsung appliances from authorized sellers of Black Stainless Steel Appliances.[10]

30.     While deciding which specific products and color schemes to purchase, Plaintiff decided to pay a premium for each of his appliances for the "black stainless steel" finish, which Samsung advertised as a "premium design,"[11] and which Samsung stated was a "premium-looking

---

[10]     https://www.samsung.com/us/peaceofmind/authorized_resellers_HA.html (last visited April 19, 2021).

[11]     https://www.samsung.com/us/ranges/ (last visited March 17, 2021).

finish that is simultaneously practical."[12]

31.     Specifically, Plaintiff believes that he paid between $100 and $200 *extra* for each of the Black Stainless Steel Appliances, compared to the otherwise-identical appliances without the "black stainless steel" finish.

32.     However, after approximately three years of use, in mid 2020, Plaintiff discovered that the "black stainless steel" finish on his appliances was peeling off, flaking, and prematurely degrading, *see supra* ¶¶ 6-7, prompting him to research whether his experience was an aberration, or a widespread issue.

33.     Plaintiff then discovered that consumers across the country describe similar peeling, flaking, and premature degradation of the "black stainless steel" finish:

| Complaint | Source |
|---|---|
| i purchased brand new Samsung black stainless stove, dishwasher, refrigerator and microwave from Lowes with the extended warranty. All of them has the black stainless peeling off. They are all spotty and horrible to look at. i paid over $7500 for this poorly made product. when i called and email samsung like many other consumers they said it cosmetic and nothing they can do about it. i call lowes and they said Samsung consider it cosmetic. NO where in samsung guide or did a lowes sales person tell me the the black stainless is a cheap paint that would peel of they market it as STAINLESS! What they did say was it as fingerprint resistant. i guess they consider when you touch it that the paint peeling off on your finger makes in fingerprint resistant. Then l went on samsung consumer page and there are tons of other people claiming the same thing so to me that is a poorly made product and a SAMSUNG SCAM they will not do anything about. i purchased black stainless and now my new remodel kitchen is ruined. i will never purchase or recommend samsung again. | https://us.community.sams ung.com/t5/Kitchen-and-Family-Hub/black-stainless-peeling/td-p/1615635 (last visited March 16, 2021). |
| I have exactly the same problem and would be glad to join a lawsuit as well. | *Id.* |
| I also bought an entire kitchen of Samsung's black stainless-steel appliances and have the same peeling problem. I have contacted Samsung on more than one occasion only to be left to feel discouraged | *Id.* |

---

[12]     https://www.consumerreports.org/kitchen-appliances/the-appeal-of-black-stainless-appliances/ (last visited March 17, 2021).

| | |
|---|---|
| by Samsung's admittance of how terrible my issue is due to their defective product but there is nothing they can do. I spent thousands of dollars and the kitchen appliances I replaced were more cosmetically pleasing. I feel so scammed. | |
| I have a $3300 black stainless refrigerator purchased 10-31-2017 that began peeling after just 16 months. The peeling is now quite severe, affecting all 4 doors, and has resulted in extensive rust in places where the finish has peeled. Despite Samsung's claims, the finish is not "purely cosmetic"; its function is to protect the unit from damage due to rust, and it has FAILED in this function. Eventually it will rust through the surface of the door and compromise the ability of the refrigerator to insulate and keep food cold.<br><br>This problem with the finish clearly constitutes a manufacturing defect. Samsung knows this is a problem for all of their black stainless appliances; the finish is a film so thin they cannot possibly have expected it to last. It is completely irresponsible to manufacture it in this way.<br><br>Even if one were to accept Samsung's contention that the finish is "purely cosmetic," this is not a sufficient reason for Samsung to evade responsibility for manufacturing and selling a defective product. The cosmetic features of appliances are a major selling point of great importance to consumers. Appliances are explicitly marketed and sold as objects that are supposed to improve the appearance of your kitchen. The peeling finish is directly contradictory to that function.<br><br>Moreover, the marketing of these appliances is deceptive and arguably fraudulent. They are marketed as stainless steel, but are clearly "fake stainless," as demonstrated by their vulnerability to rust. | *Id.* |
| omg..my stove and microwave is also peeling. I paid so much for them. Samsung won't do anything to replace them.... I regret so bad buying Samsung...My kitchen looks horrible also, | https://us.community.sams ung.com/t5/Kitchen-and-Family-Hub/black-stainless-peeling/td-p/1615635 (last visited March 16, 2021). |
| Why is my black stainless steel finish peeling after 18 months? Followed manual cleaning instructions. Looks horrid and neither Best Buy/Geek Squad /Samsung consider this a warranty issue as it is cosmetic! Really? It seems to be a defect in workmanship | https://www.bestbuy.com/s ite/questions/samsung-flex-duo-5-9-cu-ft-self-cleaning-freestanding-fingerprint-resistant-double-oven-electric-convection-range-black- |

