United States District Court
Southern District of Texas
**ENTERED**
September 13, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ADAM LEE, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | NO. 4:21-cv-1321 |
| | § | |
| SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendant.* | § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

Before the Court is Samsung Electronics America, Inc.'s ("Defendant" or "Samsung") motion to dismiss Plaintiffs' First Amended Class Action Complaint. Mot. Dismiss Am. Compl., ECF No. 23.[1] Plaintiffs filed this purported nationwide class action based on their purchases of Defendant's various black stainless steel kitchen appliances, asserting claims for misrepresentation, unconscionability, and unfair practices under various consumer protection laws, common law fraudulent concealment and unjust enrichment, and breach of implied warranty of merchantability. Pl.'s First Am. Compl., ECF No. 13 ("complaint").[2] Defendant

---

[1] The District Judge to whom this case is assigned referred this case for all pretrial proceedings in accordance with 28 USC § 636(b). Order, ECF No. 31.

[2] Plaintiffs assert the following causes of action: (1) fraudulent concealment; (2) breach of implied warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301; (3) unjust enrichment; (4) breach of implied warranty of merchantability under TEX. BUS. & COM. CODE ANN. § 2.314; (5) violation of the Texas Deceptive Trade Practices Act under TEX. BUS. & COM. CODE ANN. § 17.01; (6) breach of implied warranty of merchantability under NEV. REV. STAT.

asserts that Plaintiffs have failed to state a claim for relief under each of these claims. In response, Plaintiffs argue that their complaint is sufficient to put the Defendant on notice of their claims and the motion should be denied. Pls.' Resp., ECF No. 29. Based on a careful review of the complaint and indulging all inferences in favor of Plaintiffs, the Court concludes that the motion to dismiss has merit with regard to Plaintiffs' implied warranty claims but lacks merit with regard to the remaining claims. Therefore, the Court recommends that the motion should be granted in part and denied in part.[3]

## I.    BACKGROUND

Four plaintiffs, Adam Lee ("Lee"), Kimberly Einiger ("Einiger"), Howard Roscoe ("Roscoe"), and Anastasia Danilova ("Danilova") (collectively "Plaintiffs"), bring this action on behalf of themselves and all others similarly situated who purchased Samsung kitchen appliances with a "black stainless steel" finish. ECF No. 13 ¶¶ 1–4. The gravamen of Plaintiffs' complaint is that they purchased their appliances at higher prices based on Defendant's representation that they were

---

ANN. § 104.2314; (7) violations of the Nevada Deceptive Trade Practices Act under NEV. REV. STAT. ANN. § 598.0903; (8) breach of implied warranty of merchantability under S.C. CODE ANN. § 36-2-314; (9) violations of the South Carolina Unfair Trade Practices Act under S.C. CODE ANN. § 39-5-10; (10) breach of implied warranty of merchantability under MASS. GEN. LAWS ANN. ch. 106, § 2-314; and (11) violations of the Massachusetts Regulation of Business Practices for Consumer Protection under MASS. GEN. LAWS ANN. ch. 93A.  Lee originally filed this action, Pl's. Compl., ECF No. 1, and then amended to add Danilova, Einiger, and Roscoe. ECF No. 13.

[3] A motion to dismiss is a dispositive motion appropriate for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

premium products made of black stainless steel. *Id.* ¶¶ 4, 24, 25.  In fact, Plaintiffs claim, the appliances are not black stainless steel, but stainless steel coated with a thin plastic finish. *Id.* Furthermore, Plaintiffs allege that Samsung's black stainless steel finish is defective because it peeled, chipped, flaked, discolored, and prematurely degraded. *Id*. ¶¶ 4, 6. In contrast, Samsung's appliances with either stainless steel, white, or black finishes do not encounter the same consumer complaints regarding peeling, chipping, etc. *Id*. ¶5. Besides the "aesthetic ramifications," the appliances shed small pieces of the plastic coating, which Plaintiffs contend creates a potential health danger. *Id*. ¶ 8.

In its motion, Defendant makes four main arguments: (1) Plaintiffs' consumer fraud and fraudulent concealment claim fail because they do not allege any misrepresentation or actionable omission; (2) Plaintiffs' breach of implied warranty and MMWA claims must be dismissed because they fail to allege that the appliances are not fit for their ordinary purpose; (3) Plaintiffs' claim for unjust enrichment also fail for the same reason as the consumer fraud claims; and (4) Lee's and Danilova's claims are time-barred.

## II.    THE LEGAL STANDARD FOR A MOTION TO DISMISS.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*,

565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Int'l v. Napoli*, 748 F. Supp. 2d 656, 664-65 (S.D. Tex. 2010). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The complaint must include more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). A complaint must "contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the pleaded factual contents allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen, Miss.,* 681 F.3d 215, 219 (5th Cir. 2012). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

The ultimate question "is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 590 (S.D. Tex. 2012). "[I]n considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in

favor of the plaintiff and all well-pleaded facts taken as true." *Duke Energy Int'l*, 748 F. Supp. at 665. "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." *Farshchi v. Wells Fargo Bank, N.A.*, No. H-15-1692, 2016 WL 2858903, at *2 (S.D. Tex. May 13, 2016) (citing *Flynn v. State Farm Fire and Cas. Ins. Co.*, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009)).

## III. PLAINTIFFS ADEQUATELY STATE CLAIMS FOR CONSUMER FRAUD, FRAUDULENT CONCEALMENT, AND UNJUST ENRICHMENT BUT NOT IMPLIED WARRANTY.

Defendant contends that Plaintiffs' consumer fraud, fraudulent concealment, breach of implied warranty, MMWA, and unjust enrichment claims must be dismissed as Plaintiffs have failed to state claims for relief under those theories. ECF No. 23 at 17–35. Plaintiffs respond that they have adequately alleged their claims and that Defendant's motion to dismiss should be denied. ECF No. 29 at 12–31. The Court will analyze the pleadings for each claim.

### A. Plaintiffs Adequately State Claims Under the Various State Consumer Protection Laws.

Defendant argues that Plaintiffs' consumer protection claims under Texas, Nevada, Massachusetts, and South Carolina law remain facially deficient because they fail to plausibly plead an affirmative misrepresentation, omission,[4]

---

[4] Although Defendant asserts Plaintiffs fail to plead an omission under their state consumer protection claims, Defendant mainly focuses its motion on Plaintiffs' failure to plead misrepresentation. *See* ECF No. 23 at 17–26. Also, Defendant fails to analyze Plaintiffs' pleadings

unconscionable act, or unfair act. ECF No. 23 at 18–26. Plaintiffs contend they sufficiently allege that Defendant acted in a false, misleading, or deceptive manner. ECF No. 29 at 18–19. Plaintiffs also contend that Plaintiffs Lee, Roscoe, and Danilova sufficiently allege that Defendant acted unfairly or unconscionably. *Id*. at 19–21.

The Court finds that Plaintiffs have adequately alleged a misrepresentation that the products were made of black stainless steel when they were in fact made of stainless steel coated in plastic. Under each state's laws, these allegations are sufficient to state consumer fraud claims based on misrepresentation or deceptive act. Each Plaintiff's allegations under the state law asserted will be discussed in turn.

### 1. Plaintiffs sufficiently allege a claim under the Texas Deceptive Trade Practices Act.

Lee purchased his appliances in Texas and asserts a claim under the Texas Deceptive Trade Practices Act ("TDTPA"), TEX. BUS. & COM. CODE ANN. § 17.46, *et seq.* To state a claim under the TDTPA for a deceptive or unconscionable act, a plaintiff must allege (1) he is a consumer, (2) the defendant committed a false, misleading, or deceptive act under § 17.46(b) of the DTPA or engaged in an

---

with regard to the elements of the corresponding state consumer protection laws for each Plaintiff and places its consumer protection laws and state fraudulent concealment laws arguments in the same section. *See* ECF No. 23 at 17. To manage this deficient briefing issue, the Court focuses its discussion on the sufficiency of the pleadings for consumer protection laws on Defendant's failure-to-allege-misrepresentation arguments and for fraudulent concealment on Defendant's failure-to-allege-omissions arguments.

unconscionable action or course of action under § 17.50(a)(3), and (3) these acts caused the plaintiff's actual damages. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 907 (5th Cir. 2002).

Under the TDTPA, false, misleading, and deceptive acts include a manufacturer acting in one of the following ways: (1) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (2) advertising goods or services with intent not to sell them as advertised; and (3) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. TEX. BUS. & COM. CODE ANN. §§ 17.46 (7), (9), (24). A plaintiff asserting a claim for a false, misleading, or deceptive act, must plead sufficient facts to support the reasonable inference that he relied to his detriment on the deceptive act. *See Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 823 (Tex. 2012).

### a.   *Plaintiffs adequately pled a false, misleading, or deceptive act.*

Plaintiffs allege that Defendant violated the TDTPA. ECF No. 13 ¶ 196.[5]

---

[5] Plaintiffs allege Defendant "violated the provisions of the Texas DTPA by, at a minimum: (1) representing that the Black Stainless Steel Appliances have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the Black Stainless Steel Appliances are of a particular standard, quality, and grade when they are not; (3) advertising the Black Stainless Steel Appliances with the intent not to sell them as advertised; (4) failing to disclose information concerning the Black Stainless Steel Appliances with the intent to induce consumers to purchase

7

Plaintiffs allege that Lee is a consumer. *Id.* ¶ 185. As a basis for their TDTPA claim, Plaintiffs assert Samsung misrepresented that its black stainless steel is a premium, luxury metal finish, concealing that it is nothing more than a thin plastic coating. *Id.* ¶¶ 190, 193. Plaintiffs further allege that the coating was defective and prone to peeling, chipping, flaking, discoloration, and premature degradation. *Id.* ¶ 195. Plaintiffs allege that the black stainless steel finish was material to Lee's decision to buy the appliances and he paid a premium for that finish. *Id.* ¶ 199. They allege that Lee suffered actual damages, consisting of the purchase price of the appliances. *Id.* ¶ 201. Plaintiffs further allege that had Lee known the truth, he would not have purchased the appliances. *Id.* ¶ 202. These facts are sufficient to support the inference that Lee relied to his detriment on these deceptive acts. *Cruz*, 364 S.W.3d at 823.

