United States District Court
Southern District of Texas
**ENTERED**
September 21, 2022
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ADAM LEE, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § § | Case No. 4:21-cv-1321 |
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| *Defendant.* | § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO STRIKE

Before the Court is Samsung Electronics America, Inc.'s ("Defendant" or "Samsung") motion to strike class allegations. Mot. Strike, ECF No. 24.[1] Plaintiffs filed this purported nationwide class action with four state sub-classes based on their purchases of Defendant's black stainless steel kitchen appliances, asserting claims under state consumer protection laws, common law fraudulent concealment, unjust enrichment, and breach of implied warranty of merchantability. Pl.'s First Am. Compl., ECF No. 13 ("complaint"). Defendant asserts that the class claims are

---

[1] The District Judge to whom this case is assigned referred this case for all pretrial proceedings in accordance with 28 USC § 636(b). Order, ECF No. 31. A motion to strike class allegations is a dispositive motion appropriate for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

facially deficient and cannot meet Rule 23's requirements such that there is no reason to postpone deciding these issues. ECF No. 24 at 10. In response, Plaintiffs contend that their complaint is sufficient to show that class treatment of their claims is appropriate, and that Defendant's motion is premature. Pls.' Resp., ECF No. 30. Based on a careful review of the complaint, the filings, and the law, the Court concludes that the motion to strike has merit as to the nationwide class and the fraud based claims. [2] Therefore, the Court recommends that the motion should be granted.

## I.    BACKGROUND

Four plaintiffs, Adam Lee ("Lee"), Kimberly Einiger ("Einiger"), Howard Roscoe ("Roscoe"), and Anastasia Danilova ("Danilova") (collectively "Plaintiffs"), bring this class action on behalf of themselves and all others similarly situated who purchased Samsung kitchen appliances with a "black stainless steel" finish. ECF No. 13 at ¶¶ 1–4. The gravamen of Plaintiffs' complaint is that they purchased their appliances at higher prices based on Defendant's representation that they were

---

[2] The Court previously recommended granting in part Defendant's motion to dismiss, ECF No. 47, as to Plaintiffs claims for breach of implied warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301; breach of implied warranty of merchantability under TEX. BUS. & COM. CODE ANN. § 2.314, NEV. REV. STAT. ANN. § 104.2314, S.C. CODE ANN. § 36-2-314, and MASS. GEN. LAWS ANN. ch. 106 § 2-314. R&R, ECF No. 47. Because the Court recommended dismissing the claims for breach of implied warranty, this R&R does address those claims. ECF No. 13 ¶¶ 140 (national class), 172 (Texas Class), 211 (Nevada Class), 244 (South Carolina Class), & 278 (Massachusetts Class). However, the Fifth Circuit previously denied class certification for a breach of warranty national class, *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724 (5th Cir.2007), and Chief Judge Rosenthal granted a motion to strike, dismissing similar warranty claims asserted on a nationwide and Texas class basis, *see Gordon v. Sig Sauer, Inc.*, No. H-19-585, 2019 WL 4572799, at *22 (S.D. Tex. Sept. 20, 2019).

premium products made of black stainless steel. *Id*. ¶¶ 4, 24, 25.  In fact, Plaintiffs claim, the appliances are not black stainless steel, but stainless steel coated with a thin plastic finish. *Id*. Furthermore, Plaintiffs allege that Samsung's black stainless steel finish is defective because it peeled, chipped, flaked, discolored, and prematurely degraded. *Id*. ¶¶ 4, 6. In contrast, Samsung's appliances with either plain stainless steel, white, or black finishes do not encounter the same consumer complaints regarding peeling, chipping, etc. *Id*. ¶ 5. Besides the "aesthetic ramifications," the appliances shed small pieces of the plastic coating, which Plaintiffs contend creates a potential health danger. *Id*. at ¶ 8.

