United States District Court
Southern District of Texas

**ENTERED**

June 28, 2023

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| ADAM LEE, *et al.*, | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | NO. 4:21-cv-1321 |
| | § | |
| SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' <u>CONSOLIDATED THIRD AMENDED COMPLAINT</u>

Before the Court is Samsung Electronics America, Inc.'s ("Defendant") motion to dismiss Plaintiffs' Consolidated Third Amended Complaint. Def.'s Mot. Dismiss Consol. Third Am. Compl., ECF No. 91.[1] Plaintiffs Adam Lee, Kimberly Einiger, Howard Roscoe, Anastasia Danilova, Keith Covington, Myra Mendez, Paula Murray, and Gregory Elliot (collectively "Plaintiffs") filed the instant case based on their purchases of Defendant's black stainless steel appliances, and after numerous opportunities to amend, asserted claims for violations of various state consumer protection laws and common law unjust enrichment. Pls.' Consol. Third Am. Compl., ECF No. 87 ("complaint").[2] Defendant moves to dismiss all Plaintiffs'

---

[1] The District Judge to whom this case is assigned referred this case for all pretrial proceedings in accordance with 28 USC § 636(b). Order, ECF No. 31.

[2] The complaint alleges that Defendant violated the following consumer protection laws: (1) the

claims, arguing that they are time-barred and fail to sufficiently allege violations of the consumer protection statutes and claims for unjust enrichment. ECF No. 91 at 11–12. In response, Plaintiffs argue that pursuant to each state's discovery rule, their claims are timely, and that their complaint sufficiently puts Defendant on notice of their claims. Pls.' Resp., ECF No. 101 at 7–29.

Based on a careful review of the complaint, the Court recommends that the motion to dismiss be granted in part and denied in part.[3] Specifically, the Court finds that aside from Myra Mendez's claims which are not tolled, Plaintiffs' claims are timely under each state's discovery rule. The Court further finds that Plaintiffs have adequately pled each of their claims, except for Adam Lee's unconscionability claim under the TDPTA.

## I. BACKGROUND.

Plaintiffs bring this action on behalf of themselves, and all others similarly

---

Texas Deceptive Trade Practices Act ("TDTPA") under Tex. Bus. & Com. Code Ann. §§ 17.01–.63 (West 2023); (2) the Nevada Deceptive Trade Practices Act ("NDTPA") under Nev. Rev. Stat. Ann. §§ 598.0903–.0999 (West 2021); (3) the Massachusetts Regulation of Business Practices for Consumer Protection ("Chapter 93A") under Mass. Gen. Laws Ann. ch. 93A (West 2023); (4) the California Consumer Legal Remedies Act ("CLRA") under Cal. Civ. Code §§ 1750–84 (West 2023); (5) the California Unfair Competition Law ("UCL") under Cal. Bus. & Prof. Code §§ 17200–10 (West 2023); (6) the California False Advertising Law ("FAL") under Cal. Bus. & Prof. Code §§ 17500–09 (West 2023); (7) the New York Deceptive Practices Act ("GBL § 349") under N.Y. Gen. Bus. Law §§ 349–350-F-1 (McKinney 2014); (8) the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") under Fla. Stat. Ann. § 501.201–.213 (West 2023); and (9) the South Carolina Unfair Trade Practices Act ("SCUTPA") under S.C. Code Ann. §§ 39-5-10–39-5-180 (2023). ECF No. 87.

[3] A motion to dismiss is a dispositive motion appropriate for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

situated, who purchased Samsung appliances with a "black stainless steel" finish. ECF No. 87 ¶¶ 1–4, 25. The gravamen of Plaintiffs' complaint is that they paid an additional cost for the finish of their appliances based on Defendant's representation that their appliances' finish is a durable "black stainless steel." *Id.* ¶¶ 5, 17, 20, 23, 24. Plaintiffs claim that the appliances do not have a black stainless steel finish, but instead are coated with a thin plastic, which is prone to peel, chip, flake, discolor, and prematurely degrade. *Id.* ¶¶ 5, 21. Plaintiffs also allege that "Defendant heavily promotes its Black Stainless Steel Appliances as a premium kitchen product with a superior aesthetic," specifically referencing advertising these appliances "as a premium, durable, luxury metal finish." *Id.* ¶¶ 2–3, 16–17, 20–21.

In its motion to dismiss, Defendant makes four arguments. First, Defendant contends that Plaintiffs' consumer protection claims fail because they do not sufficiently allege: (1) a misrepresentation or omission; (2) a duty to disclose; (3) materiality; and (4) reliance or causation. ECF No. 91 at 16–25, 25–27, 27–29, 29–31. Second, Defendant argues that Plaintiffs' conclusory allegations of unfair or unconscionable practices fail to state a claim. *Id.* at 31–32. Third, Defendant contends that Plaintiffs cannot raise a claim for unjust enrichment due to adequate remedies available by statute. *Id.* at 32–33. Finally, Defendant asserts that Murray's unjust enrichment claim, and all the claims asserted by Lee, Danilova, Covington, and Mendez are time-barred. *Id.* at 33–35.

## II.   UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6), THE COURT MAY DISMISS A COMPLAINT FOR FAILING TO STATE A CLAIM.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*, No. 4:22-CV-01914, 2023 WL 2719446, at *2 (S.D. Tex. Mar. 30, 2023) (quoting *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Pierce v. Hous. Cmty. Coll. Sys.*, No. 4:21-CV-00346, 2022 WL 4292337, at *2 (S.D. Tex. Sept. 15, 2022), *appeal dismissed*, No. 22-20527, 2022 WL 19401688 (5th Cir. Oct. 21, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)) (cleaned up). The complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (cleaned up).

"[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Gross v. United States*, No. 22-40230, 2023 WL 2401585, at *2 (5th Cir. Mar. 8, 2023) (quoting *Iqbal*, 556 U.S. at 678). "A claim is plausible when the [pled] factual contents allow the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *ADR*, 2023 WL 2719446, at *2 (quoting *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Id.* (quoting *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

"Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *Oliveria v. City of Jersey Vill.*, No. 4:21-CV-03564, 2023 WL 2652252, at *3 (S.D. Tex. Mar. 27, 2023). The court should not "strain to find inferences favorable to the plaintiffs." *Stringer v. Town of Jonesboro*, 986 F.3d 502, 512 (5th Cir. 2021) (quoting *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)). Importantly, the court should not evaluate the merits of the allegation but must satisfy itself only that the plaintiff has adequately pled a legally cognizable claim. *Bright v. City of Killeen, Tex.*, 532 F. Supp. 3d 389, 396 (W.D. Tex. 2021) (citing *U. S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004)).

The court must accept well-pled facts as true, but legal conclusions are not entitled to the same assumption of truth. *Oliveria*, 2023 WL 2652252, at *3 (citing *Iqbal*, 556 U.S. at 678–79). A court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that

are central to the claim and referenced by the complaint." *ADR*, 2023 WL 2719446,

at *6 (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383,

387 (5th Cir. 2010)).

## III.  PLAINTIFFS' TDTPA, UCL, FAL, CLRA, CHAPTER 93A, TEXAS, CALIFORNIA, AND MASSACHUSETTS UNJUST ENRICHMENT CLAIMS ARE TIMELY.

"A statute of limitations may support dismissal under Rule 12(b)(6) where it

is evident from the plaintiff's pleadings that the action is barred and the pleadings

fail to raise some basis for tolling . . .." *Click v. Gen. Motors LLC*, No. 2:18-CV-

455, 2020 WL 3118577, at *13–14 (S.D. Tex. Mar. 27, 2020) (citing *Jones v. Alcoa,

Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). Under Rule 12(b)(6), Defendant bears the

burden to demonstrate that the factual allegations in the complaint show that the

action is time-barred and fail to raise a basis for tolling. *Simon v. Roche Diagnostics

Corp.*, No. 4:20-CV-3625, 2020 WL 9457065, at *1 (S.D. Tex. Dec. 4, 2020), *aff'd*,

851 F. App'x 533 (5th Cir. 2021). "The Fifth Circuit has indicated that pleading a

factual basis for tolling limitations is enough to preclude dismissal on the basis of

limitations in the context of a Rule 12(b)(6) motion." *Click*, 2020 WL 3118577, at

*13 (citing *Wellborn v. Sears, Roebuck & Co.*, 970 F.2d 1420, 1425 (5th Cir. 1992)).

Defendant argues that Murray's unjust enrichment claim and all claims

brought by Lee, Danilova, Covington, and Mendez are time-barred based on their

respective purchase dates and that the complaint fails to identify circumstances that

give rise to applying the discovery rule. ECF No. 91 at 33. Plaintiffs do not contest that limitations have run, but instead respond that the discovery rule tolled limitations. ECF No. 101 at 29–31.

The Court finds that Mendez's claim for unjust enrichment under New York law and claim under GBL § 349 are time-barred. Plaintiffs other objected-to claims are timely filed.

### A.   Mendez's claims are time-barred.

GBL § 349 claims are subject to a three-year statute of limitations. *Malek v. AXA Equitable Life Ins. Co*., No. 20-CV-04885, 2023 WL 2682408, at *8 (E.D.N.Y. Mar. 29, 2023). The statute of limitations "runs from the time when the plaintiff was injured." *Id.* (cleaned up). "[I]n a case involving alleged omissions or misrepresentations, the injury occurs when the omission or misrepresentation was made." *Id.* Mendez purchased her appliances in 2017, and therefore, the three-year limitations period expired in 2020, well before she filed suit on November 7, 2022. *See* Pls. Second Am. Compl., ECF No. 61; ECF No. 87 ¶ 105.