| | |
|---|---|
| | stainless-steel/9542089/question/15e6097e-fb39-3c12-a6c5-8411088f4ca4 (last visited March 16, 2021). |
| This is a defective product overall.. I have a 1300 Samsung Black Stainless slide in stove... it has completely peeled and the top has cracked. DEFECTIVE PRODUCT!! | *Id.* |
| I am also having this problem and was told it is not covered under warranty. This company should replace these doors. No one would purchase these items knowing they would peel. Not happy at all. | *Id.* |
| Yes yes...., my black stainless steel range starting to peel from under the handle. Barely used !!! This is a rip-off!! | *Id.* |
| Same issue here - I will never spend another dollar in best buy or on samsung products again. Hard lesson learned after replacing refrigerator, stove, dishwasher and microwave with black stainless steel samsung garbage. $thousands wasted. | *Id.* |
| We purchased Samsung black stainless steel oven and microwave. The appliances are now 18 months old and the door has started to flake --- leaving a silver finish in spots. It is unsightly and ruins my kitchen. If you don't want a very costly mistake, you should not purchase Samsung. The finish is a disaster! | https://www.houzz.com/discussions/4633662/poll-black-stainless-steel-appliances-yes-or-no (last visited March 16, 2021). |
| I bought all my kitchen appliances in Black (coating) Stainless steel (BSS). Don't do it! I just found flaking around the range. I called and they said it is out of warranty and it is ot considered a mechanical defect. So 18 month old appliances look horrible. Samsung does not stand behind their products. | *Id.* |
| Within 9 months the black stainless is peeling off from routine water/sponge cleaning. Samsung will not help, calls it "cosmetic damage."<br>We did not damage anything! This is defective! Internet search shows this is common. We are furious--we outfitted our entire kitchen with this appliance line. | https://www.samsung.com/us/home-appliances/ranges/gas/nx58j5600sg-gas-range-with-convection-black-stainless-steel-nx58j5600sg-aa/ (last visited March 16, 2021). |
| The Black Stainless Steel Parts of the stove also is a just a wrapping, FYI it DOES CHIP AND PEEL OFF, to reveal the normal Stainless-Steel underneath so be very careful. Overall I wouldnt have purchased this product from a company that cant stand behind its mistakes in design.<br>I made the mistake of buying ALL my Kitchen Appliances from them :( | *Id.* |
| Black stainless finish flakes off gas knobs have all broken off. Even the middle burner which we have never used. | *Id.* |
| the black stainless oven face will peel, leaving hideous stripes that samsung will do nothing about. this has been an issue for years according to forum on samsung.com | *Id.* |