As to the "black stainless steel" representation, Defendant argues that the "label is factually accurate and consistent with sources cited in the complaint: the appliances are black in color, and they are made of stainless steel." ECF No. 23 at 19. Defendant highlights that Plaintiffs do not assert that Samsung ever suggested that the appliances did not have a coating or finish and the websites Plaintiffs cite in the complaint state that black stainless steel is a color option. *See id*. Plaintiffs contend that "Defendant's statement that the Appliances are 'black stainless steel' when they

---

the Black Stainless Steel Appliances." *Id.*

instead have a dark-tinted plastic coating that is prone to degrading, is an actionable misrepresentation, in and of itself." ECF No. 29 at 16.

Here, construing the complaint in the light most favorable to Plaintiffs, the facts as pled support the plausible inference that the term black stainless steel could be deceiving to consumers. When purchasing a product labeled as black stainless steel, consumers could reasonably believe they were purchasing appliances that were made of black stainless steel rather than stainless steel with a black coating on it. This is a reasonable inference given that Samsung sells appliances with a black color option separate from the black stainless steel. Further, one of Samsung's competitors, Bosch, manufactures appliances with stainless steel that is black in color, not stainless steel coated with black plastic, showing that such a product exists. ECF No. 13 ⁋ 75 & fn. 26. Moreover, stainless steel would not peel, chip, or bubble as the plastic coating allegedly does, which tends to show that the misrepresentation of black stainless steel as opposed to stainless steel coated in black plastic is material. *Id.* ¶ 199. Plaintiffs also pled that Lee paid more for this finish, *id.* ¶¶ 40, 191, and that he suffered damages of a partial or full retail price of the appliances, *id.* ¶ 201.

Thus, these allegations are sufficient to establish a violation based on a false, misleading, or deceptive act under the TDTPA.

> **b.** ***Defendant's motion to dismiss fails to address Plaintiffs' claim based on unconscionable action.***

For the first time in its reply, Defendant argues that the TDTPA count does

not plead a claim for an "unconscionable action or course of action." ECF No. 34 at 10.[6] Defendant also argues that "while [the TDTPA count] has a boilerplate reference to 'unconscionable action," it alleges no relevant factual content." *Id*.

The Court agrees that Plaintiffs failed to allege facts showing that Defendant took advantage of a lack of Lee's knowledge, ability, experience, or capacity or that Defendant took advantage of Lee to a grossly unfair degree. Although the complaint is devoid of any facts that correlate with the requirements for unconscionable acts under Texas law, Defendant failed to raise this issue in its motion to dismiss. Under Fifth Circuit law, a party cannot raise in its reply a new argument that should have been asserted in the motion. *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016).

Therefore, Plaintiffs' claim that Defendant committed unconscionable acts in violation of the TDTPA must stand.

### 2. Plaintiffs sufficiently allege a claim under the Nevada Deceptive Trade Practices Act.

Einiger purchased her appliances in Nevada and asserts a claim under the Nevada Deceptive Trade Practices Act ("NDTPA"), NEV. REV. STAT. ANN. § 598.0903, *et seq*. ECF No. 13 ¶¶ 224, 231.[7] To state a claim under the NDTPA, a

---

[6] An "unconscionable action or course of action" is "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. BUS. & COM. CODE ANN. § 17.45; *McPeters v. LexisNexis*, 910 F. Supp. 2d 981, 988 (S.D. Tex. 2012), *on reconsideration*, 11 F. Supp. 3d 789 (S.D. Tex. 2014).

[7] The complaint alleges that Defendant violated § 598.0903(5) by "representing that the Black Stainless Steel Appliances have characteristics, uses, benefits, and qualities which they do not

10

plaintiff must at a minimum allege (1) the defendant committed an act of consumer fraud, (2) causation, and (3) actual damages. *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009) (determining the minimum the Nevada Supreme Court would require a victim of consumer fraud to show under the NDTPA).

Under the NDTPA, consumer fraud includes a manufacturer acting in one of the following ways: (1) knowingly making a false representation as to the characteristics of goods; (2) representing that goods are of a particular standard or quality, if the manufacturer knows or should know that they are of another standard or quality; (3) advertising goods with intent not to sell as advertised; or (4) knowingly making any other false representation in a transaction. NEV. REV. STAT. ANN. §§ 598.0915(5), (7), (9), (15). To meet the causation requirement, a plaintiff "must allege that [he] relied on the misrepresentation which caused the harm." *See Motogolf.com, LLC v. Top Shelf Golf, LLC*, 528 F. Supp. 3d 1168, 1178 (D. Nev. 2021), *reconsideration denied*, No. CV-0674, 2022 WL 834790 (D. Nev. Mar. 21, 2022).

---

have[.]" ECF No. 13 at ¶231. Plaintiffs also allege that Defendant violated Section 598.0903(7) by "representing that the Black Stainless Steel Appliances are of a particular standard, quality, and grade when they are not[.]" *Id*. Plaintiffs further allege that Defendant violated Section 598.0903(9) by "advertising the Black Stainless Steel Appliances with the intent not to sell them as advertised[.]" *Id*. Finally, Plaintiffs allege that Defendant violation Section 598.0903(15) by "failing to disclose information concerning the Black Stainless Steel Appliances with the intent to induce consumers to purchase the Black Stainless Steel Appliances." *Id*.

### a.   *Plaintiffs adequately pled false representations.*

The complaint lists three examples of representations Samsung allegedly made regarding the appliances: (1) that the appliances had a "black stainless steel finish," (2) that is "a premium design," and (3) that this is a "premium-looking finish that is simultaneously practical." *See* ECF No. 13 ¶¶ 51, 226.

Defendant argues that representations such as "premium design" and "practical" are non-specific and non-measurable thus non-actionable puffery. ECF No. 23 at 20, 34. Puffery is defined as "statements that are 'generalized, vague and unspecific'" such that "a reasonable consumer could not rely." *Walters v. Pella Corp.*, No. 2:14-CV-00544-DCN, 2015 WL 2381335, at *5 (D.S.C. May 19, 2015) (quoting *Glen Holly Entm't, Inc. v. Tektronix Inc*., 343 F.3d 1000, 1015 (9th Cir. 2003)); *accord Click v. Gen. Motors LLC*, No. 2:18-CV-455, 2020 WL 3118577, at *4 (S.D. Tex. Mar. 27, 2020) ("Puffery is exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely.") (citations omitted). "Misrepresentations are not merely puffery or opinion if they are of a material fact." *Click*, 2020 WL 3118577, at *4. Plaintiffs did not address the "puffery" argument in their response. *See* ECF No. 29 at 12–32. "Premium design" and "practical" are vague and non-specific statements on which a reasonable buyer would not rely. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (finding a representation that insurance claims would be handled "professionally" was non-

12

actionable puffery). *But see Click*, 2020 WL 3118577, at *5 (allegations showing that GM knew fuel pump malfunctions could occur as early as the vehicle's first mile were sufficient to find statements regarding superiority, durability, and reliability to be factual representations and not puffery). Therefore, the Court agrees these terms are puffery and are not actionable as false representations.

As to the "black stainless steel" representation, construing the complaint in the light most favorable to Plaintiffs, the facts as pled support the plausible inference that the term black stainless steel could be deceiving to consumers. As fully discussed under the TDTPA section, when purchasing a product labeled as black stainless steel, consumers could reasonably believe they were purchasing appliances that were made of black stainless steel rather than stainless steel with a black coating on it. Moreover, Samsung's failure to disclose that the appliances were coated in plastic as opposed to black stainless steel is material. *Id.* ¶ 228. Plaintiffs also pled that Einiger paid more for this finish, *id.* ¶¶ 226, 234, and that she suffered damages of a partial or full retail price of the appliances, *id.* ¶ 236.