Plaintiffs define the national class as "[a]ll persons and entities throughout the United States who purchased one or more Samsung-branded appliance featuring a 'black stainless steel' finish." ECF No 13. ¶¶ 88–91. Plaintiffs assert claims based on fraudulent concealment, MMWA breach of warranty, and unjust enrichment on behalf of the national class. *Id*. ¶¶ 125, 140, 156. Plaintiffs define the Texas Class, Nevada Class, South Carolina Class, and Massachusetts Class (collectively, "State Classes") as "[a]ll persons and entities throughout [the respective state] who purchased one or more Samsung-branded appliance featuring a 'black stainless steel' finish." *Id*. ¶¶ 88–92. For the state classes, Plaintiffs asserts claims for fraudulent concealment and unjust enrichment, breach of implied warranty, as well as misrepresentation, unconscionability, and unfair practices under the consumer

3

protection laws of the respective states. *Id*. ¶¶ 125 (fraudulent concealment), 156 (unjust enrichment), 172, 211, 244, 278 (implied warranty), 183 (Texas Deceptive Trade Practices Act), 222 (Nevada Deceptive Trade Practices Act), 255 (South Carolina Unfair Trade Practices Act), 289 (Massachusetts Regulation of Business Practices for Consumer Protection).

In its motion to strike, Defendant makes three main arguments: (1) individualized factual issues preclude all the putative classes; (2) variations in applicable state laws preclude the putative national class; and (3) South Carolina Unfair Trade Practices Act ("SCUTPA") claims cannot be brought as a class action.

## II.   THE LEGAL STANDARD FOR A MOTION TO STRIKE CLASS ALLEGATIONS.

Defendant argues that Plaintiffs' class allegations should be stricken under Rule 23(c), ECF No. 24 at 13–14, which provides:

> At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.

FED. R. CIV. P. 23(c)(1)(A). Either plaintiff or defendant may seek a ruling on the class claims; plaintiff may file a motion for class certification, and defendant may file a motion to dismiss or strike. The Fifth Circuit has stated that "[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. Nat'l Sec. Fire & Cas. Co*., 501 F.3d 443, 445 (5th Cir. 2007).  "A defendant may move to strike class

allegations prior to discovery in rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Delarue v. State Farm Lloyds*, No. 1:09-CV-237, 2010 WL 11530499, at *2 (E.D. Tex. Mar. 10, 2010). In response, Plaintiffs argue that Rule 12(f) applies, and under that standard, the motion should be denied. ECF No 30 at 11–12.[3]

Defendant is correct that federal courts, including in this division, have stricken or dismissed class allegations on the pleadings, analyzing Rule 23's requirements for commonality and predominance. *See, e.g., Gordon v. Sig Sauer, Inc*., No. H-19-585, 2019 WL 4572799, at *22 (S.D. Tex. Sept. 20, 2019) (Rosenthal, C.J.) (motion to strike, court struck common law fraud, breach of warranty, consumer protection based on warranty breach, and unjust enrichment as to nationwide class, as well as common law fraud and consumer protection claims based on false and misleading statements as to Texas class); *Reedy v. Phillips 66 Co*., No. H-17-2914, 2018 WL 1413087, at *13 (S.D. Tex. Mar. 20, 2018) (Lake, J.) (motion to strike, court struck national class claims after analyzing predominance of product liability and warranty laws of fifty states and Kansas state class of consumer fraud claims); *Rosa v. Am. Water Heater Co*., 177 F. Supp. 3d 1025, 1045 (S.D. Tex. 2016) (Lake, J.) (motion to strike, court struck national and Texas class breach of warranty claims);

---

[3] Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

*Richardson v. Am. Home Shield of Texas, Inc*., No. H-05-4029, 2006 WL 903721, at *7 (S.D. Tex. Apr. 7, 2006) (Lake, J.) (dismissing fraud claims under Rule 9(b), and finding plaintiffs failed to allege facts justifying class action treatment of fraud claims under Texas law).

On the other hand, as Plaintiffs argue, some federal courts have denied motions to strike as premature because neither discovery had commenced nor a motion for class certification been filed; however, those cases are distinguishable because they presented a more limited class definition making class certification less unlikely on the pleadings. *See, e.g., Shields v. Metro. Prop. & Cas. Ins. Co*., No. 1:19-CV-00222-GHD-RP, 2020 WL 7338065, at *6 (N.D. Miss. Dec. 14, 2020) (in putative four-state class action insurance dispute, finding the defendant's arguments to strike non-Mississippi class claims based on differences in each state's law and limitations period was premature as courts disfavor early motions to strike except in rare circumstances the court found without elaborating were not present); *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co*., No. 19-CV-61422, 2019 WL 6828150, at *7 (S.D. Fla. Dec. 13, 2019) (in a breach of contract class action apparently limited to Florida, court concluded motion to dismiss was premature as to typicality and predominance of the damages individual class members sustained, finding dismissal on complaint is rare and reserved for when class certification would be impossible); *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab'y*

*Prod., Inc.*, No. CV 17-2161, 2018 WL 1377608, at *6 (E.D. La. Mar. 19, 2018) (in a nationwide class action under federal law, although questioning whether plaintiff would be able to satisfy class certification requirements in light of recent case law, the court found defendant's motion to strike premature because on the record as it existed the court could not adequately ascertain whether the class claims were appropriate); *Delarue*, 2010 WL 11530499, at *2–4 (concluding that a motion to strike class allegations is premature in a bad faith insurance case limited to a Texas class).