The New York Court of Appeals has rejected the argument that a GBL § 349 claim's statute of limitations may be determined to run from the time the plaintiff learns or reasonably should have learned that she was deceived.  *Malek*, 2023 WL 2682408, at *8 (citing *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 789 (2012); *Wender v. Gilberg Agency*, 276 A.D.2d 311, 312 (1st Dep't 2000) (GBL § 349

claims were "time-barred as the three-year limitations period . . . the date of discovery rule is not applicable and cannot serve to extend that limitations period")). Accordingly, Mendez's contention that her GBL § 349 claim was tolled pursuant to the discovery rule is unavailing.[4]

Unjust enrichment claims seeking monetary damages are also subject to a three-year limitations period. *Carter v. CIOX Health, LLC*, 260 F. Supp. 3d 277, 289 (W.D.N.Y. 2017). "[A]n unjust enrichment claim accrues 'upon occurrence of the wrongful act giving rise to the duty of restitution.'" *Lim v. Radish Media Inc*., No. 22-1610, 2023 WL 2440160, at *1 (2d Cir. Mar. 10, 2023) (quoting *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 520 (2d Cir. 2001)). As above, Mendez's unjust enrichment claim expired in July 2020, before she filed suit. ECF No. 87 ¶ 105.

The discovery rule also does not toll unjust enrichment claims under New York law.  *See Malek*, 2023 WL 2682408, at *12; *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 364 (2d Cir. 2013) (citing *Coombs v. Jervier,* 906 N.Y.S.2d 267 (2d Dep't 2010)).  Therefore, Mendez's GBL § 349 and unjust enrichment claims are time-barred and should be dismissed.[5]

### B.   Plaintiffs have sufficiently alleged facts demonstrating that their remaining claims are tolled by the discovery rule.

The discovery rule is a limited exception to the statute of limitations that

---

[4] Mendez has not pled any other basis for equitable tolling.  *See Malek*, 2023 WL 2682408, at *9.
[5] For the sake of completeness, the Court also addresses the merits of Mendez's consumer protection and unjust enrichment claims.

applies "'when it is difficult for the injured party to learn of the negligent act or omission' with due diligence." *Lee v. Samsung Elecs. Am., Inc.*, No. 4:21-CV-1321, 2022 WL 4243957, at *20 (S.D. Tex. Sept. 13, 2022) (quoting *Maroney v. Chip Buerger Custom Homes, Inc*., No. 03-17-00355-CV, 2018 WL 3041087, at *2 (Tex. App.—Austin 2018, pet. denied) (mem. op., not designated for publication)). Under the discovery rule, the statute of limitations does not begin to run until the date the plaintiff knew or exercising reasonable diligence, should have known, of the facts giving rise to the cause of action. *Id.* (citing *Computer Associates Intern., Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996); and *J.M. Krupar Constr. Co. v. Rosenberg*, 95 S.W.3d 322, 329 (Tex. App.—Houston [1st Dist.] 2002, no pet.)). A plaintiff need not know the full extent of the injury before limitations begin to run. *Id.*

Defendant argues that the discovery rule is inapplicable because: (1) Plaintiffs disavowed any "defect-related allegations" related to the peeling or chipping of the coating; and (2) Plaintiffs identify Defendant's website and certain periodicals which "disclosed that the appliances had a non-steel coating," thereby discrediting Plaintiffs' argument that peeling had to occur for Plaintiffs to discover the misrepresentation. ECF No. 91 at 34–35. Plaintiffs respond that the discovery rule applies because they could not have known at the time of purchase that their appliances were coated in black plastic, rather than black stainless steel; thus, the

misrepresentation was not discoverable until the plastic coating flaked, peeled, or chipped. ECF No. 101 at 29–31.

Plaintiffs do not readopt a defect-related view of their claims, but instead allege that the coating is not what Defendant represented the coating to be. ECF No. 87 ¶¶ 51–53, 55, 56. Plaintiffs would not have known of Defendant's misrepresentation and omission until the plastic coating began to peel, something that steel does not typically do. As the Court previously ruled, "[v]iewing the pleadings in the light most favorable to Plaintiffs, the fact that their appliances were coated in black plastic and not made of black stainless steel could not have been easily discovered at the time of purchase." *Lee*, 2022 WL 4243957, at *21. Taking their allegations as true, Plaintiffs discovered that their appliances were made with a plastic coating when the finish started to peel, flake, or bubble. *See id.* The facts alleged do not suggest that Plaintiffs knew or should have known through reasonable diligence about the issue any earlier. *See id.* (determining the same as to Danilova and Lee). As a result, the Court finds it plausible that the fact that their appliances were coated in black plastic and not made of black stainless steel could not have been easily discovered at the time of purchase.[6] *See id.*

---

[6] Defendant also briefly argues that Plaintiffs cannot rely on fraudulent concealment tolling. ECF No. 91 at 35. Plaintiffs do not address fraudulent concealment tolling in their response and instead focus their argument on the applicability of the discovery rule. *See* ECF No. 101. Because the discovery rule applies, the Court does not undertake analysis of fraudulent concealment.

### 1.  Murray and Covington's unjust enrichment, CLRA, FAL, and UCL claims are not time-barred.

Under California law, unjust enrichment claims are subject to a three-year limitations period, which "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.". CAL. CODE CIV. P. § 338(d); *see also Corbrus, LLC v. 8th Bridge Cap., Inc*., No. 2:19-CV-10182, 2020 WL 4287586, at *11 (C.D. Cal. July 27, 2020) (unjust enrichment claims sounding in fraud are subject to a three-year statute of limitations period).[7] "CLRA and FAL claims are subject to a three-year statute of limitations; UCL claims to a four-year statute [of limitations]." *Brown v. Madison Reed, Inc.*, 622 F. Supp. 3d 786, 799 (N.D. Cal. 2022). "Because the[] three [California] statutes 'proscribe misleading, false, or otherwise deceptive practices or statements in transactions for the sale or lease of goods to consumers,' a cause of action under each 'accrues when a defendant misrepresents or omits material information regarding a product or service and a consumer makes a purchase as a result of such deceptive practices.'" *Id.* The

---

[7] Defendant mistakenly asserts that Covington and Murray's unjust enrichment claims are subject to a two-year statute of limitations. ECF No. 91 at 34. The case Defendant cited, *Deirmenjian v. Deutsche Bank, A.G.*, 526 F. Supp. 2d 1068, 1090 (C.D. Cal. 2007), relied upon § 339, which governs claims for quantum meruit, in deciding unjust enrichment claims are subject to a two-year statute of limitations. Section 338, which governs unjust enrichment claims, provides a three-year statute of limitations. *See BASF Corp. v. Cesare's Collision Repair & Towing, Inc.*, 364 F. Supp. 3d 1115, 1122 (E.D. Cal. 2019) ("California law provides a three-year limitations period for unjust enrichment claims and a two-year limitations period for quantum meruit claims.") (citing CAL. CODE CIV. P. §§ 338(d), 339; *Fed. Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 347–48, 84 Cal.Rptr.3d 38 (2008); *Iverson, Yoakum, Papiano & Hatch v. Berwald*, 76 Cal. App. 4th 990, 996, 90 Cal.Rptr.2d 665 (1999)). Section 338 applies here.

discovery rule applies to claims under the CLRA, FAL, and UCL and unjust enrichment claims under California law. *See id.*; *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869 (N.D. Cal. 2019).

Covington purchased his appliance in August 2018, but alleged that "in September 2022, [he] discovered that the 'black stainless steel' finish on his refrigerator was peeling off, flaking, and prematurely degrading." ECF No. 87 ¶¶ 97, 101. Because his discovery did not take place until September 2022, Covington timely filed his CLRA, UCL, FAL, and unjust enrichment claims on November 7, 2022, less than three years after discovery. *See* ECF No. 61.

Murray purchased her black stainless steel appliances on May 1, 2019, but "a few months after purchasing, . . . [Murray] discovered that the . . . finish on her oven and refrigerator was peeling off, flaking, and prematurely degrading." ECF No. 87 ¶¶ 111, 114. Murray timely filed her CLRA, UCL, FAL and unjust enrichment claims on October 22, 2021 because she filed her claims less than three years after discovery. *See Murray v. Samsung Electronics America, Inc.*, Cause No. 4:22-cv-00037, Pl.'s Compl., ECF No. 1.

### 2. Lee's TDTPA and Texas unjust enrichment claims are timely.

Under the TDTPA, actions "must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence

should have discovered the occurrence of the false, misleading, or deceptive act or practice." TEX. BUS. & COM. CODE § 17.565. Under Texas law, unjust enrichment claims are subject to a two-year limitations period. *Lee*, 2022 WL 4243957, at *19. The discovery rule applies to unjust enrichment claims. *Janvey v. Suarez*, 978 F. Supp. 2d 685, 708 (N.D. Tex. 2013); *Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 721–23 (Tex. App.—Dallas 2015, no pet.).

Lee purchased his appliances throughout 2016 and 2017 but alleged that he did not discover the "black stainless steel" finish was in fact a plastic coating until mid-2020 when the coating began peeling, flaking, and degrading. ECF No. 87 ¶¶ 61, 65. Plaintiff timely filed his TDTPA and unjust enrichment claims on April 21, 2021 because he filed suit less than two years after his discovery. *See* Pl.'s Compl., ECF No.1.