| | |
|---|---|
| purchased in 11/17. had to replace the oven door & a burner knob as finish was peeling. the back panel is scratched and peeling because of the design. three knobs are also have peeling. | *Id.* |
| very disappointed with the peeling black stainless coating. i have many samsung products in my 2 houses,but this is the first range from samsung.<br>would not recommend for this reason | *Id.* |
| i would not recommend the black stainless steel. the black is a film that peels off. also, the grates rust. samsung takes no responsibility for this appliance. | *Id.* |
| black stainless finish peeled off oven door after 6 months.<br>"cosmetic" issues not covered by warranty. | *Id.* |
| this is by far the worst range ''ve ever owned. within the first year the thermocouple for one of the oven burners stopped working. i live in a remote area and samsung would not send anybody to fix it so i ended up doing it myself. year 2, all 5 of the plastic knobs broke and the black stainless finish starting peeling off various parts of the oven. samsung customer service was not at all helpful, and told me i had to spend $113/knob on samsungparts.com as i was out of warranty. that would add up to the cost of the stove! bottom line is this is a very cheaply made and over priced product. what makes it worse is samsungs unwillingness to assist and admit their shortcomings and poor quality. do not buy! | *Id.* |
| I bought my Gas range and Refridgerator in Sept of 2018. 2 years later the paint is peeling off the range and fridge and also one of the range knobs has broken off. I am very dissapointed in samsung with these products. They are doing nothing to help or assist saying that this is a cosmetic issue and they cannot resolve, also i advised that i personally know someone that is having the same peeling issue as me and her range is only 6 months. These products are the 5.8 cubic ft. Freestanding Gas Range with convection in Black stainless steel, and 22 cubic ft, French Door Refrigerator in Black Stainless steel. Do not buy these products they are deffective and samsung pro care or what ever you want to call them are not helpfull what so ever. they state that oone because ithe are out of warrenty there is nothing they can do and that this is all cosmetic. i will be writting all the way up to corporate to resolve this issue because just like me i know that there must plenty others out there going thru the same issue. | https://us.community.samsung.com/t5/Kitchen-and-Family-Hub/Peeling-Paint-from-Fridge-and-Gas-Range/m-p/1564729 (last visited March 16, 2021). |
| Me too! This cannot be a fluke! It is something they must address. Who wants to buy a stove- that should last at least 15 years- with paint rubbing off. Not happy.<br>they need to address. I belong to several FB groups that would definitely want to know this. | *Id.* |
| I agree.  I have the same gas range and it is peeling awful all over, had my kitchen redone and now I have an eyesore for a stove....<br>Very disappointed in the product. | *Id.* |

| | |
|---|---|
| I'm also having the same problem on my gas range. I also have a Samsung Black Stainless microwave, and French Door Refrigerator (With all the constant Ice maker problems). I'm hoping the peeling problem doesn't start on those. I spent a lot of money on these appliances a couple years ago, and had intended them to last a long time. I will never buy a Samsung product again and will advise everyone I know to also avoid their products as there seems to be no resolution from Samsung on these issues. These products are faulty | *Id.* |
| We purchased this Samsung product on 08/13/2021. I have to say, I love Samsung and most of their products. This electric range is definitely a disappointment. Not worth the value. After 6 months of use, it looks like a 10 year old stove, the black coating is starting to peel off and, be aware, the warranty does not cover this. I've been on the phone with Samsung costumer service over an hour and a half just so they can tell me that there is nothing they will do. If thinking about buying this item, think twice and invest your $$ somewhere else. | https://www.homedepot.com/p/Samsung-30-in-6-3-cu-ft-Slide-In-Electric-Range-with-Self-Cleaning-Oven-in-Black-Stainless-Steel-NE63T8111SG/313697671 (last visited March 16, 2021). |

34.     Consumers across the country also shared similar photos of the "black stainless steel" finish peeling and prematurely degrading on their appliances in a materially identical manner to Plaintiff's:[13]

---

[13]     https://www.samsung.com/us/home-appliances/ranges/gas/nx58j5600sg-gas-range-with-convection-black-stainless-steel-nx58j5600sg-aa/ (last visited March 16, 2021).

















35.     Some of these customers even experience rusting of the exposed metal after the "black stainless steel" finish peels off:[14]



---

[14]     https://us.community.samsung.com/t5/Kitchen-and-Family-Hub/Black-stainless-peeling/td-p/1556310 (last visited March 17, 2021).

36.     Shortly thereafter, Plaintiff contacted Defendant's customer service line to seek assistance with the defective "black stainless steel" finish on his Black Stainless Steel Appliances, but was told—in dismissive fashion—that because the defect is "cosmetic," that Defendant would offer no repairs, replacements, or compensation of any kind.

37.     On February 3, 2021, Plaintiff initiated written requests to Defendant for review of its warranty coverage and a review of Plaintiff's defective Black Stainless Steel Appliances.

38.     Defendant did not respond to Plaintiff's February 3, 2021 requests, and has broadly ignored the dozens of consumer complaints materially identical to Plaintiff's.