### b.    *Plaintiffs adequately pled knowledge.*

Under §§ 598.0903(5), (7), and (15) a defendant must have had knowledge of the misrepresented fact at the time of sale. In this case, Samsung must have known that the black stainless steel was coated in plastic as opposed to manufactured to be black on June 26, 2020, the date Einiger purchased her appliances. *See* ECF No. 13

¶ 49. Defendant argues that, assuming a defect, Plaintiffs fail to allege facts establishing Defendant knew of the defect pre-sale. ECF No. 23 at 24. Plaintiffs contend that "the[] allegations, and the reasonable inferences that must be drawn from them, more than suffice to adequately state Defendant's knowledge of the defect." ECF No. 29 at 13. Plaintiffs rely in part on consumer complaints posted on the internet as proof Samsung had pre-sale knowledge of the defects.[8]

Defendant correctly asserts that, although consumer complaints may establish that customers made complaints about a product, the complaints alone do not establish a manufacturer's pre-sale knowledge. *See Click*, 2020 WL 3118577, at *7 (stating "[g]enerally, consumer complaints by themselves do not establish a manufacturer's knowledge."); *Bianchi v. Haier U.S. Appliance Sols., Inc.*, No. 20-ADCV-22NO, 2020 WL 6547132, at *3 (Mass. Dist. Ct. Sept. 30, 2020) (determining that "seven consumer complaints about the same model oven out of over 66,000 it manufactured, without any other information about the circumstances of those complaint" was insufficient to establish a defect.); *Berenblat v. Apple, Inc.*, Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010) (explaining that "complaints posted on Apple's consumer website

---

[8] The complaint alleges that Defendant had pre-sale knowledge of the defective finishes based on the following: First, Plaintiffs allege that "only Defendant had exclusive access to the aggregate data from its retailers, its own tests, and complaints from its customers." ECF No. 13 at ¶77. Second, the complaint lists instructions Defendant provided in response to consumer complaints. ECF No. 13 at ¶¶ 71-72. Third, Plaintiffs list undated internet posts with complaints regarding the finish defect on Defendant's appliances. *Id*. at ¶ 42.

merely establish the fact that some consumers were complaining. By themselves they are insufficient to show that Apple had knowledge that the memory slot in fact was defective and sought to conceal that knowledge from consumers."). Furthermore, undated, anonymous comments on the internet do not bolster a plaintiff's allegations of knowledge when the postings or complaints fail to include any dates because they shed no light on when the manufacturer knew of the alleged defects or whether the manufacturer ever read these comments. *Majdipour v. Jaguar Land Rover N. Am., LLC*, No. 2:12-CV-07849, 2013 WL 5574626, at *17 (D.N.J. Oct. 9, 2013). However, this is not fatal to a plaintiff's claim if the remaining allegations, taken together, adequately plead the manufacturer's exclusive knowledge. *Id.*

Although the complaints may not be adequate to establish Samsung's pre-sale knowledge that the black coating was defective, it is not fatal because the remaining and more compelling allegation is not the coating's defect but the fact that the products had a coating at all. Thus, there was no defect that needed to be discovered. Contrary to Defendant's assertion, there is no question that it had pre-sale knowledge. Defendant determined how the appliances would be colored prior to their manufacture. Defendant knew that its appliances were made of stainless that was coated with a black finish and were not made of stainless steel what was manufactured to be black in color. Samsung also knew that it advertised the products

15

as black stainless steel without disclosing that the appliance was in fact made of black coated stainless steel. There is a difference between stainless steel that is manufactured to be black in color and stainless steel that is coated or painted black. When taken together, Plaintiffs' allegations support the reasonable inference that Defendant knew pre-sale that the appliances were colored with a thin black coating and not made of black stainless steel.

### c.    *Plaintiffs adequately pled reliance.*

In addition, Plaintiffs allege facts sufficient to support a reasonable inference of reliance. Plaintiffs assert that "Einiger relied on the[] representations of quality and premium design in deciding to purchase the Black Stainless Steel Appliances, and in doing so, paid a significant premium for the 'black stainless steel' finish." ECF No. 13 ¶ 226. The reasonable inference is that Einiger relied on Samsung's descriptions that the appliances were black stainless steel. The fact that she paid more for the black stainless steel appliance than she would have paid for a plain stainless steel appliance, or a black appliance further supports her reliance on the description.

Therefore, Plaintiffs have pled sufficient facts to plausibly support a claim under the NDTPA.

### 3.   **Plaintiffs sufficiently allege a claim under the Massachusetts Regulation of Business Practices for Consumer Protection.**

Danilova purchased her appliances in Massachusetts and asserts a claim under

16

the Massachusetts Regulation of Business Practices for Consumer Protection ("MRBPCP"), MASS. GEN. LAWS ANN. ch. 93A, *et seq*. To state a claim under the MRBPCP, a plaintiff must at a minimum allege (1) that defendant committed an unfair or deceptive act or practice, (2) that occurred in the conduct of any trade or commerce, (3) causation, and (4) actual injury. *Rafferty v. Merck & Co.*, 479 Mass. 141, 161, 92 N.E.3d 1205, 1222 (Mass. 2018). An act or practice is deceptive when "it could reasonably be found to have caused a person to act differently from the way he otherwise would have acted." *Searle v. Nationstar Mortg., LLC*, No. 1:21-CV-11962-IT, 2022 WL 3045807, at *7 (D. Mass. Aug. 2, 2022) (quoting *Lowell Gas Co. v. Att'y Gen.*, 377 Mass. 37, 51, 385 N.E.2d 240 (Mass. 1979)) (quotations omitted). This occurs when (1) there is a representation, practice, or omission likely to mislead consumers, (2) the consumers interpret the message reasonably under the circumstances, and (3) the misleading effects are likely to affect consumers' conduct or decision with regard to a product. *Id.* at *7 (citing *Tomasella v. Nestlé USA, Inc*., 962 F.3d 60, 72 (1st Cir. 2020)).

### a.   *Plaintiffs adequately pled a deceptive act.*

Plaintiffs allege that Defendant committed deceptive practices in violation of the MRBPCP. ECF No. 13 ¶¶ 299, 304.[9] Again, Plaintiffs assert that Defendant

---

[9] Similar to their claims under the TDTPA and NDTPA, Plaintiffs allege that "Defendant violated the provisions of the Massachusetts DTPA by, at a minimum: (1) representing that the Black Stainless Steel Appliances have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the Black Stainless Steel Appliances are of a particular standard, quality,

misrepresented that the appliance was black stainless steel and failed to disclose that it was stainless steel coated in black plastic as a basis for their MRBPCP claim. *Id.* ¶¶ 293, 296. Plaintiffs further allege that this misleading representation was material to and affected Danilova's decision to buy the Samsung appliances because, had she known that the appliance was coated in plastic that peeled, chipped, and degraded, she would not have bought it. *Id.* ¶¶ 302, 305.

Thus, Plaintiffs adequately allege a misleading representation to establish Defendant's violation based on a deceptive act or practice under the MRBPCP.

### b.  *Defendant's motion to dismiss fails to address Plaintiffs' claim based on an unfair act.*

For the first time in its reply, Defendant argues that the MRBPCP count "do[es] not use the word 'unfair' except in boilerplate reference to the statute." ECF No. 34 at 10. Plaintiffs raised the unfair prong of the MRBPCP in their response, contending that they sufficiently allege that Defendant acted unfairly. ECF No. 29 at 19. In support, Plaintiffs cite to the complaint, alleging "[t]he [MRBPCP] prohibits 'unfair or deceptive acts or practices in the conduct of any trade or commerce.'" *Id*. (citing ECF No. 13 ¶292).

Although the complaint is devoid of any facts that correlate with the

---

and grade when they are not; (3) advertising the Black Stainless Steel Appliances with the intent not to sell them as advertised; (4) failing to disclose information concerning the Black Stainless Steel Appliances with the intent to induce consumers to purchase the Black Stainless Steel Appliances." *Id.*

requirements for an unfair act under Massachusetts law, [10] Defendant failed to raise this issue in its motion to dismiss. As previously stated, a party cannot raise in its reply a new argument that should have been asserted in the motion. *Hollis,* 827 F.3d at 451. Therefore, Plaintiffs' claim that Defendant committed an unfair act in violation of the MRBPCP must stand.

### 4. Plaintiffs sufficiently allege a claim under the South Carolina Unfair Trade Practices Act.

Roscoe purchased his appliances in South Carolina and asserts a claim under the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. CODE ANN. § 39-5-10, *et seq*. To state a claim under the SCUTPA, a plaintiff must at a minimum allege (1) defendant committed an unfair or deceptive act in the conduct of trade or commerce, (2) that affected the public interest, and (3) the plaintiff suffered an injury as a result. *World Cam, LLC v. Omnibond Sys., LLC*, No. 8:19-CV-02066, 2021 WL 4132100, at *6 (D.S.C. Sept. 9, 2021) (quoting *RFT Mgmt. Co., LLC v. Tinsley & Adams, LLP*, 732 S.E.2d 166, 174 (S.C. 2012)). A deceptive practice is one that "has a tendency to deceive." *World Cam, LLC*, 2021 WL 4132100, at *6. "There is no bright-line test detailing exactly what a plaintiff must show to satisfy the adverse

---

[10] For "an unfair act" courts consider "(1) whether the practice ... is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc*., 412 F.3d 215, 243 (1st Cir. 2005) (quoting *PMP Assocs., Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 321 N.E.2d 915, 917 (Mass. 1975)) (quotations omitted).

public impact prong of a SCUTPA claim." *PTA-FLA, Inc. v. ZTE Corp.*, 715 F. App'x 237, 243 (4th Cir. 2017) (citing *Daisy Outdoor Advert. Co. v. Abbott*, 322 S.C. 489, 473 S.E.2d 47, 51 (S.C. 1996)).

### a.  *Plaintiffs adequately pled a deceptive act.*

Plaintiffs allege that Defendant violated the SCUTPA. ECF No. 13 ¶ 265.[11] Again, Plaintiffs assert the same misrepresentations that the black stainless steel is not a premium, durable, luxury metal finish but instead is a thin plastic coating which Defendant concealed as a basis for their SCUTPA claim. *Id.* ¶¶ 259, 262. As fully discussed above, the representation that the appliances were black stainless steel could be deceiving to consumers who paid more for these appliances reasonably believing that they were stainless steel that had been manufactured to be black in color as opposed to stainless steel coated in black plastic. These allegations are sufficient to establish a violation based on a deceptive act or practice under the SCUTPA.