A district court has broad discretion whether to certify a class; however, in exercising that discretion, it must rigorously analyze Rule 23's prerequisites. *Prantil v. Arkema Inc.*, 986 F.3d 570, 574 (5th Cir. 2021). On a motion for class certification, the court's analysis may require it to go beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law. *Id.* at 574 (quoting *Cole*, 484 F.3d at 724). In contrast, when ruling on a motion to strike class allegations, the court examines but does not go beyond the pleadings in analyzing Rule 23's requirements. *John*, 501 F.3d at 445.

## III.   DEFENDANT'S MOTION TO STRIKE SHOULD BE GRANTED.

Defendant raises four issues: (1) the defect, manifestation, and causation issues are inherently individualized; (2) fraud reliance issues are highly individualized; (3) variations in applicable state laws preclude the putative national

class; and (4) SCUTPA claims cannot be brought on a representative basis. ECF No. 24 at 2. Plaintiffs counter that Defendant has not established that individual factual issues make certifying the classes impossible, variations in state laws do not demonstrate that certification of the proposed national class is impossible, and SCUTPA claims may be brought on behalf of a class pursuant to Rule 23. ECF No. 29 at 2.

The Court finds that fraud reliance and causation are highly individualized and the variations in the applicable state laws precludes class certification. Further, SCUTPA does not permit private litigants to assert claims on a representative basis.

**A. Rule 23 Class Certification Requirements.**

Rule 23 requires that several preliminary conditions be met before a proposed class may be certified. *Cole*, 484 F.3d at 723. Under Rule 23(a), the plaintiff must establish numerosity, commonality, typicality, and adequacy of class representation. *Id.* (citing FED. R. CIV. P. 23(a)). As relevant to this inquiry, Rule 23(a)(2) requires that there are "questions of law or fact common to the class." *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006) (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 606–08 & nn. 8, 9, 11, 13, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)).

Once Rule 23(a) is satisfied, the plaintiff must also satisfy one of the three provisions of Rule 23(b). *Cole*, 484 F.3d at 723 (citing FED. R. CIV. P. 23(b)). Under

Rule 23(b)(3), the plaintiff must demonstrate "both (1) that questions common to the class members predominate over questions affecting only individual members, and (2) that class resolution is superior to alternative methods for adjudication of the controversy." *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003). "The standard for certification imposed by Rule 23(b)(3) is … more demanding than the commonality requirement of Rule 23(a), and as such, mandates caution, particularly where "'individual stakes are high and disparities among class members great.'" *Id.* at 301–02 (quoting *Amchem Products*, 117 S.Ct. at 2250).

The court will briefly address the Rule 23(a) issues of common question before examining the more demanding predominance requirement.

### 1. *Plaintiffs allege a common theory of defect under Rule 23(a)(2).*

Defendant argues that Plaintiffs' claims are premised on the notion that Samsung's black stainless steel kitchen appliances suffer from a common, universal defect. ECF No. 24 at 14. Defendant argues that "[t]here is no unifying theory of defect that ties the class members' disparate experiences together." *Id*. (citing *Gonzalez v. Corning*, 885 F.3d 186, 197, 199 (3d Cir. 2018), *as amended* (Apr. 4, 2018) (because plaintiffs failed to identify a particular defect that can be attributed to all the shingles, Rule 23(b)(3) was not met)). Plaintiffs contend that the black stainless steel finish is the condition common to the class; it is defective and not as

advertised, resulting in the product peeling, flaking, chipping and otherwise prematurely degrading. ECF No. 30 at 15–16.

Plaintiffs allege that they would not have purchased or paid more for the black stainless steel appliances "if they knew that the finish was simply a plastic coating that was prone to peeling, chipping, flaking, discoloration, and premature degradation." ECF No. 13 ¶ 24. Therefore, under Rule 23(a)(2), Plaintiffs allege sufficient facts that the black finish was not black stainless steel but instead stainless steel with a black plastic coating to establish a common theory of defect.