### 3. Danilova's Chapter 93A and unjust enrichment claims are timely.

Chapter 93A claims are governed by a four-year statute of limitations and unjust enrichment claims are subject to a three-year statute of limitations. MASS. GEN. LAWS ANN. ch. 260, § 5A; *Monteferrante v. Williams-Sonoma, Inc.*, 241 F. Supp. 3d 264, 270 (D. Mass. 2017). Under the discovery rule, which applies to both unjust enrichment and Chapter 93A claims, the "limitations period is subject to tolling until the plaintiff knew or should have known of the alleged injury." *Lambert v. Fleet Nat. Bank*, 449 Mass. 119, 126 (2007) (citing *Albrecht v. Clifford,* 436 Mass.

706, 714–715 (2002); *Schwartz v. Travelers Indem. Co.,* 50 Mass.App.Ct. 672, 678 (2001)); *Monteferrante*, 241 F. Supp. 3d at 274.

Danilova purchased her appliances in August 2016, but alleged that "in mid-2021, [she] discovered that the 'black stainless steel' finish on her appliances was peeling off, flaking, and prematurely degrading." ECF No. 87 ¶¶ 91, 95. Danilova timely filed her Chapter 93A and unjust enrichment claims on July 19, 2021, within three years of her discovery. *See* Pls.' First Amend. Compl., ECF No. 13.

Defendant's motion to dismiss based on the statute of limitations should be granted as to Mendez's claims, but denied as to Lee, Danilova, Murray, and Covington's claims.

## IV.   PLAINTIFFS ADEQUATELY STATED CLAIMS FOR CONSUMER FRAUD.

Plaintiffs' complaint asserts claims under the consumer protection statutes of seven different states, alleging that: (1) Defendant misrepresented its appliances' finish by representing the finish as "black stainless steel" and not a thin plastic coating; and (2) unlawfully failed to disclose the thin, plastic coating to consumers. Plaintiffs pursue their consumer claims on both an affirmative misrepresentation and an omission or duty to disclose theories of liability. Defendant argues that Plaintiffs insufficiently pled the following four elements: (1) a misrepresentation or omission; (2) a duty to disclose; (3) materiality; and (4) reliance or causation. ECF Nos. 91 at 17–31; 101 at 7–22; 103 at 6–12.

### A.    The consumer protection claims share common elements.

"[T]o state a claim under the [T]DTPA, a plaintiff must allege that (1) she 'is a consumer under the DTPA;' (2) that defendant 'committed a false, misleading, or deceptive act under section 17.46(b) of the DTPA, breached an express or implied warranty, or engaged in an unconscionable action or course of action;' and (3) that this act '[was] the producing cause of [plaintiff's] actual damages.'" *Hopkins v. Green Dot Corporation*, No. 5:16-CV-365-DAE, 2016 WL 4468272, at *4 (W.D. Tex. Aug. 24, 2016) (quoting *Brown v. Bank of Galveston, N.A.*, 963 S.W.2d 511, 513 (Tex. 1998)).

To state a claim under the NDTPA, a plaintiff must allege: (1) "an act of consumer fraud by the defendant;" (2) plaintiff relied on the misrepresentation which caused the harm; and (3) plaintiff suffered damages. *Motogolf.com, LLC v. Top Shelf Golf, LLC*, 528 F. Supp. 3d 1168, 1178 (D. Nev. 2021), *reconsideration denied*, No. 220CV00674APGEJY, 2022 WL 834790 (D. Nev. Mar. 21, 2022) (citing *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009)).

To state a claim under Chapter 93A, "a complaint must allege that 'a defendant's unfair or deceptive conduct cause[d] customers to receive a product or service worth less than the one for which the customers paid.'" *Lee v. Conagra Brands, Inc.*, 958 F.3d 70, 80 (1st Cir. 2020) (quoting *Bellermann v. Fitchburg Gas & Elec. Light Co.*, 470 Mass. 43, 18 N.E.3d 1050, 1060 n.10 (2014)).

To state a CLRA claim, "a plaintiff must allege: (1) a misrepresentation; (2) reliance on that misrepresentation; and (3) damages caused by that misrepresentation." *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1112 (N.D. Cal. 2016) (citing *In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 920 (9th Cir.2014); *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1200 (N.D. Cal. 2014)).

"To state a claim under the UCL, a plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)." *Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1084 (N.D. Cal. 2017), *aff'd*, 731 F. App'x 719 (9th Cir. 2018) (cleaned up). Additionally, a plaintiff must "plead that the alleged misrepresentation was directly related to the plaintiff's injurious conduct, and that the plaintiff actually relied on the alleged misrepresentation." *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1092 (S.D. Cal. 2010) (citing *In re Tobacco II Cases,* 46 Cal.4th 298, 326–27, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009)).

"The FAL makes it unlawful for any person to make or disseminate . . . before the public . . . any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Dana v. Hershey Co.*, 180 F. Supp. 3d 652, 668 (N.D. Cal. 2016), *aff'd*,

730 F. App'x 460 (9th Cir. 2018) (citing Cal. Bus. & Prof. Code § 17500).[8] Further, the FAL requires that a plaintiff demonstrate that he "suffered injury in fact" and "lost money or property as a result of the [false advertising]." *See McCoy v. Nestle USA, Inc*, 173 F. Supp. 3d 954, 963 (N.D. Cal. 2016), *aff'd sub nom. McCoy v. Nestle USA, Inc.*, 730 F. App'x 462 (9th Cir. 2018) (quoting *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013)).

"[U]nder GBL § 349, a plaintiff must sufficiently allege: '(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result.'" *Borenkoff v. Buffalo Wild Wings, Inc.*, No. 16-CV-8532 (KBF), 2018 WL 502680, at *3 (S.D.N.Y. Jan. 19, 2018) (quoting *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009)).

"To state a claim under FDUTPA, a plaintiff must allege three elements: '(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.'" *Gov't Employees Ins. Co. v. Sosa*, No. 8:21-CV-2556-VMC-JSS, 2022 WL 18661398, at *4–6 (M.D. Fla. Dec. 29, 2022), *report and recommendation adopted sub nom. Gov't Employees Ins. Co. v. Kalin*, No. 8:21-CV-2556-VMC-JSS, 2023 WL 240000 (M.D. Fla. Jan. 18, 2023) (quoting *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1097–98 (11th Cir. 2021)).

---

[8] The FAL "does not encompass omissions." *Id.* at 668.

"To state a claim under SCUTPA, the plaintiff must show '(1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest.'" *PTA-FLA, Inc. v. ZTE Corp.*, 715 F. App'x 237, 242 (4th Cir. 2017) (quoting *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 291 (4th Cir. 1998)).

The Court agrees that there are similar core elements within each of these state claims and follows the parties' lead by addressing each of the four raised issues: misrepresentation or omission, duty to disclose, materiality, and reliance or causation.

## B.   Plaintiffs sufficiently allege misrepresentation and omission.

Defendant contends that Plaintiff's allegations fail to meet: (1) Rule 9(b)'s standard for fraud;[9] (2) each state's "reasonable consumer" standard; and (3) each state's threshold giving rise to Defendant's duty to disclose. The Court finds that Plaintiffs' complaint contains sufficient allegations to meet both Rule 9(b)'s heightened standard and the "reasonable consumer" standard, and suitably alleges

---

[9] Defendant contends that Rule 9(b)'s heightened pleading standard is applicable to Plaintiffs' consumer fraud claims. ECF No. 91 at 17. Plaintiffs do not address which pleading standard, Rule 8 or Rule 9(b), govern their claims. *See* ECF No. 101. "Federal courts have previously applied this heightened pleading requirement to claims like those at issue here." *See Lee*, 2022 WL 4243957 at *9 (collecting cases). Whether Rule 8 or 9(b)'s standard applies, Plaintiffs' consumer fraud claims meet the heightened standard.

that Defendant had a duty to disclose.

> **1.    Plaintiffs' misrepresentation allegations meet Rule 9(b)'s heightened pleading standard.**

Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake.'" FED. R. CIV. P. 9(b). "The Fifth Circuit has held that '[a]t a minimum,' the Rule 9(b) standard requires 'that the plaintiff specify the particulars of time, place, and contents of the false representations.'" *Apex Transit, LLC v. Bridgestone Americas, Inc.*, No. 5:21-CV-00053, 2022 WL 10713065, at *3 (S.D. Tex. Mar. 4, 2022) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). "Stated simply, 'Rule 9(b) requires "the who, what, when, where, and how" to be laid out.'" *Canidae, LLC v. Cooper*, No. 6:21-CV-0019-H-BU, 2022 WL 3588936, at *13 (N.D. Tex. Aug. 4, 2022), *report and recommendation adopted*, No. 6:21-CV-019-H-BU, 2022 WL 3588046 (N.D. Tex. Aug. 22, 2022) (quoting *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003)).

In their complaint, Plaintiffs allege that Defendant's advertising on Lowe's, Best Buy's, Home Depot's, and their own websites represented the "black stainless steel" finish option was a "black stainless steel" and not a thin, plastic coating. ECF No. 87 ¶¶ 40–42. Plaintiffs allege that at the time of their purchases, Defendant advertised and marketed their "black stainless steel" finish as a "premium, durable, luxury metal finish, while simultaneously concealing the truth that it is merely a temporary, thin, black plastic coating easily capable of flaking, peeling, chipping,

discoloring, and degrading." *Id.* ¶ 40. Plaintiffs also allege that on Defendant's website, it advertised that "[t]he premium stainless steel exterior has a special coating to help eliminate fingerprints and smudges – so your fridge always looks its best." *Id.* ¶ 43.[10]

Clearly these allegations establish the who, what, when, where, and how of Plaintiffs' fraudulent misrepresentation claims: Defendant misrepresented that the appliances' finish was "black stainless steel" and not a thin, plastic coating in advertisements and interviews published on its website and on other sellers' websites at the time of Plaintiffs' purchases. The Court finds that Plaintiffs' misrepresentation claims meet Rule 9(b)'s heightened pleading standing.