39.     When Defendant does respond to consumer complaints concerning the peeling, chipping, flaking, and premature degradation of the "black stainless steel" finish, Defendant repeatedly, and confusingly, suggests that issues with the defective "black stainless steel" finish can potentially be resolved by cleaning it:



40.     The link provided by Defendant, http://bit.ly/2rMiQPw, suggests that disgruntled consumers experiencing the defect may either (1) clean the surface of the Black Stainless Steel

Appliances; (2) confirm that the peeling finish is not an intended aesthetic design; or (3) request "out-of-warranty service for repair of cosmetic damage."

41.     However, and as uniformly demonstrated by consumer complaints above, Defendant disavows any warranty coverage or responsibility for the defect in the Black Stainless Steel Appliances, and uniformly maintains that, because it considers the defect to be a purely cosmetic issue, it is obligated to provide no relief to consumers.

42.     Meanwhile, Defendant advertises the Black Stainless Steel Appliances with full knowledge and understanding that they are not sold as advertised, and otherwise fails to warn consumers of the known defect.

43.     Defendant fails to inform consumers in its advertising at the time of purchase, that even if consumers operate the Black Stainless Steel Appliances as instructed, the black stainless steel" finish will peel, chip, flake, and prematurely degrade during normal operation, causing the risk that peeled plastic finish will contaminate food around the Black Stainless Steel Appliances.

44.      Defendant was obligated to disclose the defect because Defendant had exclusive knowledge of the material facts not known to Plaintiff, since only Defendant had exclusive access to the aggregate data from its retailers, its own tests, and complaints from its customers.

45.     Defendant, upon information and belief, concealed and suppressed the material facts from Plaintiff by failing to warn of the defect at the time of purchase, made worse by its refusal to repair, replace, or compensate consumers for the defective finish in response to Plaintiff's and other consumers' complaints.

46.     As a result of Defendant's concealment of the defect, owners of Black Stainless Steel Appliances were not provided material information before deciding which brand, and which exterior finish, of kitchen appliances to buy.

47.     Defendant failed to adequately design and/or manufacture the Black Stainless Steel Appliances to ensure that they were and are free from the defect that causes peeling, chipping, flaking, and premature degradation of the "black stainless steel" finish.

48.     At the time Defendant began selling the Black Stainless Steel Appliances in the United States, Defendant knew, or was reckless in not knowing, that they: (a) contained a defect in the Black Stainless Steel Appliances's design, parts, materials and workmanship; and (b) were not of merchantable quality.

49.     Despite notice of the defect in the Black Stainless Steel Appliances, and the reasonable expectations of consumers created by Defendant's marketing of its Black Stainless Steel Appliances, Defendant engaged—and continues to engage—in a wrongful course of conduct by:

- designing, manufacturing and selling the Black Stainless Steel Appliances with a defect that peeling, chipping, flaking, and premature degradation of the "black stainless steel" finish;

- failing to disclose that the Black Stainless Steel Appliances cause peeling, chipping, flaking, and premature degradation of the "black stainless steel" finish;

- failing to warn purchasers of the Black Stainless Steel Appliances' inherent defect;

- concealing material information about the Black Stainless Steel Appliances, including information about the defect;

- manufacturing, distributing, and selling the Black Stainless Steel Appliances to consumers when Defendant was on notice that the Black Stainless Steel Appliances could not be used, in normal operation, without the "black stainless steel" finish peeling, chipping, flaking, and prematurely degrading, and

potentially contaminating food products;

- failing to implement a recall or repair program to adequately announce to Plaintiff and class members the presence of the defect, and failing to provide to Plaintiff and class members an effective solution to correct the defect in the Black Stainless Steel Appliances;

- failing to correct and eliminate the defect in materials and workmanship that cause peeling, chipping, flaking, and premature degradation of the "black stainless steel" finish; and

- failing to disclose that ordinary, or recommended, use of the Black Stainless Steel Appliances will cause peeling, chipping, flaking, and premature degradation of the "black stainless steel" finish, causing the Black Stainless Steel Appliances to be not fully functional.

50.     Plaintiff and the members of the classes described below would not have purchased the Black Stainless Steel Appliances at the prices they paid, or would not have purchased the Black Stainless Steel Appliances at all, absent Defendant's advertising, failure to disclose the defect, and concealment of material information about the defect.

51.     This is especially true given that Defendant charges consumers a premium in excess of $100 specifically for the Black Stainless Steel Appliances, compared to otherwise identical appliances without the "black stainless steel" finish:[15]

---

[15]     *See,*     *e.g.,*          https://www.samsung.com/us/home-appliances/ranges/gas/5-8-cu-ft-freestanding-gas-range-with-convection-nx58m5600sw-aa/ (last visited March 16, 2021).