### b.  *Defendant's motion to dismiss fails to address Plaintiffs' claim based on an unfair act.*

In its reply brief, Defendant raises for the first time that the SCUPTA count

---

[11] Plaintiffs allege that Defendant "violated the provisions of the UTPA by, at a minimum: (1) representing that the Black Stainless Steel Appliances have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the Black Stainless Steel Appliances are of a particular standard, quality, and grade when they are not; (3) advertising the Black Stainless Steel Appliances with the intent not to sell them as advertised; (4) failing to disclose information concerning the Black Stainless Steel Appliances with the intent to induce consumers to purchase the Black Stainless Steel Appliances." *Id.*

"do[es] not use the word 'unfair' except in boilerplate reference to the statute." ECF No. 34 at 10. Plaintiffs raised the unfair prong of the SCUPTA in their response, contending that they sufficiently allege that Defendant acted unfairly. ECF No. 29 at 19. In support, Plaintiffs cite to the complaint, "[t]he [SCUTPA] prohibits 'unfair or deceptive acts or practices in the conduct of any trade or commerce.'" *Id*. (citing ECF No. 13 ¶258).[12]

Although the complaint is devoid of any facts that correlate with the requirements for an unfair act under South Carolina law, Defendant failed to raise this issue in its motion to dismiss. Because a party cannot raise in its reply a new argument that should have been asserted in the motion, Plaintiffs' claim that Defendant committed an unfair act in violation of the SCUPTA must stand. *Hollis*, 827 F.3d at 451.

### 5.  Heightened pleading requirement for fraud allegations.

Defendant argues that Plaintiffs alleged violations of state consumer protection laws grounded in fraud are required to meet the heightened pleading requirement under Rule 9(b). ECF No. 23 at 17–18. Plaintiffs contend they met it.

---

[12]   An unfair act is one that "is offensive to public policy or when it is immoral, unethical, or oppressive[.]" *World Cam, LLC*, 2021 WL 4132100, at *6 (original quotations omitted). To show offensiveness to public policy, a plaintiff must plead specific facts showing members of the public were or were likely to be adversely affected by the unfair conduct. *See Jefferies v. Phillips*, 316 S.C. 523, 527, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994). "One way a plaintiff can allege adverse public impact is by pleading facts demonstrating the potential for repetition of the defendant's actions." *PTA-FLA, Inc.*, 715 F. App'x at 243.

ECF No. 29 at 11–12.

Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Simply put, Rule 9(b) requires the plaintiffs to specify the "who, what, when, where, and how" of the fraud. *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002) (original quotations omitted).

Here, Plaintiffs assert conduct grounded in fraud, alleging that Defendant misrepresented the appliances' qualities, intended not to sell the appliances as advertised, and failed to disclose the finish defect. ECF No. 13 ¶¶ 196, 231, 265, 299. Federal courts have previously applied this heightened pleading requirement to claims like those at issue here. *See, e.g., Sharifan v. NeoGenis Labs, Inc.*, No. 4:21-CV-01940, 2022 WL 3043409, at *5 (S.D. Tex. Aug. 2, 2022) (applying Rule 9(b) to Texas DPTA claims); *Kirby v. Red Bull N. Am., Inc.*, No. 3:19-CV-2701, 2020 WL 509139, at *2 (D.S.C. Jan. 31, 2020) (applying Rule 9(b) to South Carolina UPTA claims); *Switch, Ltd. v. Uptime Inst., LLC,* 426 F. Supp. 3d 636, 643 (D. Nev. 2019) (citing *Horner v. Mortgage Elec. Registration Sys.*, 711 Fed. App'x. 817, 818 (9th Cir. 2017)) (applying Rule 9(b) to Nevada DPTA claims); *O'Hara v. Diageo-*

*Guinness, USA, Inc.*, 306 F. Supp. 3d 441, 461 (D. Mass. 2018), *on reconsideration*, 370 F. Supp. 3d 204 (D. Mass. 2019) (quoting *Mulder v. Kohl's Dep't Stores, Inc*., 865 F.3d 17, 22 (1st Cir. 2017)) (applying Rule 9(b) to Massachusetts RBPCP claims). Accordingly, the Court agrees that Plaintiffs were required to plead their consumer fraud claims with the Rule 9(b) required specificity.

Plaintiffs' pleadings satisfy Rule 9(b). Plaintiffs allege that "Defendant heavily promotes its Black Stainless Steel Appliances as a premium kitchen product with a superior aesthetic." ECF No. 13 ¶ 2. "Defendant features the 'black stainless steel' finish on approximately 91 of its appliances." *Id*. ¶ 3. Plaintiffs decided to pay more for the black stainless steel appliances compared to identical ones without the finish. *Id*. ¶¶ 40, 52, 61, 68. Plaintiffs also allege that they relied on Defendant's representations and "paid a significant premium for the 'black stainless steel' finish." *Id*. ¶¶ 191, 226, 260, 294. These facts specify the *who* is Defendant, the *what* is Defendant's appliances that they sell with a "black stainless steel" finish, the *when* is their purchase dates, the *where* is in the name of the color Defendant assigned to the appliances and the way Defendant described the appliances, and the *why* is because the Plaintiffs thought they were getting black stainless steel appliances rather than stainless steel with a thin black coat. *Click*, 2020 WL 3118577, at *5-6 (denying motion to dismiss on heightened pleading finding allegations that GM was the source of the advertisements and plaintiffs' reliance on those statements before

their purchase were sufficient to support an inference that GM's representations contradicted what it knew, plaintiffs' alleged reliance, and that they would not have purchased if they had known of the defect, meeting the heightened particularity requirements); *Majdipour*, 2013 WL 5574626, at *15 (finding allegations satisfied who – Land Rover, what and how – failing to disclose and concealing the defect of the suspension system issues, when and where the alleged purchase dates from the Land Rover dealer).

Thus, Defendant's motion to dismiss Plaintiffs' consumer fraud claims should be denied.

### B. Plaintiffs State a Claim for Fraudulent Concealment.

Defendant moves to dismiss Plaintiffs' fraudulent concealment claims, arguing that: (1) Plaintiffs fraudulent concealment claims fail to satisfy the particularity requirements of Rule 9(b); (2) Plaintiffs do not plausibly allege a defect; (3) Plaintiffs fail to allege a special circumstance supporting a duty to disclose; (4) Plaintiffs fail to allege pre-sale knowledge; (5) Plaintiffs fail to allege concealment; and (6) Plaintiffs fail to allege reliance. ECF No. 23 at 20–27. Plaintiffs contend that they adequately allege their fraudulent concealment claims. ECF No. 29 at 12–17. Defendant's motion fails to address the sufficiency of the pleadings under Texas, Nevada, Massachusetts, and South Carolina fraudulent concealment laws, instead addressing general fraudulent concealment elements. First, the Court

will review the elements of fraudulent concealment under each state's law. Then, the Court will analyze Defendant's arguments as to the elements it argues Plaintiffs failed to adequately allege.

### 1. The elements of fraudulent concealment under Texas, Nevada, Massachusetts, and South Carolina law.

Plaintiffs, who are from four different states, must plead common law fraudulent concealment claims with sufficient plausibility under the applicable state's law.

### a.    *Texas' fraudulent concealment law.*

Under Texas law, to state an affirmative cause of action for fraudulent concealment, Plaintiffs must allege sufficient facts to plausibly show the following: (1) the defendant concealed or failed to disclose a material fact within its knowledge; (2) the defendant knew of the plaintiffs' ignorance of the fact and lack of an equal opportunity to discover the truth; (2) the defendant intended to induce the plaintiffs to take some action by concealing or failing to disclose the fact; and (4) the plaintiffs suffered injury as a result of acting without knowledge of the undisclosed fact. *See Alcan Aluminum Corp. v. BASF Corp.*, 133 F. Supp. 2d 482, 498 (N.D. Tex. 2001) (quoting *Bradford v. Vento*, 997 S.W.2d 713, 724 (Tex. App.—Corpus Christi 1999, pet. granted)). A plaintiff must allege facts to support the reasonable inference that the defendant had a duty to disclose. *See id.* "[A] plaintiff must also plead facts that she failed, despite due diligence, 'to discover the facts giving rise to her cause of

action.'" *Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838, 847 (S.D. Tex. 2018) (quoting *Vernon v. City of Dallas*, No. 3:08-CV-1068, 2009 WL 2486033, at *5 (N.D. Tex. Aug. 13, 2009)). "Numerous courts have required an additional element: that plaintiff reasonably relied on the deception." *Id.* at 847 (citing *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 234–35 (S.D.N.Y. 2015)).

### b.   Nevada's fraudulent concealment law.

Under Nevada law, to state a claim for fraudulent concealment, a plaintiff must allege sufficient facts to plausibly show the following:

> (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant, intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; that is, the defendant, concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than she would have if she had known the fact; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; (5) and, as a result of the concealment or suppression of the fact, the plaintiff sustained damages.

*Leigh-Pink v. Rio Properties, LLC*, 512 P.3d 322, 325–26 (Nev. 2022) (quoting *Dow Chem. Co. v. Mahlum*, 114 Nev. 1468, 1485, 970 P.2d 98, 110 (Nev. 1998), *overruled, in part on other grounds by GES, Inc. v. Corbitt*, 117 Nev. 265, 21 P.3d 11 (Nev. 2001)).

### c.   Massachusetts' fraudulent concealment law.

Under Massachusetts law, to state a claim for fraudulent concealment, a plaintiff must allege sufficient facts to plausibly show the following: (1) either that

the defendant concealed material information, *Squeri v. Mount Ida Coll.*, 954 F.3d

56, 70 (1st Cir. 2020) (quoting *Sahin v. Sahin*, 435 Mass. 396, 758 N.E.2d 132, 138

n.9 (Mass. 2001)), or the defendant provided only fragmentary information or half-

truths, *Squeri*, 954 F.3d at 70 (quoting *Kannavos v. Annino*, 356 Mass. 42, 247

N.E.2d 708, 711-12 (Mass. 1969)); (2) that the defendant took affirmative steps to

conceal defects or to prevent the plaintiff from acquiring knowledge of the defects,

*Roadmaster Indus., Inc. v. Columbia Mfg. Co.*, 893 F. Supp. 1162, 1179 (D. Mass.