### 2. *Reliance requires individualized proof precluding predominance of common issues.*

Defendant argues that the reliance and causation issues embedded in Plaintiffs' common law and statutory fraud claims are fatal to class treatment because fraud requires showing individualized reliance. ECF No. 24 at 20 (citing, *inter alia, Slade v. Progressive Sec. Ins. Co*., 856 F.3d 408, 415 (5th Cir. 2017)). Plaintiffs contend that *Torres v. S.G.E. Mgmt., L.L.C*., 838 F.3d 629, 643 (5th Cir. 2016) and *In re U.S. Foodservice Inc. Pricing Litig*., 729 F.3d 108 (2d Cir. 2013) allow the invocation of a "common inference of reliance." ECF No. 30 at 22. Defendant replies that *Torres* and *In re U.S. Foodservice* did not involve consumer products with customers making individualized purchase decisions thus an inference of reliance is inapplicable. ECF No. 35 at 11–12.

The Fifth Circuit has repeatedly found that class issues fail to predominate

when the plaintiff asserts fraud claims that require showing individualized reliance. *E.g.*, *Slade*, 856 F.3d at 415 (common-law fraud claim should not have been certified because reliance requires individual inquires); *McManus v. Fleetwood Enterprises, Inc.*, 320 F.3d 545, 550 (5th Cir. 2003) (holding that the district court abused its discretion finding predominance because reliance requires individual inquires for fraudulent inducement and negligent misrepresentation claims); *Sandwich Chef of Texas, Inc. v. Reliance Nat. Indem. Ins. Co.*, 319 F.3d 205, 220–21 (5th Cir. 2003) (when plaintiffs knew the amounts being charged for insurance varied and agreed to pay the premiums, individual issues of reliance and causation preclude a finding of predominance); *Patterson v. Mobil Oil Corp.*, 241 F.3d 417, 419 (5th Cir. 2001) (holding that whether each class member suffered a RICO injury would require individual reliance inquires); *Perrone v. Gen. Motors Acceptance Corp.*, 232 F.3d 433, 439–40 (5th Cir. 2000) (when individual reliance is necessary to prove actual damages class action may not be certified); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) (finding abuse of discretion in certifying class when district court refused to consider whether reliance on fraud would be an issue in individual trials). To the extent Plaintiffs assert claims under Texas law or assert that Texas law would be applied to all claims under choice of law principles, ECF No. 30 at 29, "Texas law does not permit implied reliance." *Richardson*, 2006 WL 9033721, at *7.

Plaintiffs' reliance on *Torres* is misplaced. In *Torres*, the Fifth Circuit

11

explicitly distinguished the Ponzi scheme at issue, where the company represented it "was a legal multi-level marketing scheme, which was a precondition to class members' participation in the financial transaction" from "misrepresentations involving consumer purchases in which courts have rejected an inference of reliance." 838 F.3d at n. 62. Thus, *Torres* provides no support for Plaintiffs' claim that reliance can be inferred. Similarly, *In re U.S. Food Service* is a Second Circuit decision involving RICO overbilling claims based on uniform misrepresentations to all members of the class. 729 F.3d 108. Plaintiffs have alleged they engaged in research before purchasing their Samsung appliances and had prior experience with this brand; thus, they have failed to sufficiently allege their misrepresentation claims to eliminate variations in the misrepresentations made to each class member such that reliance could be inferred. Thus, *In re U.S. Food Service* provides no support for Plaintiffs' consumer fraud claims.

Similarly, the Defendant asserts that the causation element is not subject to common proof, instead requiring individualized proof. Defendant argues that the relevant factual development of causation will require physical inspection of each unit, investigation into how it was installed, used, maintained, and whether any defect manifested. *See, e.g., Piemonte v. Viking Range, LLC*, No. 14-cv-124, 2015 WL 519144, at *4 (D.N.J. Feb. 9, 2015) (dismissing class allegations at pleadings stage when causation and damages will be highly individualized, observing that

claims regarding whether refrigerators were defective implicates "service history, product life, normal use,  installation" and repair history); *cf. Duvio v. Viking Range Corp.,* No. 12-cv-1430, 2013 WL 1180948, at *4-5 (E.D. La. Mar. 20, 2013) (striking class allegations based on individualized causation issues when 27 types of appliances in 187 models in varying designs, features, and options were at issue). The Court agrees.