Defendant also argues that Plaintiffs' alleged misrepresentation that the "black stainless steel" finish was a premium, durable luxury constitutes "non-actionable puffery." ECF No. 91 at 24. "Puffery is defined as 'statements that are generalized, vague and unspecific' such that a reasonable consumer could not rely." *Lee*, 2022 WL 4243957, at *5 (citing *Walters v. Pella Corp.*, No. 2:14-CV-00544, 2015 WL 2381335, at *5 (D.S.C. May 19, 2015)). "Misrepresentations are not merely puffery or opinion if they are of a material fact." *Id.* (quoting *Click*, 2020 WL

---

[10] The Court rejects Defendant's argument that the only permissible misrepresentation the Court allowed to proceed was "the fact that the products had a coating at all." ECF. No. 103 at 5 (quoting R&R re: Def.'s Mtn to Dismiss Pls.' Amd. Compl., ECF No. 47 at 32). There is nothing in the Report and Recommendation or transcript of the Court's scheduling conference on February 3, 2023, that expressly disallowed Plaintiffs from proceeding with their current alleged misrepresentation. *See* ECF No. 47 at 51–52; Transcript re: Sched. Conf., ECF No. 83 at 7–10.

3118577, at *4). However, "[a] defendant's superior knowledge of the facts supports treating contrary representations and praise as actionable." *Berry v. FCA US, LLC*, No. 2:19-CV-00023, 2022 WL 18671067, at *7–8 (S.D. Tex. Mar. 25, 2022).

Here, reading the complaint as a whole, Plaintiff's alleged misrepresentation is that Defendant represented that the finish was "black stainless steel," a material known to be durable and not prone to chipping, peeling, and degrading. The complaint's inclusion of Defendant's other statements that the finish was durable, premium, and luxurious further supports Plaintiffs' allegation that they reasonably assumed that the finish was made of "black stainless steel," not plastic. *See Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453, 461 (S.D.N.Y. 2020) (court considered other representations, such as the defendant's commitment to "clean food" and "menu transparency" in determining whether a reasonable consumer would be misled into thinking the defendant's blueberry bagel was made with real blueberries, instead of imitation blueberries). But, insofar as Plaintiffs seek to raise misrepresentation claims based on Defendant's use of the terms "premium," "practical," "luxury", and "durable", such terms would constitute non-actionable puffery. *See Lee*, 2022 WL 4243957, at *5.

## 2. Plaintiffs' omission allegations also meet Rule 9(b)'s heightened pleading standard.

In claims involving omission of facts, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should

have appeared, and the way in which the omitted facts made the representations misleading.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting *Riley*, 355 F.3d at 381).

> Plaintiffs' omission allegations satisfy Rule 9(b). Plaintiffs allege that:
>
> Defendant sells the Black Stainless Steel Appliances with a "black stainless steel" finish that it advertises as premium, durable, luxury metal finish, while concealing and omitting that the Black Stainless Steel Appliances are, in fact, not black stainless steel at all, but simply stainless steel coated with a temporary, thin, black plastic material that (unbeknownst to consumers) is prone to peeling, chipping, flaking, discoloring, or prematurely degrading—conditions which stainless steel are not typically subject to.

ECF No. 87 ¶ 5. Plaintiffs also allege that Defendant "was obligated to disclose the true nature of the 'black stainless steel' finish . . . because Defendant had exclusive knowledge of the material facts not known to Plaintiffs, since only Defendant had exclusive access to its design calling for the application of a temporary, thin, plastic coating as opposed to the promised premium, durable, luxury metal finish.'" *Id.* ¶ 52.

As alleged, the fact omitted is that the appliances' finish is a thin plastic coating, the place is in the product description, and the omitted facts that make the representations misleading are that the "black stainless steel" option misleads consumers into believing they are purchasing appliances with a black stainless steel finish, rather than appliances coated with thin plastic.

### 3. Plaintiffs' misrepresentation and omission allegations meet the "reasonable consumer" standard.

Plaintiffs' alleged misrepresentation and omission must also satisfy the "reasonable consumer" standard.[11] *See Sharifan v. NeoGenis Labs, Inc.*, 622 F. Supp. 3d 478, 490 (S.D. Tex. 2022) (TDPTA); *State ex rel. Wilson v. Ortho-McNeil-Janssen Pharms., Inc.*, 777 S.E.2d 176, 193 (S.C. 2015) (SCUTPA); *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 71 (1st Cir. 2020) (Chapter 93A); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 409–10 (S.D.N.Y. 2015) (GBL § 349); *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (CLRA, UCL, FAL); *Kurimski v. Shell Oil Co.*, 570 F. Supp. 3d 1228, 1243 (S.D. Fla. 2021) (FDUTPA).

The "reasonable consumer" standard is generally similar in these states: Plaintiffs must "show that members of the public are likely to be deceived" by the alleged misrepresentation or omission. *Becerra*, 945 F.3d at 1228 (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)); *Tomasella*, 962 F.3d at 71; *Suero*, 2022 WL 17985657, at *9; *Kurimski*, 570 F. Supp. 3d at 1243. This means that there is "a probability that a significant portion of the general consuming public

---

[11]Defendant asserts that all of Plaintiffs' state consumer fraud claims "require an objectively deceptive misrepresentation or omission, i.e., one that would deceive a 'reasonable' consumer." ECF No. 91 at 17.  Plaintiffs do not contest this assertion. *See* ECF No. 101.  But, from the Court's review of Defendant's cited cases, whether the NDTPA applies the "reasonable consumer" standard to this element is unclear. *See Poole v. Nev. Auto Dealership Invs., LLC*, 449 P.3d 479, 485 (Nev. App. 2019) (under NDTPA, the plaintiff must establish a "material fact" as a matter "a reasonable man would attach importance to," as opposed to the reasonable consumer standard which considers whether a reasonable consumer would be deceived). Regardless, the Court finds Plaintiffs' allegations satisfy the reasonable consumer standard.

or of targeted consumers, acting reasonably in the circumstances, could be misled."
*Becerra*, 945 F.3d at 1228–29 (cleaned up).

Here, Plaintiffs allege that "they, like all ordinary, reasonable consumers, would not have purchased the Black Stainless Steel Appliances or paid a premium price for the 'black stainless steel' finish if they had known that it was simply a temporary, thin, black plastic coating capable of peeling, flaking, and discoloration." ECF No. 87 ¶ 22. Plaintiffs point to Defendant's advertising and marketing of a special, premium, luxury "black stainless steel" finish that, because it is an upgrade, costs more than other finishes. *Id.* ¶¶ 41–45, 55, 57, 59.

Defendant argues that the reasonable consumer allegations are implausible because: (1) a "black stainless steel" finish does not imply any manufacturing technique; (2) the appliance's plastic coating is fully disclosed on Defendant's website; (3) Defendant publicly disclosed its use of a plastic coating; (4) Defendant's description of "black stainless steel" finish is consistent with widespread industry practice; and (5) the plain meaning of "finish" indicates to consumers that the stainless steel appliance is coated with another material at the completion of manufacturing. ECF No. 91 at 19–25. Defendant's arguments are without merit.

Defendant first argues that the phrase "black stainless steel" does not represent anything about the black stainless steel manufacturing process, and so it is unbelievable that reasonable consumers would understand "black stainless steel" to

mean that "the stainless steel became black during manufacturing, rather than via application of a coating at the end." ECF No. 91 at 19. This argument is unconvincing. The selection of a "black stainless steel" finish, as opposed to the other available options on Defendant's appliances, conveys that a reasonable consumer could expect a finish made of black stainless steel.  Because of this, it would be misleading to a reasonable consumer that their selection of "black stainless steel" finish actually led to production of a stainless steel appliance with a thin, plastic finish.

One case that Defendant relies on is *Bizco v. Ferrara Candy Co*., No. 22-CV-01967, 2023 WL 2572384, at *2 (N.D. Ill. Mar. 20, 2023). In *Bizco*, the court determined that a candymaker's use of the phrase "Made with Real Milk" was not misleading to consumers because although the product's fat came from vegetable oil and not milk, milk was still an ingredient—therefore, a reasonable consumer would not equate "Made with Real Milk" to "Made with Real Milk Fat."  2023 WL 2572384, at *2. Here, Plaintiffs alleged that Defendant represented a "black stainless steel" finish to their appliances, but actually finished appliances with a plastic coating. Nothing in the complaint alleges any steel was involved in the finish. A reasonable consumer would assume that a "black stainless steel" finish should consist of stainless steel and not plastic. *See Izquierdo*, 450 F. Supp. 3d at 461 (reasonable consumer was likely to be misled that the defendant's "blueberry bagel"

label indicated the bagel consisted of real blueberries and not imitation blueberries).

Next, Defendant argues that its own website disclosed that the appliance featured a "premium stainless steel exterior" with "a special coating to help eliminate fingerprints and smudges," which indicates to a reasonable consumer that the option of "black stainless steel" finish would come with a coating. ECF No. 91 at 19–20. But, Plaintiffs do not allege that a reasonable consumer (and they, themselves) did not expect any coating at all.  Instead, Plaintiffs allege that they expected the finish of their appliance to be made of "black stainless steel," as selected, and not a thin plastic. ECF No. 87 ¶¶ 5, 16, 17, 20, 21, 40, 41, 52, 55. Nothing in the purported disclosure communicates to consumers that the coating is made of plastic and not steel or that the coating is what contains the coloring. *See id.* ¶ 43. Accordingly, Plaintiffs' allegation that Defendant's website discloses a coating to eliminate fingerprints and smudges does not undermine the plausibility that "black stainless steel" could mislead reasonable consumers.