### 5.8 cu. ft. Freestanding Gas Range with Convection in Black Stainless Steel

NX58K5600SG/AA ★★★★★ 4.3 (850) Share your product experience

From boiling to simmering, this five-burner range meets all your cooking needs, and convection heating provides faster and more even baking and roasting results.

COLOR   Fingerprint Resistant Black Stainless Steel



$1,199.00

OR

$66.62/mo
No Interest if Paid in Full
Within 18 months†
excludes tax and shipping
WITH SAMSUNG FINANCING



### 5.8 cu. ft. Freestanding Gas Range with Convection in Stainless Steel

NX58M5600SS/AA ★★★★★ 4.3 (850) Share your product experience

From boiling to simmering, this five-burner range meets all your cooking needs, and convection heating provides faster and more even baking and roasting results.

COLOR   Stainless Steel



5.8 cu. ft. Freestanding Gas Range with
Convection in Stainless Steel
NX58M5600SS/AA

$ 899  $1,099

SHOP NOW



### 5.8 cu. ft. Freestanding Gas Range with Convection in Black

NX58M5600SB/AA ★★★★★ 4.3 (850) Share your product experience

From boiling to simmering, this five-burner range meets all your cooking needs, and convection heating provides faster and more even baking and roasting results.

COLOR   Black



$1,049.00

OR

$87.42/mo
No Interest if Paid in Full
Within 12 months†
excludes tax and shipping
WITH SAMSUNG FINANCING




52.     And this holds true for other Black Stainless Steel Appliances:[16]




---

[16]     https://www.samsung.com/us/home-appliances/refrigerators/4-door-flex/23-cu-ft-capacity-counter-depth-4-door-flex-refrigerator-with-flexzone-stainless-steel-rf23j9011sr-aa/ (last visited March 16, 2021).

Price includes $500 instant savings - 14% off. Limited time only.



**23 cu. ft. Counter Depth 4-Door Flex™ Refrigerator with FlexZone™ in Stainless Steel**

RF23J9011SR/AA ★★★★ 3.7 (940)   Share your product experience

With a sleek design and an extra-large capacity, this state-of-the-art refrigerator is certain to meet all your culinary style and function needs.

**Choose your Color**

Fingerprint Resistant Black Stainless Steel        Fingerprint Resistant Stainless Steel

**Choose your Depth**

| Full Depth $2999 ~~$3300~~ | Counter Depth $3099 ~~$3500~~ |

**Check availability in your area:**

Enter zip code



53.     As a result, Defendant charges a premium specifically for the "black stainless steel" finish, even though that finish did not, and does not, provide any improvements to the Black Stainless Steel Appliances other than their aesthetic appeal.

54.     Plaintiff paid more for the Black Stainless Steel Appliances than he otherwise would have, had he not been misled by the deceptive conduct complained of herein, so Plaintiff lost money as a result of Defendant's actions because he did not receive what he paid for.

**Class Action Allegations**

55.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> *National Class*: All persons and entities throughout the United States who purchased one or more Samsung-branded appliances featuring a "black stainless steel" finish.

> *Texas class*: All persons and entities in Texas who purchased one or more Samsung-branded appliances featuring a "black stainless steel" finish.

56.     Excluded from the classes are Defendant, Defendant's officers and directors,

members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

57.     Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

58.     The exact number of the members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

59.     The classes are ascertainable because the classes are defined by reference to objective criteria.

60.     In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

61.     Plaintiff's claims are typical of the claims of the members of the classes.

62.     As it did for all members of the National Class, Defendant sold appliances with a "black stainless steel" finish while concealing and omitting that the finish was a thin plastic coating—rather than a colored metal finish—and that the finish was prone to premature peeling and degradation.

63.     As it did for all members of the Texas Class, Defendant sold appliances in Texas with a "black stainless steel" finish while concealing and omitting that the finish was a thin plastic coating—rather than a colored metal finish—and that the finish was prone to premature peeling and degradation.

64.     Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

65.     Plaintiff's claims are based on the same theories as are the claims of the members

of the classes.