1995) (citing *Henshaw v. Cabeceiras*, 14 Mass. App. Ct. 225, 227, 437 N.E.2d 1072,

1074 (Mass. App. Ct. 1982), *appeal denied*, 387 Mass. 1103, 440 N.E.2d 1177

(Mass. 1982)); and (3) that the defendant owed the plaintiff a fiduciary duty or other

similar relation of trust and confidence that required disclosure, *Roadmaster Indus.,*

*Inc*, 893 F. Supp. at 1179 (citing *Bruno v. Bruno*, 10 Mass. App. Ct. 918, 918, 411

N.E.2d 1324, 1326 (Mass. App. Ct. 1980), *aff'd*, 384 Mass. 31, 422 N.E.2d 1369

(Mass. 1981)).

> ### d.     *South Carolina's fraudulent concealment law.*

Under South Carolina law, to state a claim for fraudulent concealment,

a plaintiff must allege sufficient facts to plausibly show the following nine elements

of fraud: 1) defendant's representation or nondisclosure of a material fact, 2) its

falsity, 3) its materiality, 4) either defendant's knowledge of its falsity or a reckless

disregard of its truth or falsity, 5) defendant's intent that the representation be acted

upon, 6) the hearer's ignorance of its falsity, 7) the hearer's reliance on its truth, 8) the hearer's right to rely thereon, and 9) the hearer's consequent and proximate injury. *See In re Atlas Roofing Corp. Chalet Shingle Prod. Liab. Litig.*, 22 F. Supp. 3d 1322, 1328 (N.D. Ga. 2014) (quoting *Kiriakides v. Atlas Food Sys. & Servs., Inc.*, 338 S.C. 572, 586, 527 S.E.2d 371 (S.C. Ct. App. 2000)) (quotations omitted). Additionally, a plaintiff must allege sufficient facts to support the reasonable inference that the defendant had a duty to make the facts known to plaintiff. *See id.* at 1328 (quoting *Pitts v. Jackson Nat. Life Ins. Co.*, 352 S.C. 319, 335, 574 S.E.2d 502 (S. C. Ct. App. 2002)).

## 2. Plaintiffs sufficiently allege a claim under the heightened pleading standard.

Defendant argues that Rule 9(b)'s heightened pleading standard applies in the fraud-by-omission context. ECF No. 23 at 18. Plaintiffs agree but assert the same level of specificity is not required as with a fraudulent misrepresentation claim. ECF No. 29 at fn. 3.

In claims involving omission of facts, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hospital*, 355 F.3d 370, 381 (5th Cir.2004)).

28

Plaintiffs' fraudulent concealment claims satisfy Rule 9(b). Plaintiffs allege that "Defendant sells the Black Stainless Steel Appliances with a 'black stainless steel' finish that it advertises as premium, durable, luxury finish, while concealing and omitting that the finish is a thin plastic coating—rather than a sturdy metal finish—and that the finish is prone to peel, chip, flake, discolor, and prematurely degrade through the ordinary use of the Black Stainless Steel Appliances." ECF No. 13 ¶ 4. Plaintiffs also allege that Defendant omitted "that the Black Stainless Steel Appliances were defective in design and manufacturing in that the 'black stainless steel' finish would routinely peel, chip, flake, discolor, and prematurely degrade …." *Id*. ¶ 130. As alleged, *the fact omitted* is that the appliances' finish is a thin plastic coating, *the place* is in the product description, and *the omitted facts that make the representations misleading* are that the black stainless steel description misleads consumers to believe they are purchasing black stainless steel appliances rather than stainless steel appliances coated with thin black plastic that will peel, chip, discolor and degrade.

Thus, Plaintiffs sufficiently allege a claim for fraudulent concealment under the heightened pleading standard.

> ### 3. Plaintiffs adequately pled the failure to disclose a material fact based on Defendant's failure to disclose the appliances were coated in thin black plastic, which was subject to deterioration over time.

Under Texas and South Carolina fraudulent concealment law, Plaintiffs must

29

allege failure to disclose a material fact and may allege facts sufficient to support the plausible inference that Defendant failed to disclose a material fact. *See In re Atlas Roofing*, 22 F. Supp. 3d at 1328; *Alcan Aluminum*, 133 F. Supp. 2d at 498. Defendant argues Plaintiffs first must allege a defect, including the specific cause of the defect, but they merely alleged the consequences of the defect. ECF No. 23 at 21. Plaintiffs contend they are not required to plead the specific cause of the defect and they provided Samsung with notice of the alleged defect. ECF No. 29 at 14.

Plaintiffs have sufficiently pled that "Defendant advertises its premium 'black stainless steel' finish while omitting that the color is little more than a plastic foil covering . . ." ECF No. 13 ¶ 75. Plaintiffs also allege "Defendant fraudulently concealed, and/or intentionally omitted, that the Black Stainless Steel Appliances were defective in design and manufacturing in that the 'black stainless steel' finish would routinely peel, chip, flake, discolor, and prematurely degrade . . ." *Id*. ¶ 130.

Thus, Plaintiffs allege sufficient facts to show the defect is the plastic coating, which was applied to all black stainless steel appliances during their manufacture, giving Samsung sufficient notice. Moreover, these allegations are sufficient to satisfy Texas and South Carolina law requiring Plaintiffs to allege Defendant failed to disclose a material fact. The fact that the stainless steel was coated in thin plastic was not disclosed. This is a material fact. Therefore, Plaintiffs' claim for fraudulent concealment based on failure to disclose a material fact is sufficiently pled.

### 4. Defendant failed to adequately brief its motion to dismiss based on Plaintiffs' failure to allege a duty to disclose.

Defendant argues that Plaintiffs fail to allege facts sufficient to establish "'a special circumstance' supporting a duty to disclose, as is required under each state's law." ECF No. 23 at 12. Defendant asserts the controlling law in a footnote but fails to analyze how the pleadings are insufficient. *See* ECF No. 23 at 23 & fn. 9.[13] Thus, Defendant has failed to adequately brief this issue, resulting in waiver of the argument. *Green v. Schutt Sports Mfg. Co.*, 369 F. App'x 630, 641 (5th Cir. 2010). Furthermore, Defendant's assertion that Plaintiffs did not identify a duty to disclose under Texas law based on prior or partial disclosures was not raised in the motion to dismiss. Defendant cannot cure its deficient motion by asserting new arguments in its reply. *Hollis*, 827 F3d at 451.

### 5. Plaintiffs adequately pled knowledge.

Under Texas and South Carolina fraudulent concealment law, Plaintiffs must sufficiently allege Defendant had knowledge. In Texas, the defendant's concealment had to have been of a fact within its knowledge. *Alcan Aluminum*, 133 F. Supp. 2d at 498. Under South Carolina law, the defendant's concealment must have been with

---

[13] Plaintiffs respond with various theories that give rise to a duty to disclose including "superior and exclusive knowledge of the problem, the near-impossibility by which ordinary consumers could discover the problem pre-purchase, and the Defendant's partial or misleading disclosures concerning the 'black stainless steel' finish." ECF No. 29 at 13. Plaintiffs also assert that "courts in this District recognize a 'trend towards recognizing the duty in broader contexts . . .'" ECF No. 29 at 14 (citing *Gordon v. Sig Sauer, Inc.*, No. H-19-585, 2020 WL 6118466, at *5 (S.D. Tex. Oct. 16, 2020)).

knowledge of the falsity or in reckless disregard of the truth or falsity. *In re Atlas Roofing,* 22 F. Supp. 3d at 1328. Plaintiffs must allege that Samsung had knowledge in February 2016, April 2017, and May 2020, when Lee and Roscoe purchased their appliances. ECF No. 13 ¶¶ 37, 58. Defendant argues that, assuming a defect, Plaintiffs fail to allege facts establishing Defendant knew of the defect pre-sale. ECF No. 23 at 24. Plaintiffs contend that "the[] allegations, and the reasonable inferences that must be drawn from them, more than suffice to adequately state Defendant's knowledge of the defect." ECF No. 29 at 13.

With respect to fraudulent concealment, as with fraud, the compelling allegation is not the coating's defect but the fact that the products had a coating at all. ECF No. 13 ¶ 4. There is no question that Defendant had knowledge that it used a black plastic coating to give the stainless steel appliances a black color, having made that decision prior to their manufacture. Thus, Defendant knew that its appliances were made of stainless that was coated with a black finish and were not made of stainless steel that was manufactured to be black in color. Samsung also knew that it advertised the products as black stainless steel without disclosing that the appliances were in fact stainless steel coated with black plastic. When taken together, Plaintiffs' allegations support the reasonable inference that Defendant knew that the appliances were colored with a thin black coating and not made of black stainless steel.