Although Plaintiffs allege a common misrepresentation that the appliances were black stainless steel, when they were stainless steel coated in black plastic, in the Fifth Circuit and under Texas law, individual reliance must be established and weighs against predominance and class treatment. *Accord Richardson*, 2006 WL 903721, at *7 (finding Texas law does not permit implied reliance and relying on Fifth Circuit precedent that when individual reliance is an element, it is a poor candidate for class treatment). Likewise, causation will require individualized proof. *Piemonte*, 2015 WL 519144, at *4. Thus, Plaintiffs' common law fraud and consumer fraud claims are not appropriate for class treatment.

### B. Variations in State Laws Preclude the Putative National Class Claims.

Defendant argues that the putative national class is uncertifiable because state law varies as to Plaintiffs' fraudulent concealment and unjust enrichment claims. ECF No. 24 at 23. Resolving Plaintiffs' claims "would require the application of the laws of at least 51 jurisdictions (the 50 states and District of Columbia)." *Id*. at 24.

Defendant asserts that the state-law differences are "fatal to predominance." *Id*. at 25. Plaintiffs contend that Defendant's conflict-of-law arguments are premature until a motion for class certification is filed. ECF No. 30 at 26–27. Defendant replies that "Plaintiffs offer no justification for delay: they do not explain why legal differences in state-law causes of action would be better addressed on a motion for class certification, and they do not identify any discovery that will bear on the viability of their proposed national class." ECF No. 35 at 15.

### 1. *The court may engage in class certification analysis on the pleadings.*

"Plaintiffs' argument that the court may not engage in the class certification analysis at the pleading stage lack merit because . . . district courts may evaluate the sufficiency of class allegations at the pleading stage." *Reedy,* 2018 WL 1413087, at *12; *Duvio*, 2013 WL 1180948, at *3. Under Fifth Circuit precedent, a district court may dismiss the class allegation on the pleadings when it is apparent that a class cannot be maintained. *Rosa,* 177 F. Supp.3d at 1042 (quoting *John*, 501 F.3d at 445, 445 n. 4). "A district court must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class." *Castano*, 84 F.3d at 740 (citing *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982); *Applewhite v. Reichhold Chems*., 67 F.3d 571, 573 (5th Cir.1995)).

### 2. *The court must consider how variations in state law affect predominance.*

"In a multi-state class action, variations in state law may swamp any common

issues and defeat predominance." *Id.* at 741. Accordingly, "[i]n a diversity class action, as is the case here, inherent in the predominance inquiry is a determination of which states' substantive laws will apply to the claims." *Cole*, 484 F.3d at 724. "This is because if multiple states' laws apply and those laws vary, the variations may impact whether common issues of law and fact predominate among the class members." *Id*.

Defendant argues that under Texas' most significant relationship test for choice of law, Plaintiffs' claims are governed by the laws of the states where they bought their products, being the place of injury. ECF No. 24 at 16 (citing *Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 313–15 (5th Cir. 2000)). Defendant further asserts that Plaintiffs concede this by their assertion of the four State Classes, implying that state law controls the claims for implied warranty and consumer fraud claims. *Id.* Plaintiffs do not dispute that the laws of 51 jurisdictions may control in the national class but suggests that, if no material conflict in the laws exists, the court may apply the law of the forum to all claims. ECF No. 30 at 28–29. Plaintiffs did not provide any analysis to show that would be the case here.

Therefore, under a Rule 23(b)(3) analysis, "a district court must consider how variations in state law affect predominance . . ." *Castano*, 84 F.3d at 741. A court may conduct a rigorous analysis of possible variations in state laws when at least one party submits a survey of the law in each jurisdiction and shows the associated

elements, requirements, and defenses. *See Gordon*, 2019 WL 4572799, at *22 (striking class unjust enrichment claims where the defendant "submitted a 50-state survey showing the elements, requirements, and defenses associated with unjust enrichment in each state" and the plaintiff did not address the variations in state law in his response).