Along the same vein, Defendant argues that the *Consumer Reports* article referenced in the complaint publicly disclosed that the "black stainless steel" finish was actually "stainless with an acrylic coating." ECF No. 91 at 23. None of the cases that Defendant cites support the proposition that a single article is sufficient to establish public disclosure. *See* ECF No. 91 at 23–24.[12] Here, unlike those cases,

---

[12] *See Piescik v. CVS Pharmacy, Inc*., 576 F. Supp. 3d 1125, 1133 (S.D. Fla. 2021) (a reasonable

nothing demonstrates that the "disclosure"—that the black stainless steel appliances were actually stainless steel finished with an acrylic coating—was contained in a record filed in a criminal or civil case, clarified with an asterisk on the appliances' packaging, disclosed in an explanatory video on Defendant's website, or disclosed in *numerous* publications. *See* ECF Nos. 87, 91, 101, 103.   A statement in one publication does not undermine Plaintiffs' allegation that a reasonable consumer would be misled into thinking "black stainless steel" finish did not mean a plastic coating.

Defendant next argues that the term "finish" does not communicate that the appliance's finish is made of stainless steel, but instead means that "a different material is applied to the surface at the completion of manufacturing," in line with the Merriam-Webster[13] definition of "finish." ECF No. 91 at 20 (citing ECF No. 87 ¶¶ 5, 7–13, 16–23). Again, the cases Defendant cited do not support this finding. For

---

consumer would not be misled by "kills 99.99% of germs" label, where same label disclosed that did not mean "kills 99.99% of *all* germs"); *Barrett v. Milwaukee Elec. Tool, Inc.*, No. 14-CV-1804, 2016 WL 4595947, at *5 (S.D. Cal. Jan. 26, 2016) (a video on the defendant's website showed it was unreasonable to interpret "100% Handcrafted" to mean without the use of equipment or automated processes); *Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 900 (S.D. Tex. 2012) (widespread media reports and public documents did not contain explicit information of the defendant's wrongdoing, and therefore, a genuine issue of material fact as to whether ATA claims were tolled by fraudulent concealment existed); *Cordova v. Johnson*, 993 F. Supp. 473, 515 (W.D. Tex. 1998) (records relating to a mental condition were public because were filed in a criminal case); *Wolph v. Acer Am. Corp.*, 2009 WL 2969467, at *4 (N.D. Cal. Sept. 14, 2009) (determining whether the defendant had a duty to disclose, plaintiffs own allegations failed to demonstrate that the defendant had exclusive knowledge).

[13]  Merriam-Webster defines "finish" as "the final treatment or coating of a surface." https://www.merriam-webster.com/dictionary/finish?src=search-dict-box (last visited June 16, 2023).

example, in *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, the court concluded that the dictionary definition of "automatic" made it implausible that a reasonable consumer would expect that an automatic transmission did not mean a transmission that changed gears on its own, but instead meant that when prompted by the driver's gear change, the transmission's components would "automatically" act. 483 F. Supp. 3d 838, 845 (C.D. Cal. 2020).

Here, Defendant provides a "black stainless steel" option for the finish of its appliances, in addition to "black," "white," and "stainless steel." ECF No. 87 ¶¶ 57, 58. The plain meaning of "finish" as a final treatment or coating of a surface" does not exclude "black stainless steel" as a material that could be used. Furthermore, there is nothing different about this case's context that leads to a different interpretation of "finish." Accordingly, Plaintiffs' allegations that include the term "finish" do not undermine the plausibility that "black stainless steel" could mislead a significant portion of reasonable consumers.

Finally, Defendant argues that "until recently, every manufacturer shared the same basic 'technique for creating' a 'black stainless steel' appliance: 'the black finish is applied over the stainless steel base as a type of foil.'" ECF No. 91 at 21. Defendant asserts that "[t]he fact that [Defendant's] use of 'black stainless steel' was consistent with the 'prevalent understanding of the term' in the 'marketplace' thus undermines any allegation that reasonable consumers would be confused." *Id.* at 22.

This argument lacks merit. As an initial matter, even the use of the word "foil" denotes a metal coating, as opposed to a plastic coating.  *See* https://www.merriam-webster.com/dictionary/foil (last visited May 30, 2023) (foil means a "very thin sheet metal"). Furthermore, there is no indication that "black stainless steel" is generally understood, in the marketplace or elsewhere, to indicate only a color choice and not the material used to make the finish or coating. And there is nothing before the Court to show that Defendant clearly expressed to Plaintiffs, either within the websites' item description or on a product label, that the "black stainless steel" finish represented a black plastic coating over a stainless steel appliance.  Plaintiffs did not jump to an illogical conclusion in assuming that "black stainless steel" as a finish option represented that the finish was made of stainless steel—and nothing indicates that Plaintiffs ignored any other representations on packaging or item descriptions that clearly indicated that the "black stainless steel" finish consisted of a black, plastic coating over a stainless steel appliance.[14]

The Court finds that Defendant's misrepresentation and omission would have misled a reasonable consumer, as the Plaintiffs were misled.

---

[14] The courts in Defendant's cited cases all found the reasonable consumer standard unmet where the plaintiff disregarded common sense and readily available information. For example, in *Reinitz v. Kellogg Sales Co.*, No. 21-CV-1239, 2022 WL 1813891, at *3 (C.D. Ill. June 2, 2022), the court found that the public understood that a product's specific flavor did not indicate the use of specific ingredients as plaintiff suggested, but rather the intended taste—especially where the label did not include ingredient. Here, Plaintiffs here do not ignore common sense or general knowledge in asserting Defendant's misrepresentation and omission would mislead a reasonable consumer.

### 4. Plaintiffs sufficiently allege that Defendant had a duty to disclose.

Defendant contends that Plaintiffs' complaint fails to plead that Defendant had exclusive knowledge of the undisclosed information, which is required to establish a duty to disclose. ECF No. 91 at 25–26 (citing cases).[15]

Plaintiffs allege that "Defendant was obligated to disclose the true nature of the 'black stainless steel' finish used on its Black Stainless Steel Appliances because Defendant had exclusive knowledge of the material facts not known to Plaintiffs, since only Defendant had exclusive access to its design calling for the application of a temporary, thin, plastic coating as opposed to the promised premium, durable, luxury metal finish." ECF No. 87 at 21, ¶ 52. The complaint also specifically addresses California, New York, and Florida law. Plaintiffs allege under California law, Defendant had a duty to disclose because: (1) Defendant was in a superior position to know the truth about the plastic coating; (2) Plaintiffs could not reasonably have been expected to learn that the finish was made of plastic and not stainless steel; (3) Defendant knew Plaintiffs could not reasonably have been

---

[15] Defendant only briefly mentions duty to disclose standards for South Carolina, Nevada, and Massachusetts, but does not discuss them in relation to the sufficiency of the allegations in this case. ECF No. 91 at 25-26 (citing *Tomasella*, 962 F.3d at 72-75 (1st Cir. 2020) (Massachusetts); and *Harrell v. BMW of N. Am., LLC*, 517 F. Supp. 3d 527, 539 (D.S.C. 2021) (South Carolina)). Thus, Defendant's argument that it did not have a duty to disclose the plastic coating under South Carolina, Nevada, and Massachusetts law is waived for inadequate briefing. *See ADR*, 2023 WL 2719446, at *5 n.4 (an argument is waived for inadequate briefing when a party fails to identify the relevant legal standards or merely mentions or alludes to a legal theory) (citing *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016)).

expected to learn of the plastic coating; and (4) Defendant actively concealed the plastic coating as a "black stainless steel" finish "by knowingly and continually selling, advertising, marketing, and refusing to recall its Black Stainless Steel Appliances from the market." ECF No. 87 ¶ 234. Under New York and Florida law, Plaintiffs allege that Defendant had a duty to disclose because Defendant possessed exclusive knowledge that it was manufacturing, selling, and distributing products that were not as advertised, which it intentionally concealed from Plaintiffs, and Defendant made incomplete representations about the "black stainless steel" finish, while "purposefully withholding material facts from [Plaintiffs] that contradicted these representations." *Id.* ¶ ¶ 52, 235, 299, 335.

Defendant argues that it lacked exclusive knowledge of the plastic finish because this information "was publicized and available for all to see." ECF No. 91 at 26. In support, Defendant relies on cases where allegedly omitted information was either widely known or distributed. For example, in *Hauck*, the court found that the defendant could not be held liable for failing to disclose information that was already public prior to the plaintiff's purchase and where the plaintiff conceded that the information alleged to be in the defendant's exclusive knowledge "was made public and discussed extensively in the press." 2019 WL 1493356, at *13.

Here, Plaintiffs allege that Defendant had "exclusive access" to the design of the "black stainless steel" finish, which it decided and designed to be a thin, plastic

coating. ECF No. 87 at 21, ¶ 52. The existence of one article and Defendant's use of

"coating" on its website does not undermine these allegations or otherwise establish

that the public knew or should have known that the "black stainless steel" finish

consisted of a plastic coating prone to peeling, chipping, and degrading. *See Weeks*

*v. Google LLC*, No. 18-CV-00801 NC, 2018 WL 3933398, at *11 (N.D. Cal. Aug.