66.     Plaintiff suffered the same injuries as the members of the classes.

67.     Plaintiff will fairly and adequately protect the interests of the members of the classes.

68.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

69.     Plaintiff will vigorously pursue the claims of the members of the classes.

70.     Plaintiff has retained counsel experienced and competent in class action litigation.

71.     Plaintiff's counsel will vigorously pursue this matter.

72.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

73.     The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

74.     Issues of law and fact common to all members of the classes are:

a.     whether Defendant omitted material information about the quality of the Black Stainless Steel Appliances or otherwise failed to disclose to class members or warn them of the hidden or concealed defect of the Black Stainless Steel Appliances, although such defect was fully known to Defendant;

b.     whether Defendant misled class members into believing that the Black Stainless Steel Appliances operated as advertised and were free from defects;

c.     whether Defendant knew or should have known that the Black Stainless Steel Appliances contained a defect that caused the "black stainless steel" finish to chip, crack, peel, or flake;

d.   whether Defendant fraudulently concealed the defect in the Black Stainless Steel Appliances;

e.   whether Defendant breached its implied warranties to Class members concerning the Black Stainless Steel Appliances;

f.   whether Plaintiff and members of the classes are entitled to compensatory relief;

g.   whether Plaintiff and members of the classes have sustained damages, and, if so, what is the proper measure of damages;

h.   the availability of statutory relief; and

i.   the availability of attorneys' fees and costs.

75.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

76.     If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

77.     The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

78.     The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

79.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

80.     The damages suffered by each individual member of the classes may be relatively

small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

81.     The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

82.     There will be little difficulty in the management of this action as a class action.

83.     Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Fraudulent Concealment**
**(On behalf of the National Class)**

84.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-83.

85.     Plaintiff brings this claim on behalf of himself and the National Class, or, in the alternative, on behalf of the Texas Class.

86.     At all times during the course of dealing between Defendant or its agents and Plaintiff and class members, Defendant concealed the defect in the Black Stainless Steel Appliances.

87.     Defendant had a duty to disclose the defect.

88.     Specifically, Defendant had a duty to disclose the existence of the defect and material facts regarding the peeling, chipping, flaking, and premature degradation of the "black stainless steel" finish during the course of the ordinary and expected use of the Black Stainless Steel Appliances.

89.     Defendant knew, or was reckless in not knowing, of the defect and that it was bound to disclose the defect.

27

90.     Defendant fraudulently concealed, and/or intentionally omitted, that the Black Stainless Steel Appliances were defective in design and manufacturing in that the "black stainless steel" finish would routinely peel, chip, flake, and prematurely degrade, rendering them unfit for the purposes for which they are purchased, namely: (1) cooking food (or cleaning dishes) without damaging the appliance's exterior; (2) maintaining the purity of the Black Stainless Steel Appliances' exteriors, including Samsung's signature aesthetics; and (3) cooking food (or cleaning dishes) without the risk that flakes or pieces of the "black stainless steel" finish will be dislodged from the appliance's exterior and expose users to the risk of food contamination.

91.     Defendant fraudulently concealed and/or intentionally omitted the fact that it was aware of consumer complaints regarding the defect.

92.     Despite its knowledge of widespread consumer complaints, Defendant did—and still does—nothing to remedy the defective "black stainless steel" finish.

93.     Defendant failed to discharge its duty to disclose by staying silent about the known defect.

94.     Defendant's concealment and omissions of material facts concerning the defect was made purposefully, willfully, wantonly, and/or recklessly to mislead Plaintiff and class members into purchase and use of the Black Stainless Steel Appliances, and to cause them to purchase and/or use Black Stainless Steel Appliances solely for Defendant's financial gain.

95.     Defendant knew that Plaintiff and class members had no way to determine the truth behind Defendant's concealment and omissions, before or at the time of purchase, including the material omissions of facts surrounding the defect as alleged above.

96.     Plaintiff and class members reasonably relied on facts that Defendant negligently, fraudulently or purposefully did not reveal to consumers, or that were actively concealed and/or

omitted by Defendant.

97.     Plaintiff and class members reasonably relied on Defendant's silence regarding the defect and related facts that Defendant negligently, fraudulently or purposefully concealed or omitted.

98.     As a result of the foregoing acts and omissions, Plaintiff and Class members experienced, or are at the risk of experiencing, injuries and/or financial damage and injury.