32

### 6. Plaintiffs sufficiently pled concealment.

Under Texas, Nevada, and Massachusetts law, to satisfy failure to disclose a material fact, Plaintiffs may allege sufficient facts to support the plausible inference that Samsung concealed the black coating on its black stainless steel appliances. *Leigh-Pink*, 512 P.3d at 325–26; *Squeri*, 954 F.3d at 70; *Alcan Aluminum*, 133 F. Supp. 2d at 498. Plaintiffs assert the concealment is "Samsung's communication of partial truths regarding the nature of the 'black stainless steel' finish, while omitting and concealing that the finish is a plastic coating that falls off the appliances . . ." ECF No. 29 at 16.  In their complaint, Plaintiffs allege that "[a]t all times during the course of dealing between Defendant . . . and Plaintiffs . . . Defendant concealed the defect in the Black Stainless Steel Appliances." ECF No. 13 ¶ 126. "Defendant fraudulently concealed, and/or intentionally omitted, that the Black Stainless Steel Appliances were defective in design and manufacturing in that the 'black stainless steel' finish would routinely peel, chip, flake, discolor, and prematurely degrade . . .." *Id*. ¶ 130. "Despite its knowledge of widespread customer complaints, Defendant did—and still does—nothing to remedy the defective 'black stainless steel' finish." *Id*. ¶ 132. These facts are sufficient to support the inference that Samsung concealed the appliances were coated in black plastic as opposed to black stainless steel. *See Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1097 (N.D. Cal. 2007) ("the fact that various GM customers complained between 2003 and 2007 yet GM never made

any attempt to notify other customers or effect a recall, suggests that GM may have attempted to actively conceal the alleged defect in their speedometers.").

As to concealment, Defendant argues that "[t]o the extent the existence of a thin plastic coating is a 'defect,' information about the 'defect' was readily available to anyone who researched Samsung appliances, as each Plaintiff did before purchasing their appliances." ECF No. 23 at 26. Defendant also highlights that the information about the thin plastic coating was public, posted, and available on popular consumer-facing webpages. ECF No. 23 at 26. Although Lee, Einiger, Roscoe, and Danilova allege that they conducted research before purchasing their appliances, ECF No. 13 ¶¶ 36, 48, 57, 64, there is no allegation that they reviewed any materials disclosing Samsung's use of the thin plastic coating before their purchases. Likewise, Plaintiffs' allegation that consumer complaints about the defect were on the internet, ECF No. 23 ¶¶ 18, 42-43, does show that Plaintiffs were aware of these complaints at the time of their purchases. "Defendant's argument ignores that none of the Internet postings quoted in the complaint showed what dates they were posted or when the problems occurred." *Falk*, 496 F. Supp. 2d at 1100.

Thus, these allegations are sufficient to establish concealment under the fraudulent concealment laws of Texas, Nevada, and Massachusetts.

### 7.  Plaintiffs sufficiently pled reliance.

Under Texas and South Carolina law, Plaintiffs must sufficiently allege they

relied on Defendant's representation that its appliances were black stainless steel or its omission that the stainless steel appliances were coated black. *Adams*, 395 F. Supp. 3d at 847; *In re Atlas Roofing,* 22 F. Supp. 3d at 1328. Defendant argues that Plaintiffs do not plausibly allege reliance because they fail to allege viewing a specific advertisement. ECF No. 23 at 27. Plaintiffs contend that they sufficiently allege reliance because they alleged paying more for the appliances for the specific aesthetic. ECF No. 29 at 16.

Plaintiffs allege facts sufficient to support a reasonable inference of reliance. Plaintiffs assert that "Plaintiffs and class members reasonably relied on facts that Defendant negligently, fraudulently or purposefully did not reveal to consumers, or that were actively concealed and/or omitted by Defendant." ECF No. 13 ¶ 39. Plaintiffs plead that "Lee decided to pay a premium for each of his appliances for the 'black stainless steel' finish . . ." ECF No. 13 ¶ 39. "Lee believes that he paid between $100 and $200 *extra* for each of his Black Stainless Steel Appliances, compared to the otherwise-identical appliances without the 'black stainless steel' finish." *Id*. at ¶ 40. Similarly, "Roscoe decided to pay a premium for each of his appliances for the 'black stainless steel' finish . . ." *Id*. ¶ 60. "Roscoe believes that he paid up-to several hundred extra dollars for each of his Black Stainless Steel Appliances, compared to the otherwise-identical appliances without the 'black stainless steel' finish." *Id*. ¶ 61. The reasonable inference is that Lee and Roscoe

relied on Samsung's appliances' descriptions as being black stainless steel. The fact that they paid more for the black stainless steel appliances than they would have paid for plain stainless steel or black appliance further supports their reliance on the description.

Therefore, Defendant's motion to dismiss Plaintiffs' fraudulent concealment claims should be denied.

### C. Plaintiffs Fail To State A Claim For Breach of Implied Warranty of Merchantability.

Defendant argues that the breach of implied warranty of merchantability claims should be dismissed because Plaintiffs failed to allege that their appliances, including dishwashers, a gas range, microwaves, an oven, and refrigerators, are unfit for the ordinary purposes of dishwashing, heating, cooking, and refrigeration, respectively. ECF No. 23 at 28. Plaintiffs contend that allegations of cosmetic defects are sufficient because the defect is directly tied to the merchantability of the products. ECF No. 29 at 21–23. Additionally, Defendant contends that its express limited warranty disclaims any implied warranties. ECF No. 23 at 29–31. Plaintiff counters that Defendant's attempt to disclaim the implied to insulate itself from liability for the appliances' finish is prohibited. ECF No. 29 at 24–28. [14]

---

[14] Defendant alleges that its limited express warranties limit the implied warranty of merchantability as follows: (1) the warranties with Lee's and Danilova's dishwashers and Lee's gas range contain disclaimers for the implied warranty of merchantability, ECF. No 23-7 at 35; ECF No. 23-8 at 83; ECF No. 23-14 at 34; (2) the warranties with Lee's microwave and Danilova's refrigerator limit the implied warranty to the time limit of the express warranty, ECF No. 23-6 at

To state a claim for a breach of the implied warranty of merchantability, the plaintiffs must plead sufficient facts to show that a product is not "merchantable," meaning that it is unfit for its ordinary purpose. *E.g.*, Massachusetts: *Taupier v. Davol, Inc.*, 490 F. Supp. 3d 430, 444 (D. Mass. 2020) (claim that the mesh patch was not fit for its intend use and purpose was sufficient); Texas: *Barragan v. Gen. Motors LLC*, 4:14-CV-93, 2015 WL 5734842, at *8 (W.D. Tex. Sept. 30, 2015) (allegation that vehicle was unsafe for its intended purposes at the time it left manufacturer's control was sufficient); South Carolina: *Thomas v. Ford Motor Co.*, No. 5:13-01417-JMC, 2014 WL 1315014, at *4 (D.S.C. Mar. 31, 2014) (claim that automobiles were unfit for their ordinary purpose because they are susceptible to sudden unintended acceleration and lack fail-safe mechanisms was sufficient); Nevada: *In re Wirsbo Non-F1807 YBFs*, No. 08-CV-1223-F, 2013 WL 12315106, at *5 (D. Nev. Nov. 27, 2013) ("Plaintiffs have asserted that the [products] were not fit for the ordinary purposes for which they were used, properly stating a claim for breach of the implied warranty of merchantability.").

A cosmetic defect does not make a product unfit for its ordinary purpose unless it makes the use for its ordinary purpose unsafe. *See Coulter v. Deere & Co.*,

---

7; ECF No. 23-10 at 28; and (3) the limited express warranties for Einiger's and Roscoe's appliances limited the implied warranty of merchantability to one year, ECF No. 23-9 at 39; ECF No. 23-10 at 28; ECF No. 23-11 at 91; ECF No. 23-12 at 66; ECF No. 23-13 at 7. Because Plaintiffs have failed to state a claim for breach of implied warranty of merchantability, the Court declines to determine whether Defendant's limited express warranties are sufficient to limit any implied warranties.

No. 4:21-CV-2105, 2022 WL 3212999, at *7 (S.D. Tex. Aug. 9, 2022) (denying a motion to dismiss an implied warranty claim because the plaintiff alleged an injury while using mower for its intended purpose); *Kail v. Wolf Appliance, Inc.*, No. 15-CV-3513, 2017 WL 3608242, at *7 (E.D.N.Y. Aug. 21, 2017) (finding that "cosmetic damages may affect the functionality of the good" and denying summary judgment where "it is unclear whether chipped porcelain contaminates food cooked in the oven."). The ordinary purpose for refrigerators is to keep perishables cold; for ovens and stoves, it is to properly heat and cook food; and for dishwashers, the ordinary purpose is washing dishes. *See Stewart v. Electrolux Home Prod., Inc.*, 304 F. Supp. 3d 894, 913 (E.D. Cal. 2018) (ordinary purpose for ovens); *Simner v. LG Elecs. U.S.A.*, Inc., No. 21-13322, 2022 WL 3152707, at *9 (D.N.J. Aug. 8, 2022) (ordinary purpose for dishwashers); *Avram v. Samsung Elecs. Am., Inc.*, No. 2:11-6973(KM), 2:12-976(KM), 2013 WL 3654090, at *13 (D.N.J. July 11, 2013) (ordinary purpose for refrigerators).

Construing the complaint in the light most favorable to Plaintiffs, they have insufficiently alleged the appliances are unfit for their ordinary purposes. In the complaint, Plaintiffs allege that their appliances "are unfit for the ordinary purpose for which they are used—including, but not limited to cooking food and maintaining Samsung's signature aesthetics" because of chipping, flaking, bubbling, discoloring, and premature degradation. ECF No. 13 ¶¶ 175, 214, 247, 281. Plaintiffs allege that

the peeling, chipping, flaking, bubbling, discoloring, or degrading "risk contamination of food products." *Id.* ¶¶ 202, 227, 237, 261. However, Plaintiffs' allegation of potential food contamination is not plausible because the alleged defects are on the exterior not the interior of the appliances. Plaintiffs fail to allege how these exterior defects affected the functionality of their appliances, *i.e.*, how the exterior chipping or peeling could potentially contaminate food that is placed inside the appliance. *Kail*, 2017 WL 3608242, at *6.  This case is distinguishable from *Kail* where the alleged defect was to the porcelain finish inside the oven. After using the self-cleaning function, porcelain pieces were flying around the inside of the oven. *Id.* at *7. The court found that the oven's functionality may be affected because porcelain pieces may fly onto the food, which could pose a risk of contaminating the food cooking in the oven. *Id.* Thus, the oven was arguably not fit for its ordinary purpose of cooking. *Id.*

Because Plaintiffs fail to plausibly allege that their appliances are not fit for their ordinary use, their implied warranty claims should be dismissed. *E.g., Deburro v. Apple, Inc.,* No. A-13-CA-784-SS, 2013 WL 5917665, at *7 (W.D. Tex. Oct. 31, 2013) (granting a motion to dismiss an implied warranting claim because the plaintiffs' laptops were fit for their ordinary use at the time purchased); *Walters v. Maytag Corp.*, No. 3:07-CV-03669, 2008 WL 11349737, at *3 (D.S.C. June 17, 2008) (granting motion to dismiss an implied warranty claim because the plaintiff

failed to allege a defect in the washing machine that made it unfit for washing clothes).