### a.  Neither party presented a survey of the 51 jurisdiction's laws.

Neither Samsung nor Plaintiffs submitted a 51-jurisdiction survey showing the elements, requirements, and defenses associated with the various state law claims asserted. Instead, Defendant asserts that "the Court has the benefit of many recent decisions that have already thoroughly covered this terrain . . .." ECF No. 24 at 17–22 (citing to cases in the Fifth Circuit and this district on each claim outlining differences other courts have recognized to defeat predominance); ECF No. 35 at 12–15 (distinguishing Plaintiffs' cases). Plaintiffs claim the motion is premature and failed to engage in any substantive analysis of the various state laws and its effect on predominance. ECF No. 30 at 26. Instead, Plaintiffs cite to several cases from other jurisdictions that have declined to strike national class claims on the pleadings. *Id.* at 26–28. Plaintiffs also refer to cases from out of district to establish that the law of unjust enrichment and fraudulent concealment are essentially the same in all states. *Id.* at 28–31.

### b. Class claims in the Fifth Circuit and this district were dismissed when the class involved the laws of 51 jurisdictions.

In this division, Chief Judge Rosenthal and Judge Lake recently struck national class action allegations in similar cases. *Gordon*, 2019 WL 4572799, at *22 (Rosenthal, C.J.) (struck common law fraud, unjust enrichment, consumer protection based on false and misleading statements, consumer protection based on breach of warranty, and breach of warranty as to nationwide class); *Reedy*, 2018 WL 1413087, at *13 (Lake, J.) (struck national class claims after analyzing predominance of product liability and warranty laws of fifty states); *Rosa*, 177 F. Supp. 3d at 1045 (Lake, J.) (struck national class breach of warranty claims).

In *Cole*, the Fifth Circuit reversed class certification in a nationwide class of owners of vehicle with defective airbags because of variations in state laws on express and implied warranties. 484 F.3d at 725–26. The court found that the plaintiffs did not sufficiently demonstrate the predominance requirement because they failed to undertake the required extensive analysis of variations in state law or to consider how those variations impact predominance. *Id.* The court also noted that other courts have rejected class certification when the laws of different states will apply to individual class members. *Id.* (citing *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002)).

Similarly, in *Reedy*, on a motion to strike, holding plaintiffs to the standard in *Cole*, Judge Lake found that the plaintiffs in an alleged nationwide class failed to

extensively analyze variations in state products liability and warranty law for their impact on predominance. 2018 WL 1413087, at *13 (citing *Cole*, 484 F.3d at 724–26). The court dismissed the national class finding that the burden of applying the law of each state defeats predominance. *Id.* In *Gordon*, also relying on the standard in *Cole*, Chief Judge Rosenthal granted the motion to strike nationwide class allegations where the defendant submitted a 50 state survey of the law and plaintiff had not extensively analyzed the variations in state law, holding the court was not in a position to determine that questions of law and fact common to the members of the class predominate. *Gordon*, 2019 WL 4572799, at *21–22 (citing *Cole*, 484 F.3d at 730). Thus, the court struck nationwide class claims of common law fraud, Texas Deceptive Trade Practices Act ("TDTPA") based on misrepresentations, breach of warranty, breach of warranty based on the DTPA, and unjust enrichment. *Id.* The court also struck the Texas class claims based on common law fraud and TDTPA based on misrepresentations. *Id.*

In analyzing Defendant's motion to dismiss, this Court reviewed the consumer protection, fraudulent concealment, and unjust enrichment laws of the four states in which Plaintiffs reside and assert for their individual claims and State Classes. R&R, ECF No. 47 at 6–21 (consumer protection laws analyzed), 24–23 (fraudulent concealment), 40–46 (unjust enrichment). Based on that review, the Court notes that there are extensive differences between the laws of Texas, Nevada, Massachusetts,

and South Carolina on the fraudulent concealment and consumer protection claims.[4] *Id.* Based on the Court's own review of only four of the fifty-one jurisdictions, there are marked differences in the law. *Id.* In *Gordon*, the defendant submitted a 50 state survey on unjust enrichment noting the extensive differences in the law. *Gordon*, 2019 WL 4572799, at *22. Chief Judge Rosenthal relied on that survey to strike the unjust enrichment claims in the national class. *Id.* Therefore, the Court finds that on the face of the pleadings there is no ascertainable national class for fraudulent concealment or unjust enrichment.

As in *Gordon* and *Reedy*, because Plaintiffs have not extensively analyzed variations in state law, the Court is "'not in a position to determine that questions of law and fact common to the members of the class predominate in the vacuum created by plaintiffs' omissions.'" *Gordon*, 2019 WL 4572799, at *22 (quoting *Cole*, 484 F.3d at 730); *accord Reedy*, 2018 WL 1413087, at *13 ("Plaintiffs have failed to 'extensively analyze' these variations in state substantive law for their impact on predominance"). Thus, Plaintiffs have failed to demonstrate that the common issues will predominate in the national class. *Gordon*, 2019 WL 4572799, at *22; *Reedy*, 2018 WL 1413087, at *13.