16, 2018) (finding plaintiffs' allegations sufficient to establish defendant's exclusive

knowledge even despite allegations that the omission was found in a few consumer

complaints and reviews online). Accordingly, the Court finds that Plaintiffs

sufficiently pled a duty to disclose based on Defendant's exclusive knowledge that

the "black stainless steel" finish was merely a thin, plastic coating.[16]

## C.   Plaintiffs sufficiently pled materiality.

Defendant argues that Plaintiffs failed to sufficiently plead materiality

because there are no allegations in the complaint that the "precise nature of the

manufacturing process used to give the products their 'finish' was somehow

important to a reasonable consumer's choice of the product" and nothing in the

complaint suggests "that a reasonable consumer would perceive a different

manufacturing technique as superior to [Defendant's] fingerprint-resistant acrylic

coating." ECF No. 91 at 27–29.

To establish a cause of action under each of the consumer protection statutes,

---

[16] Finding that Plaintiffs have sufficiently alleged exclusive knowledge, the Court need not decide whether a duty to disclose arises by means of "superior knowledge."

a plaintiff must show that the misrepresentation or omission was likely to affect consumers' conduct or decision regarding a product, or put another way, the misrepresentation or omission was of a fact reasonably relevant to the transaction and of which a reasonable person would attach importance. *See Tomasella*, 962 F.3d at 72 (under Chapter 93A, "the misleading effects must be 'material,' that is likely to affect consumers' conduct or decision with regard to a product"); *Woods v. Maytag Co.*, No. 10-CV-0559 ADS WDW, 2010 WL 4314313, at *16 (E.D.N.Y. Nov. 2, 2010) (GBL § 349 requires a plaintiff to plead that defendant engaged in a materially misleading "deceptive act or practice" so as to induce purchase of the product); *Poole*, 135 Nev. at 287 (a material fact is one that is reasonably relevant to the transaction and one to which a reasonable person would attach importance); *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 862 (9th Cir. 2018) (under the UCL, materiality depends on whether a "reasonable consumer would deem it important in determining how to act in the transaction at issue") (quoting *Collins v. eMachines, Inc.*, 202 Cal.App.4th 249, 134 Cal.Rptr.3d 588, 593 (2011)); *Rino-K&K Compression, Inc. v. Hilco Indus., LLC*, No. MO:21-CV-00036-DC, 2022 WL 2903120, at *6 (W.D. Tex. May 4, 2022) (Materiality under the TDTPA depends on "whether a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction in question.") (quoting *Hannon, Inc. v. Scott*, No. 02-10-00012-CV, 2011 WL

1833106, at *6 (Tex. App.—Fort Worth May 12, 2011, pet. denied)); *Morchem Indus., Inc. v. Rockin Essentials LLC*, No. 1:20-CV-24735-KMM, 2021 WL 5014105, at *8 (S.D. Fla. June 16, 2021) (Under FDUTPA, "deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.") (quoting *Lombardo v. Johnson & Johnson Consumer Companies, Inc.*, 124 F. Supp. 3d 1283, 1287 (S.D. Fla. 2015));[17] *Bracken v. Simmons First Nat. Bank*, No. CIV.A. 6:13-1377-TMC, 2014 WL 2613175, at *6 (D.S.C. June 9, 2014) ("Under South Carolina law, unfair or deceptive trade practices have an adverse impact on the public interest if those acts have the potential for repetition.") (citing *Haley Nursery Co. v. Forrest,* 298 S.C. 520, 381 S.E.2d 906, 908 (S.C.1989)).

In their complaint, Plaintiffs allege that "Defendant withheld material information from Plaintiffs and similarly situated purchasers of Black Stainless Steel Appliances." ECF No. 87 ¶ 19. Plaintiffs also allege that "[they], like all ordinary, reasonable consumers, would not have purchased the Black Stainless Steel Appliances or paid a premium purchase price for the 'black stainless steel' finish if they had known that it was simply a temporary, thin, black plastic coating capable of peeling, flaking, and discoloration." *Id.* ¶ 22.

---

[17] Florida law treats this as an analysis of an FDUTPA's reliance and causation elements. *See Moss v. Walgreen Co.*, 765 F. Supp. 2d 1363, 1367 (S.D. Fla. 2011); *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 691 (S.D. Fla. 2014).

Defendant's argument that Plaintiffs did not allege that the appliance's manufacturing process or technique was important to a reasonable consumer is beside the point.  Here, Plaintiffs selected and paid an extra cost for a "black stainless steel" finish because they expected to receive an appliance with a stainless steel finish.  Plaintiffs have demonstrated that Defendant's misrepresentation that the finish was "black stainless steel" and not a thin, plastic coating was likely to affect a consumer's decision as to whether to select and pay more for the black stainless steel finish.  Nothing about that allegation depends on Defendant's manufacturing process or technique—it instead relies entirely on Defendant's utilized materials. *See Izquierdo*, 450 F. Supp. 3d at 462 (it is materially misleading to "suggest a product contains a greater proportion of a preferred ingredient that it actually does").

Accordingly, Plaintiffs have sufficiently pled materiality.

### D.    Plaintiffs adequately pled reliance and/or causation.

Defendant argues that Plaintiffs failed to sufficiently allege reliance on Defendant's alleged misrepresentation or omission. ECF No. 91 at 29–31. Defendant contends that "no Plaintiff actually alleges that he or she *subjectively* was led to believe that the appliances lacked a coating, and that this belief was what induced them to make their purchase and consequently caused their harm." *Id.* at 30 (emphasis in original). Defendant asserts that instead of alleging Plaintiffs read any of Defendant's advertisements or statements regarding the "black stainless steel"

option, the complaint alleges that Plaintiffs relied on "generalized 'prior favorable experiences' with [Defendant's] products, a 'belief' in the 'reliability' of [Defendant's] 'brand' or both" in deciding to make their purchases. *Id.* Finally, Defendant argues that "[e]ven minimal research would have naturally led Plaintiffs to the same kind of consumer statements Plaintiffs feature in the [complaint] that discuss the nature and existence of the finish." *Id.* at 31.

Of the consumer protection statutes which require a showing of reliance,[18] a plaintiff must show that she subjectively and personally was deceived by the defendant's misrepresentation or omission and/or that her reliance caused her to suffer the loss of money or property.[19]

---

[18] To establish reliance or causation under the FDUTPA, "a plaintiff must simply prove that an objective reasonable person would have been deceived," which the Court has already found. *Hasemann v. Gerber Products Co.*, 331 F.R.D. 239, 257 (E.D.N.Y. 2019) (quoting *Fitzpatrick*, 635 F.3d at 1283); *see also Randolph*, 303 F.R.D. at 691.

[19] *See In re ZF-TRW Airbag Control Units Products Liab. Litig.*, 601 F. Supp. 3d 625, 765–66 (C.D. Cal. 2022), *opinion clarified sub nom. In re: ZF-TRW Airbag Control Units Products Liab. Litig.*, No. LAML1902905JAKFFMX, 2022 WL 19425927 (C.D. Cal. Mar. 2, 2022) (Under the UCL, CLRA, and FAL, plaintiff may establish causation "by showing that in [misrepresentation's] absence the plaintiff in all reasonable probability would not have engaged in the injury-producing conduct."); *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009) (plaintiff's allegation that she relied on "Made in the USA" label and suffered damages as a result satisfied reliance and causation elements of NDTPA claim); *Pennington v. CarMax Auto Superstores Inc.*, No. CIV.A. H-09-1937, 2012 WL 948389, at *3 (S.D. Tex. Mar. 19, 2012) ("[T]DTPA requires the claimant to prove it detrimentally relied on a false, misleading or deceptive act or practice."); *O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F. Supp. 3d 441, 453 (D. Mass. 2018), *on reconsideration*, 370 F. Supp. 3d 204 (D. Mass. 2019) (Chapter 93A requires a plaintiff to allege "he suffer[ed] an 'objective, identifiable harm that goes beyond the deception [or unfairness] itself.' Allegations that the deceptive conduct inflated the product's price, causing the plaintiff to overpay, suffice.") (quoting *Shaulis v. Nordstrom*, Inc., 865 F.3d 1, 10 (1st Cir. 2017)); *Devey v. Big Lots, Inc.*, No. 21-CV-6688L, 2022 WL 6827447, at *4 (W.D.N.Y. Oct. 12, 2022) ("To establish the requisite causal connection between an alleged written misrepresentation and the resulting injury, plaintiff must plausibly allege that she actually viewed the misleading statement

Here, Plaintiffs allege that Defendant misled consumers by offering a "black stainless steel" finish option for their appliances, when the finish actually consisted of a thin, plastic coating, and then charged consumers a premium price, upwards of an additional several hundred dollars, for selecting its "black stainless steel" appliances. ECF No. 87 ¶¶ 40, 41, 56–58, 78, 86, 107, 108, 113. Each Plaintiff alleges they selected the "black stainless steel" option in reliance on Defendant's misrepresentation that the "black stainless steel" finish was made of a durable, black stainless steel and not a thin, plastic coating—thereby showing that each Plaintiff viewed and relied upon both Defendant's misrepresentation and omission in making their selection. The misrepresentation was that the finish was "black stainless steel;" the omission was that the finish was in fact a black, plastic coating. *Id.* ¶¶ 41, 42, 61, 63, 75, 84, 86, 91, 99, 107, 111, 118.