## COUNT II
## Breach of Implied Warranty of Merchantability
## Tex. Bus. & Com. Code § 2.314
## (On behalf of the Texas Class)

99.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-83.

100.    At the time of sale, on each purchase and installation date, and currently, Defendant has been or is in the business of manufacturing and selling the Black Stainless Steel Appliances.

101.    Defendant was at all relevant times a "merchant" with respect to household appliances under Tex. Bus. & Com. Code § 2.104(1), and a "seller" of household appliances under § 2.103(a)(4).

102.    The Black Stainless Steel Appliances were at all relevant times "goods" within the meaning of Tex. Bus. & Com. Code § 2.105(a).

103.    A warranty that the Black Stainless Steel Appliances were in merchantable condition and fit for the ordinary purpose for which kitchen appliances are used is implied by law pursuant to Tex. Bus. & Com. Code § 2.314.

104.    Defendant impliedly warranted to Plaintiff and class members that the Black Stainless Steel Appliances were of merchantable quality and fit for the ordinary purposes for which they are used.

105.    Defendant knowingly and/or recklessly sold a defective product without informing consumers about the defect.

106.    Defendant possessed actual superior knowledge of the problems with its Black Stainless Steel Appliances based on, among other things, Plaintiff's and class members' complaints and/or calls to customer service, and reviews and complaints posted on the internet.

107.    Plaintiff's Black Stainless Steel Appliances became unfit for the ordinary purpose for which they are used—including, but not limited to, cooking food and maintaining Samsung's signature aesthetics—because of chipping, flaking, and premature degradation of the "black stainless steel" finish.

108.    Plaintiff paid a premium specifically for the "black stainless steel" finish.

109.    Plaintiff was the intended third-party beneficiary of the implied warranty made by Defendant, because Defendant knew that the retailers to whom it sold the Black Stainless Steel Appliances were not going to own the Black Stainless Steel Appliances any longer than it took to sell them to Plaintiff, and Defendant intended that any implied warranties that applied to the Black Stainless Steel Appliances were for the benefit of Plaintiff and class members.

110.    Defendant knew Plaintiff and class members were, and intended that they be, the ultimate beneficiaries of Defendant's implied warranties, as they are the owners of the Black Stainless Steel Appliances.

111.    Defendant, who manufactures and markets the Black Stainless Steel Appliances, knew that Plaintiff and class members were the end users of the Black Stainless Steel Appliances when Defendant entered into any and all sales contracts and subcontracts for the Black Stainless Steel Appliances, and Defendant's intent to benefit Plaintiff and class members arises by operation of law pursuant to the "implied covenant of good faith and fair dealing" contained within

any and all sales contracts and subcontracts for the Black Stainless Steel Appliances entered into by Defendant.

112.    As a proximate result of Defendant's breach of implied warranty, Plaintiff and class members have sustained damages and other losses in an amount to be determined at trial.

113.    As a result, Plaintiff and the class members are entitled to recover damages and attorneys' fees,  costs, rescission, and other relief as is provided by statute or deemed appropriate by the Court.

**COUNT III**
**BREACH OF IMPLIED WARRANTY**
**PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT**
**15 U.S.C. § 2301, *et seq.***
**(On behalf of the National Class)**

114.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-83.

115.    Plaintiff brings this claim on behalf of himself and the National Class, or, in the alternative, on behalf of the Texas Class.

116.    Plaintiff and the class members are "consumers" within the meaning of the MMWA, 15 U.S.C. § 2301.

117.    Defendant is a "supplier" and "warrantor" within the meaning of § 2301.

118.    The Black Stainless Steel Appliances are "consumer products" within the meaning of § 2301.

119.    Defendant made implied warranties arising under state law regarding the Black Stainless Steel Appliances within the meaning of § 2301(7).

120.    Defendant's warranties were the basis of the bargain of the contract between Plaintiff and Defendant for the sale of the Black Stainless Steel Appliances to Plaintiff.

121.    Defendant has been afforded a reasonable opportunity to cure its breach of warranties.

122.    The amount in controversy of Plaintiff's and the class members' individual claims meets or exceeds the sum of $25.