### D. Plaintiffs Fail To State A Claim Under the Magnuson-Moss Warranty Act.

Plaintiffs assert a claim under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq*., which provides a federal right of action for a consumer to sue a warrantor for a breach of a written or implied warranty. *Boelens v. Redman Homes, Inc*., 748 F.2d 1058, 1062–63 (5th Cir. 1984). "The MMWA claims succeed or fail with the underlying state warranty claims." *Elson v. Black*, 542 F. Supp. 3d 556, 563 (S.D. Tex. 2021). Defendant argues that Plaintiffs' claims under the MMWA should be dismissed because they have no viable state warranty claims. ECF No. 23 at 33. Because Plaintiffs have not alleged a breach of express warranty claim and have not alleged sufficient breach of implied warranty claims, Plaintiffs fail to state a claim under the MMWA.

### E. Plaintiffs Sufficiently State A Claim for Unjust Enrichment.

Defendant argues that Plaintiffs fail to state a claim for unjust enrichment. ECF No. 23 at 33–35. Plaintiffs contend that they adequately allege a claim. ECF No. 29 at 29–31.

As a preliminary matter, Defendant argues that Texas and Massachusetts do not recognize unjust enrichment as an independent cause of action." ECF No. 23 at

33–34. Plaintiffs contend that both allow for claims of unjust enrichment as claims for restitution. ECF No. 29 at 29–30.

In Texas, the Texas Supreme Court and Fifth Circuit have previously acknowledged unjust enrichment as an independent cause of action. *See Perales v. Bank of Am., N.A.*, Civil Action No. H-14-1791, 2014 WL 3907793, at *3 (S.D. Tex. Aug. 11, 2014) (citing *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010); *Elledge v. Friberg–Cooper Water Supply Corp*., 240 S.W.3d 869, 870 (Tex. 2007); *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex.App.—Houston [1st Dist.] 2007, pet. denied)). Texas courts also have recognized unjust enrichment as a theory of recovery based on restitution. *See Davis v. Wells Fargo Bank, N.A.*, No. 6:11-CV-00047, 2014 WL 585403, at *2 (S.D. Tex. Feb. 14, 2014) (quoting *Protocol Techs., Inc. v. J.B. Grand Canyon Dairy, L.P.*, 406 S.W.3d 609, 614 (Tex. App.—Eastland 2013, no pet.)) ("Unjust enrichment is an implied-contract theory stating one should make restitution when it would be unjust to retain benefits received."). Under Massachusetts law, unjust enrichment is also available as a claim for restitution. *See Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 234 (1st Cir. 2005) (citing *Fox v. F & J Gattozzi Corp*., 41 Mass. App. Ct. 581, 589, 672 N.E.2d 547, 552 (Mass. App. Ct. 1996)) ("Unjust enrichment provides an equitable stopgap for occasional inadequacies in contractual remedies at law by mandating that '[a] person who has been unjustly enriched at the expense of

another is required to make restitution to the other.'"). Therefore, Texas and Massachusetts both allow unjust enrichment claims for restitution.

Since there are four Plaintiffs from four states, the unjust enrichment standards for each state would apply to the claim of the Plaintiff from that state. The law is essentially the same. As one court summarized it: "unjust enrichment requires the same essential showing in every jurisdiction—the defendant unjustly obtained a benefit at the plaintiff's expense such that restitution is warranted." *See In re Checking Acct. Overdraft Litig.*, 307 F.R.D. 630, 653 (S.D. Fla. 2015); *accord In re Blackbaud, Inc., Customer Data Breach Litig.*, 567 F. Supp. 3d 667, 687 (D.S.C. 2021) (South Carolina unjust enrichment standard); *Nautilus Ins. Co. v. Access Med., LLC*, 482 P.3d 683, 688 (Nev. 2021) (Nevada unjust enrichment standard); *Stevens v. Thacker*, 550 F. Supp. 2d 161, 165 (D. Mass. 2008) (Massachusetts unjust enrichment standard); *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (Texas unjust enrichment standard).

### 1. Plaintiffs sufficiently pled a claim for unjust enrichment based on fraud allegations.

Defendant argues that Plaintiffs premise their unjust enrichment claims on the same allegations as their fraud claims thus failing to meet the Rule 9(b) standard that applies to these claims. ECF No. 23 at 34. Plaintiffs contend that Defendant's motion fails for the same reason its argument for heightened pleading for the consumer protection claimed failed. ECF No. 29 at 30–31. In other words, Plaintiffs in essence

assert that they have met any heightened pleading on the unjust enrichment claims.

Plaintiffs sufficiently pled facts to support the reasonable inference that Defendant has obtained a benefit from Plaintiffs based on fraud. *See Click*, 2020 WL 3118577, at *1. As the Court already found, *supra*, Plaintiffs have pled sufficient claims for misrepresentation under Texas, Nevada, Massachusetts, and South Carolina consumer protection laws and met the Rule 9(b) standard. Additionally, Plaintiffs' allegations are sufficient to support the reasonable inference of unjust enrichment. For example, Plaintiffs allege that they "paid a premium for the 'black stainless steel' finish, in comparison to the other finishes available . . ." ECF No. 13 ¶159. Defendant "benefited financially from the sale of [the] appliances." *Id*. ¶161. Defendant's conduct has "caused Plaintiffs . . . to suffer injury, lose money and otherwise be deprived of the benefit of fully functioning Black Stainless Steel Appliances." *Id*. ¶162. "Defendant has received and retained unjust benefits from Plaintiffs . . ." *Id*. ¶163. "It is inequitable and unconscionable for Defendant to retain these benefits." *Id*. ¶164.

These facts as alleged support the reasonable inference that Defendant obtained a financial benefit at Plaintiffs' expense, warranting restitution. Construing the facts in the light most favorable to Plaintiffs, the facts support the plausible inference that Defendant concealed that the appliances were coated with a thin black plastic, not black stainless steel as represented, fraudulently inducing Plaintiffs to

pay more money for the appliances than for plain stainless steel or black appliances. *Click*, 2020 WL 3118577, at *10 (allegations that GM concealing the defect, fraudulently induced plaintiffs to spend money they would not otherwise have spent on GM vehicles, supporting unjust enrichment theory).

Therefore, Plaintiffs sufficiently pled a claim for unjust enrichment based on fraud.

### 2. Plaintiffs' unjust enrichment claim does not fail because Plaintiffs pled alternative theories.

Defendant argues that Plaintiffs' unjust enrichment claims should be dismissed because they have access to other remedies. ECF No. 23 at 34. Plaintiffs contend that Defendant's argument is premature at the motion to dismiss stage. ECF No. 29 at 31.

Plaintiffs may plead alternative theories. Rule 8(a)(3) provides that a pleading "may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a)(3). As a result, pleading alternative theories is an insufficient basis for granting a motion to dismiss. *Gordon*, 2020 WL 6118466, at *16 (denying motion to dismiss unjust enrichment claim because no showing why pleading in the alternative was impermissible).

### 3. Plaintiffs' unjust enrichment claims do not fail because cosmetic defects are addressed in the express warranty.

Defendant argues that Plaintiffs fail to state a claim for unjust enrichment

because the applicable limited warranties expressly disclaim cosmetic defects to the product's exterior. ECF No. 23 at 34-35. Plaintiffs fail to address the argument in their response.[15] In its reply, Defendant relies on *Adams* where the court held that the plaintiffs failed to state a claim for unjust enrichment because the defendant's express warranty covered the defect. *See Adams*, 395 F. Supp. 3d at 855.

Defendant's argument is without merit. "Generally, a party may not recover under a quasi-contract theory 'when a valid, express contract covers the subject matter of the parties' dispute.'" *Hoover Panel Sys., Inc. v. HAT Cont., Inc.*, 819 F. App'x 190, 199 (5th Cir. 2020) (quoting *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000)). However, this principle does not apply when "Plaintiffs' quasi-contract claim does not incorporate the terms of the warranty . . . [and] instead focuses on the representations made by Defendant[]." *Barrera v. Samsung Elecs. Am., Inc.*, No. SACV18-00481-CJC(PJWx), 2018 WL 10759180, at *8 (C.D. Cal. Dec. 7, 2018) (denying a motion to dismiss plaintiffs' unjust enrichment claim where the plaintiffs' quasi-contract claim did not incorporate terms of the warranty and instead focused on Samsung's representations).

---

[15] In its reply, Defendant asserts that because Plaintiffs did not respond to their arguments or authorities, the non-response functions as a concession of dismissal on that ground. ECF No. 34 at 14 (citing *Barrett v. Nationstar Mortg., LLC*, No. 4:13-CV-744, 2014 WL 12584310, at *1 (N.D. Tex. Jan. 29, 2014)). In *Barrett*, the court granted the defendant's motion to dismiss "[b]ecause [the] [plaintiff] offers nothing in response to [Defendant's] motion to save her claims from dismissal, and because she bases her claims on a theory considered invalid under Texas law and in the Fifth Circuit." *See Barrett*, 2014 WL 12584310, at *1. Unlike *Barrett*, here, Defendant does not show how Plaintiffs' claims would be invalid as a matter of law. *See id*.