---

[4] Defendant did not move to strike the State Class claims on the basis that the laws of those states are sufficiently different such that maintaining these classes together in this action would defeat predominance.

### C. SCUTPA Claims Cannot Be Brought on Behalf of a Class.

Defendant argues that class actions are prohibited under SCUTPA, based on the Code of Laws of South Carolina Annotated § 39–5–140(a) and the South Carolina Supreme Court, *Dema v. Tenet Physician Servs.–Hilton Head, Inc*., 383 S.C. 115, 678 S.E.2d 430, 432 (2009). ECF No. 24 at 30-31. Plaintiffs contend that *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co*., 559 U.S. 393, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) allows Plaintiffs to bring SCUTPA claims as a class action under Rule 23. ECF No. 30 at 31.

Plaintiffs' interpretation of *Shady Grove* is incorrect. In a plurality opinion, Justice Scalia found it was unnecessary to consider whether the state law was substantive or procedural; it was sufficient to determine that Rule 23 was procedural. *Shady Grove*, 130 S.Ct. at 1444. Justice Stevens, along with the dissenters, found the relevant question was whether the state rule "function[s] as a part of the State's definition of substantive rights and remedies." *Id.* at 1448 (Stevens, J., concurring). "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by Members who concurred in the judgments on the narrowest grounds.'" *Marks v. U.S.*, 430 U.S. 188, 194 (1977). "As the opinion for the Court did not attract a majority, Justice Stevens' concurrence must be considered in determining the holding and applying it to the case at hand." *Vargas v. Kiewit La.*

*Co.*, No. 09-cv-2521, 2011 WL 13268825, at *2 (S.D. Tex. Dec. 9, 2011) (Ellison, J.); *accord Fejzulai v. Sam's W., Inc.*, 205 F. Supp. 3d 723, 726 (D.S.C. 2016) ("[U]nder standard rules of interpretation applied to plurality opinions like *Shady Grove,* a majority of courts have concluded that Justice Stevens' concurring opinion is controlling in view of the 'narrowest grounds' principle.").

In diversity cases, "federal courts are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 1141, 14 L. Ed. 2d 8 (1965). The court "should not apply a state law or rule if (1) a Federal Rule of Civil Procedure answer[s] the same question as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019), *as revised* (Aug. 29, 2019) (original quotations omitted) (quoting *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015)). "The rules 'answer the same question' when each specifies requirements for a case to proceed at the same stage of litigation." *Id.* at 245.

The parties cite conflicting cases on whether, in a case in a federal court sitting in diversity, Rule 23 trumps the § 39–5–140(a) prohibition of class actions. Defendant cites to a South Carolina federal case that denied a class action, finding that § 39–5–140(a)'s prohibition of class actions was substantive not procedural.[5]

---

[5] Code of Laws of South Carolina Annotated § 39–5–140(a) provides that "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful

ECF No. 24 at 31 (citing *Fejzulai*, 205 F. Supp. 3d at 728). To the contrary, Plaintiffs cite to a California federal case that permitted a class action, finding SCUTPA's prohibition of class actions was procedural and so Rule 23 applies. ECF No. 30 at 31 (citing *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1086 (S.D. Cal. 2017) (collecting cases)).

The court's analysis in *In re Packaged Seafood* is distinguishable. The California federal court relied on the Ninth Circuit's interpretation of *Marks* that is inconsistent with all the other circuits that find Justice Stevens' concurrence to be controlling. *Id.* at 1085. Under the Ninth Circuit precedent, "*Marks* is only useful 'where one opinion can be meaningfully regarded as narrower than another *and* can represent a common denominator of the Court's reasoning.'" *Id.* at 1085 (citing *Liar v. Bullock*, 697 F.3d 1200, 1205 (9th Cir. 2012)). Based on that precedent, the district court found Justice Scalia and Justice Stevens' opinions view the focus of the inquiry differently and concluded that Justice Stevens' opinion is not a "common denominator" of the Supreme Court's reasoning. *Id.* Therefore, the court found "the only binding aspect of [this] splintered decision is the specific result." *Id.* at 1086. Thus, the court concluded that Rule 23 controlled over SCUTPA because the class-action bar is a procedural rather than substantive rule. *Id.* The court cited precedent