Further, each Plaintiff alleges they paid a premium price for the "black stainless steel" finish in anticipation that this choice of appliance finish was a durable metal and not a thin plastic. *Id.* ¶¶ 57, 58, 64, 78, 87, 93, 94, 100, 108, 113, 120. Plaintiffs allege that the finish is worth less than its premium price and was manufactured with a subpar material: plastic instead of metal. *Id.* ¶¶ 56, 88, 109, 119. Each Plaintiff alleges that had they known the "black stainless steel" finish was

---

prior to making her decision to purchase, and must set forth 'where, when and how [she] came to view' it."); *Turkewitz v. Philips Oral Healthcare, Inc.*, No. 2:17-CV-2603-DCN, 2020 WL 833021, at *3 (D.S.C. Feb. 20, 2020) (SCUTPA requires proof that defendant "caused him to suffer the loss of money and/or property").

actually a thin plastic coating, they would not have selected and paid a premium for the finish or they would not have purchased the appliance at all. *Id.* ¶¶ 56, 59. Plaintiffs have sufficiently alleged reliance/causation. *See Mewhinney v. London Wineman, Inc.*, 339 S.W.3d 177, 183 (Tex. App.—Dallas 2011, pet. denied) (reliance requirement met where evidence indicated consumer specifically relied on the defendant's misrepresentation when deciding to purchase product); *see also Tsao v. Ferring Pharm., Inc.*, No. 4:16-CV-01724, 2017 WL 746451, at *9–10 (S.D. Tex. Jan. 4, 2017), *report and recommendation adopted*, No. 4:16-CV-1724, 2017 WL 749009 (S.D. Tex. Feb. 24, 2017) (TDTPA requires more than conclusory allegation that consumer purchased product in reliance on misrepresentation—plaintiff failed to support assertion that she relied upon defendant's "promise" with specific facts).

Defendant is incorrect in its assertion that Plaintiffs alleged they relied on independent research and prior favorable experiences with Defendant in selecting and purchasing the additional "black stainless steel" finish. Although prior favorable experiences initially led Plaintiffs to look at Defendant's appliances, Plaintiffs clarify that ultimately their selection and purchase of the "black stainless steel" option was due to their reliance on Defendant's representation that the finish would be what it was represented to be: black stainless steel. ECF No. 87 ¶¶ 60, 61, 74, 75, 83, 84, 90, 91, 96, 98, 119. Nothing in the complaint alleges that any of Plaintiffs' prior research informed their decision to select the "black stainless steel" finish.

Further, the Court is unpersuaded by Defendant's argument that Plaintiffs needed only minimal research to discover their foolishness in relying on Defendant's representation that the finish was black stainless steel and not a plastic coating.  At this stage of proceedings, the Court must accept as true Plaintiffs' allegations that they relied upon Defendant's misrepresentation and omission in selecting and purchasing the "black stainless steel" finish. *See Click*, 2020 WL 3118577, at *5 (under a 12(b)(6) review, the plaintiff's allegations are taken as true).

The Court finds that Plaintiffs have sufficiently alleged reliance and causation.[20]  The Defendant's motion to dismiss should be denied as to their contentions that Plaintiffs insufficiently pled their consumer claims.

## V.     PLAINTIFFS SUFFICIENTLY ALLEGED UNFAIR PRACTICES UNDER THE FDUTPA, SCUTPA, CHAPTER 93A, AND UCL, BUT INSUFFICIENTLY ALLEGED UNCONSCIONABLE PRACTICES UNDER THE TDTPA.

Defendant argues that Plaintiffs have failed to plead claims for unfair or

---

[20] In addressing reliance/causation in its reply, Defendant cites *Elson v. Black*, 56 F.4th 1002 (5th Cir. 2023), for the proposition that Plaintiffs fail to sufficiently plead their consumer fraud claims. ECF No. 103 at 11–12. Defendant argues that in *Elson*, the Court faulted the plaintiffs for "failing to specify 'when they viewed the allegedly fraudulent representations' and how much time elapsed between viewing the representations and purchasing the product; for merely averring generally that they saw online advertisements without 'specify[ing] *where* on the website they saw them" or which exact YouTube video or Facebook post they saw; and for merely paraphrasing the type of representation they supposedly relied on without identifying the exact statement.'" ECF No. 103 at 12 (citing *Elson*, 56 F.4th at 1009–10 & n.7). The Court refers Defendant to the above analysis under Rule 9(b), but notes that Plaintiffs alleged they viewed the misrepresentation when they selected their finish option upon purchase on Defendant's and Defendant's vendor's websites under the finish options—screenshots of the exact location of the misrepresentation are included in the complaint. *See* ECF No. 87 ¶¶ 41, 42, 45, 57, 58. Plaintiffs' allegations satisfy *Elson*.

unconscionable practices under the five cited consumer protection statutes[21] which permit claimants to raise claims for "unfair" or "unconscionable" practices separate from allegations of deceptive and fraudulent practices. ECF No. 91 at 31. Defendant continues that despite mentioning the words "unfair" and "unconscionable," Plaintiffs offer "no facts or explanation of *what* about [Defendant's] practices is alleged to be improper." *Id.* (emphasis in original). Plaintiffs respond that their allegations are sufficient and cite to large portions of their complaint, but do not identify any allegations relied upon in making this assertion. ECF No. 101 at 22, 23, 26–28.

### A.   Lee failed to sufficiently allege that Defendant engaged in an unconscionable act or course of action under the TDTPA.

"The DTPA defines an unconscionable action as one which 'takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree' and to the consumer's detriment." *Moskovits v. Mercedes-Benz Fin. Services USA, LLC*, No. 4:21-CV-2260, 2022 WL 3969547, at *5 (S.D. Tex. July 18, 2022) (quoting TEX. BUS. & COM. CODE § 17.45(5), *report and recommendation adopted*, No. 4:21-CV-02260, 2022 WL 3998507 (S.D. Tex. Aug. 31, 2022), *appeal dismissed sub nom. Moskovits v. Mercedes-Benz Fin. Services USA, L.L.C.*, No. 22-

---

[21] The TDTPA, UCL, FDUTPA, SCUTPA, and Chapter 93A each allow claimants to raise claims complaining of unfair or unconscionable practices. TEX. BUS. & COM. CODE § 17.50(a); CAL. BUS. & PROF. CODE § 17200 (unfair practices); FLA. STAT. § 501.204(1) (unfair and unconscionable practices); MASS. GEN. LAWS ch. 93A(a), § 2 (unfair practices); S.C. CODE § 39-5-20(a) (unfair practices).

20522, 2023 WL 2770957 (5th Cir. Mar. 22, 2023). "To prove an unconscionable action or course of action, a plaintiff must show that (1) the defendant took advantage of his lack of knowledge, and (2) 'the resulting unfairness was glaringly noticeable, flagrant, complete, and unmitigated.'" *Id.* (quoting *Bradford v. Vento*, 48 S.W.3d 749, 760 (Tex. 2001)).

In his response, Lee fails to defend the alleged deficiencies of his claim.[22] Even so, the Court finds that his claim is insufficiently pled.  Lee does not identify which of Defendant's act(s) of are unconscionable. Additionally, Lee has not pled that Defendant took advantage of his lack of knowledge, ability, experience, or capacity to a grossly unfair degree, much less how Defendant did so. *See Moskovits*, 2022 WL 3969547, at *5; *see also Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 480– 81 (E.D. Tex. 2021) (dismissing claim where plaintiff made no supporting factual allegations regarding the alleged unconscionable acts); *Diamond Beach Owners Ass'n v. Stuart Dean Co., Inc.*, No. 3:18-CV-00173, 2018 WL 7291722, at *7 (S.D. Tex. Dec. 21, 2018) ("Simply repeating the term 'unconscionable' multiple times in the First Amended Complaint is insufficient, without more, to invoke the DTPA's consumer protections."), *report and recommendation adop*ted, No. 3:18-CV-00173, 2019 WL 245462 (S.D. Tex. Jan. 17, 2019).

---

[22] Lee includes a citation to several pages of his complaint but does not identify which allegations he relies upon in concluding that he met his pleading requirement. ECF No. 101 at 22.

Because it is insufficiently pled, the Court should grant Defendant's motion
to dismiss Lee's unconscionability claim.

### B.     Plaintiffs have alleged claims for unfair practice under the FDUTPA, SCUTPA, and Chapter 93A.

Defendant argues that Plaintiffs have failed to allege any "unfair" claims
"distinct from their deception claims." ECF No. 91 at 31. Although it appears that
Plaintiffs primarily focus their various consumer claims on Defendant's deceptive
conduct, courts have found that allegations of deceptive practices also satisfy
pleading requirements for unfair practices.[23] *See Badawi v. Brunswick Corp.*, No.
8:21-CV-1825-TPB-AAS, 2022 WL 613807, at *3 (M.D. Fla. Mar. 2, 2022) ("An
unfair and deceptive practice under FDUTPA includes conduct such as an omission
'that is likely to mislead the consumer acting reasonably in the circumstances, to the
consumer's detriment.'") (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.
2d 773, 777 (Fla. 2003)); *Kirby v. Red Bull N. Am., Inc.*, No. 3:19-CV-2701-CMC,
2020 WL 509139, at *3 (D.S.C. Jan. 31, 2020) (SCUTPA); *Gov't Employees Ins.
Co. v. Barron Chiropractic & Rehab., P.C.*, No. 1:16-CV-10642-ADB, 2017 WL

---

[23] "To establish an unfair practice [under FDUTPA], the plaintiff must show that it is one that
offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or
substantially injurious to consumers." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1097 (11th
Cir. 2021) (cleaned up). Under SCUTPA, "[a]n unfair act is one that 'is offensive to public policy
or when it is immoral, unethical, or oppressive[.]'" *Lee*, 2022 WL 4243957, at *9 (quoting *World
Cam*, 2021 WL 4132100, at *6). "[A]n act is unfair within the meaning of Chapter 93A if it is
'oppressive or otherwise unconscionable in any respect.'" *Odemena v. Devlin*, No. 14-CV-12591-
ADB, 2015 WL 13376541, at *4 (D. Mass. June 24, 2015) (quoting *Datacomm Interface, Inc. v.
Computerworld, Inc.*, 396 Mass. 760, 778 (1986)).