123.    The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

124.    Further, Defendant breached these implied warranties because the Black Stainless Steel Appliances do not perform as Defendant represented or they are not fit for their intended use, and Defendant did not and refused to repair the Black Stainless Steel Appliances's defects; provided the Black Stainless Steel Appliances in a non-merchantable condition, such that the "black stainless steel" finish would routinely peel, chip, flake, and prematurely degrade, rendering them unfit for the purposes for which they are purchased, namely: (1) cooking food (or cleaning dishes) without damaging the appliance's exterior, (2) maintaining the purity of the Black Stainless Steel Appliances' exteriors, including Samsung's signature aesthetics, and (3) cooking food (or cleaning dishes) without the risk that flakes or pieces of the "black stainless steel" finish will be dislodged from the appliance's exterior and expose users to the risk of food contamination; and failed to cure the defects and nonconformities once they were identified.

125.    Defendant violated the MMWA by failing to comply with the implied warranties it made to the class by, among other things: (a) selling Black Stainless Steel Appliances devices that were defective in workmanship, material, or design; and (b) refusing to repair or refund the Black Stainless Steel Appliances after it was revealed that they were unable to perform as warranted.

126.    Resorting to any informal dispute settlement procedure and/or affording Defendant another opportunity to cure these breaches of warranties is unnecessary and/or futile.

127.    Any remedies available through any informal dispute settlement procedure would be inadequate under the circumstances, as Defendant has failed to remedy the problems associated with the Black Stainless Steel Appliances, and, as such, has indicated it has no desire to participate in such a process at this time.

128.    Any requirement—whether under the MMWA or otherwise—that Plaintiff resort to an informal dispute resolution procedure and/or afford Defendant a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

129.    As a direct and proximate result of Defendant's breach of implied warranties, Plaintiff and the members of the class sustained damages and other losses in an amount to be determined at trial.

**COUNT IV**
**Unjust Enrichment**
**(On behalf of the National Class)**

130.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-83.

131.    Plaintiff brings this claim on behalf of himself and the National Class, or, in the alternative, on behalf of the Texas Class.

132.    Defendant was and is, at all relevant times, a manufacturer and seller of Samsung Black Stainless Steel Appliances.

133.    Plaintiff paid for his Black Stainless Steel Appliances for the purpose of cooking food in a high-end kitchen without the risk of peeling and premature degradation of its finish.

134.    In fact, Plaintiff paid a premium for the "black stainless steel" finish, in comparison to the other finishes available for Samsung appliances.

135.    Plaintiff did not receive Black Stainless Steel Appliances that can be operated

without the risk of peeling and premature degradation of its finish, including the potential exposure and contamination of food cooked therein.

136.    Rather, Defendant sold the defective Black Stainless Steel Appliances to Plaintiff and class members and benefited financially from the sale of such appliances.

137.    These unlawful acts caused Plaintiff and class members to suffer injury, lose money and otherwise be deprived of the benefit of fully functioning Black Stainless Steel Appliances.

138.    Defendant has received and retained unjust benefits from Plaintiff and the class members.

139.    It is inequitable and unconscionable for Defendant to retain these benefits.

140.    Defendant knowingly accepted the unjust benefits of its unjust and unfair conduct.

141.    As a result of Defendant's misconduct, the amount of its unjust enrichment should be disgorged and returned to Plaintiff and the class members, in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.  Adjudging and declaring that Defendant made fraudulent misrepresentations, violated the Magnuson-Moss Warranty Act, breached implied warranties to Plaintiff and the classes, and was unjustly enriched by the wrongful conduct alleged;

C.  Declaring that Defendant has engaged in the wrongful conduct alleged;

D.  Awarding Plaintiff and members of the classes actual, consequential, and/or compensatory damages, and pre-judgment and post-judgment interest;

E.  Awarding injunctive relief, including but not limited to restitution to Plaintiff and

members of the classes;

F.  Awarding Plaintiff and the members of the classes their reasonable fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure; and

G.  Awarding other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: April 21, 2021

*/s/ Aaron D. Radbil*
Aaron D. Radbil
Alexander D. Kruzyk (to seek admission)
Greenwald Davidson Radbil PLLC
400 Congress, Ave., Ste. 1540
Austin, TX 78701
(561) 826-5477
aradbil@gdrlawfirm.com
akruzyk@gdrlawfirm.com

*Counsel for Plaintiff and the proposed classes*