Here, the Plaintiffs are not simply suing over a cosmetic defect that would be disclaimed under the warranty. Instead, unlike in *Adams*, Plaintiffs seek redress based on Defendant's alleged fraudulent misrepresentations and omissions regarding the characteristic of the appliance they bought – black stainless steel versus stainless steel coated in a black plastic. Thus, Plaintiffs' unjust enrichment claims based on fraud are not subject to dismissal just because the limited warranty disclaims cosmetic defects. *See id.* at *8.

Therefore, Defendant's motion to dismiss Plaintiffs' unjust enrichment claims should be denied. *Click*, 2020 WL 3118577, at *10 (denying motion to dismiss unjust enrichment claim, considering plaintiff's right to plead in the alternative).

## IV.   DANILOVA'S AND LEE'S CLAIMS ARE NOT TIME-BARRED.

Defendant argues that Danilova and Lee's claims are time-barred. ECF No. 23 at 35. Plaintiffs respond that either the discovery rule or fraudulent concealment of the defect tolled their limitations period. ECF No. 23 at 31–32. In their reply, Defendant contends that neither the discovery rule nor fraudulent concealment toll the limitations period. ECF No. 34 at 14–15.

### A. The statute of limitations under Massachusetts consumer protection law is four years.

Defendant contends that the limitations period for Danilova's consumer fraud claim is four years from the time of purchase. ECF No. 23 at 36. Under the MRBPCP, causes of action must be commenced no later than four years after the

46

cause of action accrues. MASS. GEN. LAWS ANN. ch. 260, § 5A. Danilova admittedly purchased her appliances in 2016. ECF No. 13 ¶ 65. Thus, her MRBPCP claims accrued in 2016, and the four-year limitations period ordinarily would have expired in 2020.

## B. The statute of limitations under Texas consumer protection law is two years.

Defendant contends that the limitations period for Lee's consumer fraud claims is two years from the time of purchase. ECF No. 23 at 36. Under the TDTPA, actions "must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." TEX. BUS. & COM. CODE ANN. § 17.565. Lee purchased his appliances in 2016 and 2017. ECF No. 13 at ¶ 37. Thus, his TDTPA claims accrued in 2016 and 2017, and the two-year limitations period would have ordinarily expired in 2018 and 2019.

## C. The Massachusetts statute of limitations for unjust enrichment is three years.

Defendant asserts that Danilova's unjust enrichment claims are time-barred under the three-year limitations period. ECF No. 23 at 35. Under Massachusetts law, unjust enrichment claims are subject to a three-year limitations period. *Monteferrante v. Williams-Sonoma, Inc.*, 241 F. Supp. 3d 264, 270 (D. Mass. 2017).

"A limitations period begins to run when the cause of action accrues—that is, when the plaintiff can file suit and obtain relief." *Id*. (quoting *Quality Cleaning Prods. R.C., Inc. v. S.C.A. Tissue N. Am., LLC*, 794 F.3d 200, 203 (1st Cir. 2015)) (original quotations omitted). Danilova purchased her appliances in August 2016. ECF No. 13 ¶65. Thus, her unjust enrichment claim accrued in August 2016, and her three-year limitations period ordinarily would have expired in August 2019.

### D. The Texas statute of limitations for unjust enrichment is two years.

Defendant contends that the limitations period for Lee's unjust enrichment claims is two years. ECF No. 23 at 36. Under Texas law, unjust enrichment claims are subject to a two-year limitations period. *Elledge*, 240 S.W.3d at 871 ("Unjust enrichment claims are governed by the two-year statute of limitations in section 16.003 of the Civil Practice and Remedies Code."). The claims "must be brought within two years of the date the claim accrues." *Woodruff v. Henry*, No. A-05-CA-858 LY, 2006 WL 8432899, at *2 (W.D. Tex. May 24, 2006), *report and recommendation adopted,* No. A-05-CA-858-LY, 2006 WL 8432898 (W.D. Tex. June 21, 2006). Since Lee purchased his appliances in 2016 and 2017, ECF No. 13 ¶ 37, his unjust enrichment claims accrued in 2016 and 2017, and the two-year limitations period ordinarily would have expired in 2018 and 2019.

### E. Plaintiffs state sufficient facts to support a reasonable inference that the discovery rule tolled their claims.

Danilova's and Lee's claims for violations under the MRBPCP and the

TDTPA and unjust enrichment claims are time barred unless tolling applies. The discovery rule is a limited exception to the statute of limitations. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996); *Maroney v. Chip Buerger Custom Homes, Inc.*, No. 03-17-00355-CV, 2018 WL 3041087, at *2 (Tex. App.—Austin 2018, rev. denied). The rule is applied when the nature of the injury is inherently undiscoverable, that is, when it is "difficult for the injured party to learn of the negligent act or omission" with due diligence. *Maroney*, 2018 WL at *2. Under the discovery rule, the statute of limitations does not begin to run until the date the plaintiff knew or, exercising reasonable diligence should have known, of the facts giving rise to the cause of action. *Computer Assocs.*, 918 S.W.2d at 455; *see J.M. Krupar Constr. Co. v. Rosenberg*, 95 S.W.3d 322, 329 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A plaintiff need not know the full extent of the injury before limitations begin to run. *See Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 613 (Tex. 2017) (applying the discovery rule in Texas); *Lareau v. Page*, 39 F.3d 384, 388 (1st Cir. 1994) (similarly applying the discovery rule in Massachusetts).

Because Lee and Danilova purchased their appliances in 2016 and 2017, Defendant contends that Lee's claims had already expired by April 21, 2021, when he originally filed this action and Danilova's claims had expired by July 19, 2021, when she was added as a party in the complaint. ECF No. 23 at 35–36. Plaintiffs

contend that the discovery rule applies in both instances, as Plaintiffs could not have known that their appliances were coated in black plastic and not made of black stainless steel when they purchased their appliances, and the flaking issue that revealed the fraud was only discoverable later. ECF No. 29 at 31–32.[16] The Court agrees with Plaintiffs.

The complaint suggests that Plaintiffs only learned that their appliances were not made of black stainless steel when they began experiencing problems with the finish, specifically flaking, peeling, discoloration, or degradation. Plaintiffs allege that "they would not have purchased the Black Stainless Steel Appliances or paid a premium purchase price for the 'black stainless steel' finish if they knew that the finish was simply a plastic coating . . ." ECF No.13 ¶ 24. Plaintiffs also allege that "after approximately three years of use . . . Mr. Lee discovered that the 'black stainless steel' finish on his appliances was peeling off, flaking, and prematurely degrading, prompting him to research whether his experience was an aberration or a

---

[16] Plaintiffs also contend that fraudulent concealment provides a fitting alternative theory to refute the statute of limitation. In the proper case, invocation of fraudulent concealment estops a defendant from relying on the statute of limitations as an affirmative defense. Where a defendant is under a duty to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should have learned thereof through the exercise of reasonable diligence. *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983) (adding that "The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action."). Because the discovery rule tolls Plaintiffs' claims, the Court declines to also address Plaintiffs' fraudulent concealment defense to the statute of limitations.

widespread issue." *Id*. ¶ 41. "Mr. Lee then discovered that consumers across the country describe similar [issues]." *Id*. ¶ 42. Plaintiffs further allege that "after about four years of use . . . Ms. Danilova discovered that the 'black stainless steel' finish on her appliances was peeling off, flaking, and prematurely degrading." *Id*. ¶ 69.

Viewing the pleadings in the light most favorable to Plaintiffs, the fact that their appliances were coated in black plastic and not made of black stainless steel could not have been easily discovered at the time of purchase. ECF No. 29 at 32; *see Click*, 2020 WL 3118577, at *14 (finding plaintiffs could not have known of the vehicle's fuel pump defect at the time of purchase). Rather, Plaintiffs became aware of that their appliances were made with a plastic coating when the finish started to come off. Danilova and Lee allege they became aware in mid-2020 and mid-2021, respectively. ECF No. 13 ¶¶ 41, 69. The facts alleged do not suggest that Plaintiffs knew or should have known through reasonable diligence about the issue any earlier.

Therefore, the discovery rule applies, and Lee's and Danilova's consumer fraud and unjust enrichment claims are not time-barred. *Click*, 2020 WL 3118577, at *14; *Maroney*, 2018 WL at *2.

## V.    CONCLUSION

The Court recommends that Defendant's motion to dismiss, ECF No. 23, should be **GRANTED in part and DENIED in part**. Plaintiffs' claims should be **DISMISSED**, as follows:

- Count II – breach of implied warranty pursuant to the Magnuson-Moss Warranty Act;

- Count IV – breach of implied warranty of merchantability under TEX. BUS. & COM. CODE ANN. § 2.314;

- Count VI – breach of implied warranty of merchantability under NEV. REV. STAT. ANN. § 104.2314;

- Count VIII – breach of implied warranty of merchantability under S.C. CODE ANN. § 36-2-314;

- Count X – breach of implied warranty of merchantability under MASS. GEN. LAWS. ANN. ch. 106, § 2-314.

Defendant's motion should be **DENIED** as to the remaining claims for fraudulent concealment, consumer fraud, and unjust enrichment. All relief not expressly granted should be denied.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on September 13, 2022.

**Dena Hanovice Palermo**
**United States Magistrate Judge**