---

by § 39-5-20 may bring an action individually, but not in a representative capacity, to recover actual damages." S.C. Code Ann. § 39-5-140(a).

that found a rule to be procedural when it only altered the method of obtaining relief, or the process of enforcing the litigants' right, but not the right itself, or applying the federal rule did not alter the rules of decision by which the court determines the rights of the parties. *Id.*

In *Fejzulai*, a federal court sitting in South Carolina relied on Justice Stevens' concurrence to examine whether the local law was procedural or substantive. "A federal rule ... cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." 205 F. Supp. 3d at 727 (quoting *Shady Grove,* 559 U.S. at 423 (J. Stevens, concurring)). Finding that "the state legislature enmeshed SCUTPA's procedural vehicle with the claimant's right in a manner specifically designed to prohibit representative lawsuits[,]" the legislature "functionally defined the scope of the right by way of the procedural limitation." *Id.* The court concluded, consistent with other federal courts in South Carolina that "the prohibitions against class actions" were "substantive portions of the South Carolina law and are not trumped by [Rule 23], even in light of the *Shady Grove* decision." *Id.* (citing *Stalvey v. Am. Bank Holdings, Inc.*, No. 4:13-cv-714, 2013 WL 6019320, *4 (D.S.C. Nov. 13, 2013)); *Id.* at 725 (collecting cases).

Here, the court finds that the South Carolina federal court's opinion is more

persuasive because it interprets *Shady Grove* under Justice Stevens' concurrence consistent with most courts considering the question. *Id.* at 726 (citing cases); *In re Packaged Seafood*, 242 F. Supp. 3d at 1085. Likewise, it is consistent with Fifth Circuit precedent interpreting the reach of procedural rules under the Rules Enabling Act. *Klocke*, 936 F.3d at 247-48. The Fifth Circuit, in finding the Texas anti-SLAPP statute inapplicable in federal court, noted that the statute created no substantive rights, but merely provided a procedural mechanism for vindicating existing rights, the statutory language is procedural, and only deals with the conduct of the lawsuit. *Id.* at 247. In contrast, the South Carolina statute creates a right of action in consumer fraud cases, but limits that right to individual cases, prohibiting class actions. S.C. Code Ann. § 39-5-140(a). Given the plethora of case law from the federal courts sitting in South Carolina that conclude this provision is substantive and not procedural, the Court finds that Plaintiffs may not maintain their class claims under SCUTPA. *E.g., Fejzulai*, 205 F. Supp. 3d at 725-28 (following *Stalvey* and distinguishing the New York rule at issue in *Shady Grove* as purely procedural compared to SCUTPA which is substantive); *In re TD Bank, N.A.*, 150 F.Supp.3d 593, 634-35 (D.S.C. 2015) (dismissing plaintiffs' SCUTPA claims, finding the provision substantive not procedural); *Stalvey*, 2013 WL 6019320, at *3-4 (noting that the New York rule at issue in *Shady Grove* lacked a substantive component, whereas the text in SCUTPA is substantive).

## CONCLUSION

The Court recommends as follows:

Because fraud requires a showing of individual reliance and causation, Defendant's motion to strike Plaintiffs' claims based on fraudulent concealment and consumer fraud as to the national class should be GRANTED. Defendant's motion to strike the consumer fraud claims as to the State Classes also should be GRANTED.

Because the claims asserted involve the laws of 51 jurisdictions, Defendant's motion to strike the national class claims for fraudulent concealment and unjust enrichment should be GRANTED.[6]

Because Plaintiffs may not maintain a class action under SCUTPA, Defendant's motion to strike the SCUTPA class claims should be GRANTED.

Plaintiffs' individual claims for unjust enrichment and fraudulent concealment would remain. To the extent the consumer fraud claims do not require proof of reliance or causation, those Texas, Nevada, and Massachusetts Class claims, and individual claims would remain, however, this issue has not been adequately briefed by the parties.

The Court recommends that Plaintiffs be given leave to amend their individual

---

[6] There would be no remaining national class claims if the Court's R&R, ECF No. 47, recommending dismissal of the MMWA breach of warranty claim is adopted. If it is not, *see* fn. 2.

claims and their Texas, Nevada, and Massachusetts Class claims consistent with the recommendations herein.

The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

SIGNED at Houston, Texas, on September 21, 2022.


_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**