3526255, at *7 (D. Mass. Aug. 16, 2017) (Chapter 93A). Therefore, even though the complaint repeatedly discusses the misleading and deceptive misrepresentation and omission, the Court finds that this conduct also constitutes an unfair practice under FDUTPA, Chapter 93A, and SCUTPA.

### C.   Covington and Murray sufficiently allege a claim under the unfair prong of the UCL.

California law defines unfair competition as "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200. "Because section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair or fraudulent. A practice is prohibited as unfair or deceptive even if not unlawful or vice versa." *Brooks v. Bank of Am., N.A.*, No. 20-CV-01348-BAS-LL, 2021 WL 1541643, at *3 (S.D. Cal. Apr. 20, 2021) (quoting *Lippitt v. Raymond James Fin. Servs. Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003)); *see also Lee v. Pep Boys-Manny Moe & Jack of Cal.*, 186 F. Supp. 3d 1014, 1034 (N.D. Cal. 2016) ("Under the unfairness prong of the UCL, a practice may be deemed unfair even if not specifically proscribed by some other law.").

"To state a claim under the unfair prong of the UCL, a plaintiff needs to plead conduct that either: (1) 'offends an established public policy,' or (2) 'is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers' and the utility of that conduct is outweighed by the harm to the consumer." *Teton Glob.*

*Investments LLC v. LC Inv. 2010*, No. 20-CV-01756-AJB-MSB, 2021 WL 5861565, at *2 (S.D. Cal. Aug. 11, 2021) (quoting *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012)). "The determination of whether a business practice is unfair 'involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim. . . .'" *Id.* (citing *Wilner v. Sunset Life Ins. Co.*, 78 Cal. App. 4th 952, 965 (2000)).

Here, Plaintiffs allege that Defendant's practice of "lulling consumers into believing that the Black Stainless Steel Appliances featured a premium, durable, luxury 'black stainless steel' finish, when in fact it was a temporary, thin, plastic coating that was prone to peel, chip, flake, bubble, and prematurely degrade through the ordinary use of the Black Stainless Steel Appliances" inflicted harm on consumers and provided no benefit or utility. ECF No. 87 ¶¶ 252, 253. Plaintiffs specifically allege that Defendant's actions are "unfair" because Defendant falsely represented the "black stainless steel" finish as a "premium, durable, luxury metal finish" to cause consumers to purchase the premium finish, leaving consumers with a plastic coating that is prone to "peel, chip, flake, bubble, and prematurely degrade." *Id.* ¶ 259.

Such allegations are sufficient to demonstrate that Defendant's actions are

unfair under the balancing test. *See Brooks*, 2021 WL 1541643, at *5; *see also Hawkins v. Kroger Co.*, No. 15-CV-2320 JM (BLM), 2019 WL 1506845, at *5 (S.D. Cal. Apr. 4, 2019) (finding that "nothing more" than the allegation that defendant's action causes harm and provides little utility was required to state a claim under the UCL's unfair prong).[24]

To summarize, Defendant's motion to dismiss should be granted as to Plaintiffs' unconscionability claim under the TDTPA but should be denied as to Plaintiffs' claims for unfair business practices under the FDUTPA, SCUTPA, Chapter 93A, and UCL.

## VI.   PLAINTIFFS SHOULD BE PERMITTED TO ALTERNATIVELY PLEAD UNJUST ENRICHMENT CLAIMS.

Even though Plaintiffs have raised unjust enrichment claims under various state laws, "[t]he law is essentially the same." *Lee*, 2022 WL 4243957, at *17. "As one court summarized it: 'unjust enrichment requires the same essential showing in every jurisdiction—the defendant unjustly obtained a benefit at the plaintiff's

---

[24] Also, "[t]he actual weighing of the parties' respective interests is not appropriately resolved at the pleading stage." *Brooks*, 2021 WL 1541643, at *5 (citing *In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*, No. 3:19-CV-2284-H-KSC, 2020 WL 2214152, at *12 (S.D. Cal. May 7, 2020) (defendant's arguments against plaintiff's unfair practices UCL claim "are better suited for a motion for summary judgment when the record is more fully developed"); *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 990 (N.D. Cal. 2016) (holding, on a motion to dismiss, that "[w]hether Defendants' public policy violation is outweighed by the utility of their conduct under the balancing test is a question to be resolved at a later stage in this litigation"); *Puentes v. Wells Fargo Home Mort.*, 160 Cal. App. 4th 638, 645 n.5 (2008) (noting that "[t]he issue of whether a practice is deceptive or unfair is generally a question for the trier of fact," though it "may be disposed of by summary judgment on undisputed facts")).

expense such that restitution is warranted.'" *Id.* (quoting *In re Checking Acct. Overdraft Litig.*, 307 F.R.D. 630, 653 (S.D. Fla. 2015)).

Defendant asserts that "Plaintiffs' unjust enrichment claims fail because they are premised on the same underlying theory of fraud as their statutory claims: that [Defendant] 'knowingly accepted . . . unjust benefits' by selling 'the Black Stainless Steel Appliances with a thin, black plastic coating—instead of a durable metal finish." ECF No. 91 at 32.  Defendant specifies that because Plaintiffs' fraud claims fail, so too must Plaintiffs' unjust enrichment claims. *Id.* at 32. For the same reasons detailed above, the Court rejects Defendant's incorporated argument.[25]

Defendant next argues that Plaintiffs' claims for unjust enrichment should be dismissed because other adequate legal remedies via consumer fraud claims are available to Plaintiffs. *Id.* at 32–33.  Specifically, Defendant argues that the "mere availability of these remedies renders the equitable theory of unjust enrichment unavailable." *Id.* at 33.

As this Court previously explained regarding Plaintiffs' unjust enrichment claims, "Plaintiffs may plead alternative theories." *Lee*, 2022 WL 4243957, at *18; *see also Berry*, 2022 WL 18671067, at *10–11 (permitting fraud, breach of warranty, and unjust enrichment claims to proceed); *Click*, 2020 WL 3118577, at *10 (rejected

---

[25] The Court also notes that Defendant's assertion that it could not knowingly accept unjust benefits because "it openly disclosed the acrylic coating" is unconvincing considering the whole of Plaintiffs' allegations, which the Court must accept as true at this time. ECF No. 91 at 32.

defendant's argument to dismiss plaintiffs' unjust enrichment claim of alternate, available remedies, and instead, permitted plaintiffs to plead unjust enrichment claim in the alternative).  "Rule 8(a)(3) provides that a pleading 'may include relief in the alternative or different types of relief.'" *Lee*, 2022 WL 4243957, at \*18 (quoting FED. R. CIV. P. 8(a)(3)).  As a result, pleading alternative theories is an insufficient basis for granting a motion to dismiss. *See id.* (citing *Gordon v. Sig Sauer, Inc.*, No. CV H-19-585, 2020 WL 6118466, at \*16 (S.D. Tex. Oct. 16, 2020)).  At this juncture, the Court recommends permitting Plaintiffs to plead their unjust enrichment claims in the alternative.  Thus, Defendant's motion to dismiss Plaintiffs unjust enrichment claims, aside from Mendez's time-barred unjust enrichment claim,[26] should be denied.

---

[26] Concerning Mendez's unjust enrichment claim, Defendant argues that she has failed to allege that Defendant received a direct and specific benefit from her purchase of the appliances at issue, as required under New York law. ECF No. 91 at 33 (citing *Legurnic v. Ciccone*, 63 F. Supp. 3d 241, 248 (E.D.N.Y. 2014)). "The Second Circuit has explained that, under the law of New York, 'the requirement of a connection between plaintiff and defendant is a modest one: [an unjust enrichment] claim will not be supported if the connection between the parties is too attenuated.'" *Miami Products & Chem. Co. v. Olin Corp.*, No. 1:19-CV-00385 EAW, 2022 WL 3701159, at \*4 (W.D.N.Y. Aug. 26, 2022) (quoting *Myun-Uk Choi v. Tower Rsch. Cap. LLC*, 890 F.3d 60, 69 (2d Cir. 2018)). "There need not be a direct relationship between the parties." *Id.* "[T]his means that under New York law, while 'a product's indirect purchaser cannot assert an unjust enrichment claim against an entity that manufactured one of that product's *ingredients* . . . [,] the indirect purchaser can assert such an unjust enrichment claim against the manufacturer of the *product* itself.'" *Id.* (quoting *Waldman v. New Chapter, Inc.*, 714 F. Supp. 2d 398, 403 (E.D.N.Y. 2010) (emphasis in original). Here, Mendez asserts an unjust enrichment claims against Defendant, the manufacturer. Accordingly, the Court finds that Mendez's allegations sufficiently state a claim for unjust enrichment. *See id.*

## VII.  CONCLUSION

The Court recommends that Defendant's motion to dismiss, ECF No. 91, should be **GRANTED IN PART AND DENIED IN PART, AS FOLLOWS**:

- Defendant's Motion to Dismiss should be **GRANTED** as to Mendez's GBL § 349 claim and unjust enrichment claim. Such claims are time-barred and should be **DISMISSED WITH PREJUDICE**.

- Defendant's Motion to Dismiss should be **GRANTED** as to Lee's unconscionability claim under the TDTPA.  This claim is insufficiently pled and should be **DISMISSED WITH PREJUDICE**.

- Defendant's Motion to Dismiss should be **DENIED** as to all remaining claims.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on June 28, 2023.

_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**