United States District Court
Southern District of Texas

**ENTERED**

February 13, 2024

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ADAM LEE,** *et al.***,** | § | |
| | § | |
| *Plaintiffs***,** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:21-CV-01321** |
| | § | |
| **SAMSUNG ELECTRONICS AMERICA, INC.,** | § | |
| | § | |
| | § | |
| *Defendant***.** | § | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiffs Adam Lee, Kimberly Einiger, Howard Roscoe, Anastasia Danilova, Keith Covington, Myra Mendez, Paula Murray, and Gregory Elliott (collectively, "Plaintiffs") filed the instant class action individually and on behalf of others similarly situated based on their purchases of Defendant Samsung Electronics America, Inc.'s ("Defendant") kitchen appliances with a black stainless steel finish. After numerous opportunities to amend, Plaintiffs now assert claims for violations of various state consumer protection laws as well as for common law unjust enrichment.[1] ECF No. 87.

---

[1] Plaintiffs allege that Defendant violated the following consumer protection laws: The Texas Deceptive Trade Practices Act ("Texas DTPA"), TEX. BUS. & COM. CODE §17.01, *et seq.*; the Nevada Deceptive Trade Practices Act ("Nevada DTPA"), NEV. REV. STAT. §598.0903, *et seq.*; the Massachusetts Regulation of Business Practices for Consumer Protection law ("Chapter 93(A)"), MASS. GEN. LAWS. ch. 93A, *et seq.*; the California Consumer Legal Remedies Act ("CLRA"), CAL. CIV. CODE § 1750, *et seq.*; the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et seq.*, the California False Advertising Law ("FAL"), CAL. BUS. & PROF. CODE § 17500, *et seq.*; the New York Consumer Protection from Deceptive Acts and Practices statute ("NY GBL"), N.Y. GEN. BUS. LAW § 349; the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.201, *et seq.*; and the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. CODE § 39-5-10, *et seq.* ECF No. 87.

Pending before the Court is Defendant's Motion to Dismiss Plaintiffs' Consolidated Third Amended Complaint ("CAC" or "Complaint"). ECF No. 91. This Court referred the case to the Magistrate Judge to conduct all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1). ECF No. 31. On June 28, 2023, Judge Palermo issued a Report and Recommendation recommending that the Motion to Dismiss be granted in part and denied in part ("R&R"). ECF No. 106.

For the reasons that follow, the Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R. Accordingly, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

The core of Plaintiffs' allegations is that Defendant sold appliances "with a 'black stainless steel' finish while concealing and omitting that the finish was a temporary, thin plastic coating—rather than a colored metal finish—and that the finish was prone to premature peeling, flaking, and degrading." ECF No. 87 at 52.

Defendant moves to dismiss Plaintiffs' CAC in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). Judge Palermo's R&R recommends dismissal of New York Plaintiff Mendez's claims as barred by the statute of limitations, as well as Plaintiff Lee's unconscionability claim under the Texas DPTA as insufficiently pleaded. The R&R recommends that the Court deny dismissal of all other claims.

Defendant filed a timely partial objection to the R&R. ECF No. 112. Defendant objects to all portions of the R&R that recommend denying Defendant's MTD. Plaintiffs did not file objections to the R&R.

## II.     STANDARD OF REVIEW

A court may dismiss a complaint for "failure to state a claim upon which relief can be

granted." FED. R. CIV. P. 12(b)(6). When considering such a motion, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading need not contain detailed factual allegations but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

A party may file written objections to a proposed R&R within 14 days of being served with a copy. 28 U.S.C. § 636. If such objections are timely filed, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, if no timely objection is made, the court need only review the R&R to determine whether it is "clearly erroneous or contrary to law." *Garcia v. Sessions*, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) (quoting *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017)).

## III.   ANALYSIS

### A.  Recommendation that Defendant's Motion to Dismiss be granted in part

Neither party objects to the R&R's recommended dismissal of: 1) Plaintiff Mendez's NY GBL claim and unjust enrichment claim as barred by the statute of limitations, and 2) Plaintiff Lee's unconscionability claim under the Texas DTPA as insufficiently pleaded. Finding no clear

error, the Court adopts the R&R's recommended dismissal with prejudice of these claims.

**B.  Plaintiffs' claims for fraud under state consumer protection statutes**

Plaintiffs' CAC alleges that Defendant violated several state consumer protection statutes by (1) misrepresenting its appliances' finish by representing the finish as "black stainless steel" and not a thin plastic coating; and (2) failing to disclose the thin, plastic coating to consumers. Defendant urges the Court to overrule the R&R's recommendation that its Motion to Dismiss be denied with respect to Plaintiffs' claims alleging misrepresentation or omission in violation of these statutes.

The Court agrees with the parties and Judge Palermo that the state consumer protection statutes share certain core elements: (1) a misrepresentation or omission, (2) a duty to disclose, (3) materiality, and (4) reliance or causation. *See* ECF No. 106 at 18. Defendant argues that Plaintiffs fail to allege facts plausibly establishing any of these elements. ECF No. 112 at 7.

After conducting a de novo review, the Court adopts the R&R's findings that Plaintiffs have plausibly alleged that the phrase "black stainless steel" constitutes a material and objectively deceptive misrepresentation or omission upon which Plaintiffs relied when purchasing their Samsung appliances. This satisfies three of the four required elements of fraud. However, as explained below, the Court finds that Plaintiffs have sufficiently alleged reliance or causation on Defendant's alleged misrepresentation or omission under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") for reasons different from those stated in the R&R. Lastly, as to duty to disclose, the Court overrules the R&R's recommendation that Defendant's Motion to Dismiss be denied as to Plaintiff Roscoe (South Carolina) and Plaintiff Einiger's (Nevada) claims for fraud based on omission.

*i.   Reliance or causation element*

As Judge Palermo recognized, under the reliance or causation element of fraud, "a plaintiff must show that she subjectively and personally was deceived by the defendant's misrepresentation or omission and/or that her reliance caused her to suffer the loss of money or property." ECF No. 106 at 36; *see also id.* at 36 n.19 (listing cases). The Fifth Circuit has emphasized that Rule 9(b) "demands 'the who, what, when, and where [to] be laid out *before* access to the discovery process is granted.'" *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)) (emphasis in original); *see also* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

Because Defendant's objections to the R&R's findings on reliance and causation rely extensively on the Fifth Circuit's decision in *Elson*, *see* ECF Nos. 112 at 15-18; 118 at 6-8, the Court will explain how the facts of that case are distinguishable and why this warrants a different outcome in the present case. In *Elson*, the Fifth Circuit—applying the same California, Florida, New York, and Nevada consumer protection statutes at issue in this case—affirmed the district court's finding that the plaintiffs had failed to plead fraud with the specificity required under Rule 9(b). *Elson*, 56 F.4th at 1010. The premise of the action in *Elson* was that the defendants had intentionally misrepresented the efficacy of a massage device called the "FasciaBlaster" to mislead the plaintiffs into purchasing it. The court faulted the plaintiffs for several "fatal defects" in their pleadings, including their failure to adequately specify "when the representation upon which they relied upon occurred," "when they viewed the allegedly fraudulent representations," and "the location of the representations." *Id.* at 1009-10.

*Elson* is distinguishable from the present case in several important regards. First, the

alleged misrepresentations in *Elson* stemmed from allegedly false statements in advertisements for the device: "According to Plaintiffs, Defendants falsely advertised that the FasciaBlaster was able to 'virtually eliminate cellulite,' help with weight loss, and relieve pain. Defendants also allegedly lied about the product's effects being supported by scientific studies." *Elson*, 56 F.4th at 1005. By contrast, here, the alleged misrepresentation is in the *name* of the product itself: "black stainless steel." As Plaintiffs allege, they "purchased the Black Stainless Steel Appliances . . . based on their reasonable expectation that the Black Stainless Steel Appliances included a durable metal 'black stainless steel' finish as advertised, and without knowledge that the 'black stainless steel' finish was in fact a temporary, thin, black plastic coating." ECF No. 87 ¶ 20. Judge Palermo's R&R correctly found that Plaintiffs' misrepresentation claims cannot turn on Defendant's use of terms like "luxury" and "durable"—i.e., terms that constitute non-actionable puffery. ECF No. 106 at 21. Instead, "reading the complaint as a whole, Plaintiff[s'] alleged misrepresentation is that Defendant represented that the finish was 'black stainless steel,' a material known to be durable and not prone to chipping, peeling, and degrading." *Id.* Thus, the alleged misrepresentation and omission are inherent to the phrase itself. Clearly every Plaintiff was personally exposed to the phrase, at the very least at the time of purchase when they confirmed their selections and paid a premium for the black stainless steel finish. This is materially different from the facts in *Elson*, where the alleged misrepresentation lay not in the name of the product, but in specific claims made about product's effects in advertisements.

In this sense, the alleged misrepresentation at issue here is more similar to the "blueberry bagel" in *Izquierdo* than the "FasciaBlaster" in *Elson*. *See Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453, 461–62 (S.D.N.Y. 2020). The court in *Izquierdo* found that the plaintiff had plausibly alleged that a reasonable consumer was likely to be misled that the defendant's

"blueberry bagel" label indicated that the bagel consisted of real blueberries, and not primarily imitation blueberries:

> Plaintiff alleges that the Bagel is advertised in stores with a placard reading "Blueberry" and online as a "Blueberry Bagel," and that it appears to contain discrete pieces of fruit scattered throughout the bagel. . . . In addition, the following facts heighten the risk of confusion: (1) the Bagel appears under a sign advertising Defendant's commitment to "clean food" and "menu transparency,"; and (2) the Bagel is sold alongside a Blueberry Muffin that contains only real blueberries and no imitation blueberries.

*Id.* (internal citations omitted).

Additionally, the *Elson* court acknowledged that the "**several** fatal defects" in the plaintiffs' allegations distinguished the case from cases in which courts have found that plaintiffs satisfied Rule 9(b)'s heightened pleading requirements. *Elson*, 56 F.4th at 1010 (emphasis added). As one example of a distinguishable case, the *Elson* court cited to *Click v. Gen. Motors LLC*, in which the plaintiffs alleged "that they saw GM's advertisements in the weeks and months prior to their purchases" and referenced "specific advertisements, press releases, and brochures issued by GM." No. 2:18-CV-455, 2020 WL 3118577, at *6 (S.D. Tex. Mar. 27, 2020). Similarly, here, while Plaintiffs' pleadings do not explicitly state that "X Plaintiff saw X misrepresentation/omission on X date on X website," Plaintiffs do provide their dates of purchase and include citations to and screenshots and quotes of Defendant's alleged misrepresentation on various websites.[2] *See* ECF No. 87 ¶¶ 40-45. Defendant argues that "[t]here are no allegations that any of the *Plaintiffs* ever visited those websites, saw the content featured in the screenshots, or bought the specific products featured, let alone 'selected their finish option' through the interfaces on those websites." ECF No. 112 at 17 (emphasis in original). In response, the Court reiterates that

---

[2] The Court disagrees with the R&R's assertion that Plaintiffs satisfy *Elson* because they allege that they "viewed the misrepresentation when they selected their finish option upon purchase on Defendant's and Defendant's vendor's websites under the finish options." ECF No. 106 n.20. The Court does not find evidence of this in the CAC.

the alleged misrepresentation or nondisclosure is *embedded in* the name of the finish: black stainless steel, which every Plaintiff at the very least alleges they encountered when purchasing their appliances and paying a premium for that specific finish. *See* ECF No. 87 ¶¶ 53, 77, 86, 93, 99, 107, 112, 119. On a more theoretical level, the Court agrees with another district court on the application of Rule 9(b):

> **The Fifth Circuit has held that the application of Rule 9(b) is context-specific**. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009). The statement of fraud with particularity does not require detailing every instance of circumstances thought to be actionable. *Id.* "And surely a procedural rule ought not be read to insist that a plaintiff plead the level of detail required to prevail at trial." *Id.* at 189. Rather, **the requirement of particularity in fraud pleadings is meant to provide defendants with fair notice of the claims**, protect defendants from harm to reputation and goodwill arising from speculative pleadings, and preclude plaintiffs from bringing suit as a pretext for discovery in order to discover whether any fraud actually occurred.

*Stevens v. Ford Motor Co.*, No. 2:18-CV-456, 2020 WL 12573279, at *4 (S.D. Tex. Nov. 2, 2020) (emphasis added). Plaintiffs' allegations do not suffer from "several fatal defects," as was the case in *Elson.* Their pleadings are sufficient to put Defendant on notice of the nature of the fraud claim and demonstrate that they have a factual basis for their allegations.

### ii. Duty to disclose for fraud claims based on omissions

The R&R found that, to the extent Plaintiffs pursue a theory premised on omissions rather than affirmative misrepresentations, Plaintiffs sufficiently allege that Defendant had a duty to disclose the plastic coating. The Court agrees as to California, Texas, New York, and Florida law, which require allegations of "exclusive knowledge" by the defendant. *See* ECF 112 at 19 n.16 (citing cases).

The R&R found that Defendant waived for inadequate briefing its argument that it did not have a duty to disclose under South Carolina, Nevada, and Massachusetts law. ECF No. 106 at 30 n.15. The Court disagrees. As Defendant notes, in its Motion to Dismiss, it "cited on-point cases

identifying the legal standard in each of those states, followed by argument that the CAC fails to 'plausibly allege[] a duty to disclose' under any of those standards." ECF No. 112 at 21 (internal citations omitted). Defendant did not waive this issue, and the Court will apply the law to determine if Plaintiffs in South Carolina, Nevada, and Massachusetts pleaded the required relationship to invoke a duty to disclose under those state's laws.

South Carolina requires a definite or intrinsically fiduciary relationship, or one similarly involving "trust and confidence . . . with reference to the particular transaction in question, or else from the circumstances of the case, the nature of their dealings, or their position towards each other." *Jacobson v. Yaschik*, 155 S.E.2d 601, 605 (1967); *see also Harrell v. BMW of N. Am., LLC*, 517 F. Supp. 3d 527, 539 (D.S.C. 2021) ("[T]he relationship between a purchaser and a seller is not a fiduciary one . . . ."). The CAC does not allege that Defendant and South Carolina Plaintiff Roscoe were in a fiduciary relationship, contract, or any other type of relationship in which "trust and confidence in the particular case is necessarily implied." *Jacobson* 155 S.E.2d at 605. In comparison, in *Harrell*, a district court found that the plaintiff had plausibly alleged that the defendant, an automobile manufacturer, had a duty to speak: the pleading included allegations that the defendant was aware of the defect before the plaintiff purchased the vehicle in question, "concealed the defect while the warranties were in effect, and issued [technical service bulletins] and a customer care program to conceal the severity of the defect and reduce customer complaints." 517 F. Supp. 3d at 540. No comparable allegations exist in the CAC—in fact, Plaintiffs abandoned all defect-related allegations after an earlier R&R rejected that theory. *See* ECF No. 91 at 17. Plaintiffs, in their Response Brief, fail to defend the alleged deficiencies in Plaintiff Roscoe's claim. *See* ECF No. 15-17. The Court finds that Plaintiff Roscoe insufficiently alleged facts creating a duty to disclose under South Carolina law.

In Nevada, a "straightforward vendor-vendee relationship . . . as a matter of law, creates no fraud-based duty to disclose." *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1417 (D. Nev. 1995) (internal quotation marks omitted); *see also Mackintosh v. Jack Matthews & Co.*, 855 P.2d 549, 553 (1993) (holding that a duty to disclose may exist where parties have a "special relationship," such as a fiduciary relationship or a "situation where one party imposes confidence in the other because of that person's position, and the other party knows of this confidence."). Again, Plaintiffs, in their Response Brief, fail to defend the alleged deficiencies in Plaintiff Einiger's claim. *See* ECF No. 15-17.  Based on the CAC, it appears that Plaintiff Einiger and Defendant were engaged in an arms-length transaction. The Court finds that the CAC insufficiently alleges facts that would create a "special relationship" between Defendant and Plaintiff Einiger such that Defendant would have a duty to disclose under Nevada law.

Lastly, Massachusetts requires one be under a "duty to the other to exercise reasonable care to disclose the matter in question." *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 71 (1st Cir. 2020) (quoting *Underwood v. Risman*, 414 Mass. 96, 605 N.E.2d 832, 836 (1993)). Examples cited to by the First Circuit of omissions giving rise to liability based on deception include "presenting a product as new, even though it is actually used, without correcting the misimpression created, or **omitting 'that a simulated-wood product was actually made of paper.'**" *Id.* at 72 (internal citation omitted) (emphasis added) (quoting *In the Matter of Int'l Harvester Co.*, 104 F.T.C. 949, 1058 (1984)). The Court finds that the CAC plausibly alleges that Defendant had a duty to "exercise reasonable care to disclose" the material of the black stainless steel finish to Plaintiff Danilova.

To summarize, the Court grants Defendant's motion to dismiss Plaintiffs Roscoe and Einiger's claims for fraud based on omission under South Carolina and Nevada law, respectively.

This does not bear on their claims of affirmative misrepresentation. The Court denies Defendant's motion to dismiss Plaintiffs' claims for omission-based fraud under Massachusetts, California, Texas, New York, and Florida law.

### C.   Plaintiffs' claims for unjust enrichment, and for unfair practices under California, Florida, Massachusetts, and South Carolina law

Defendant objects to the R&R's recommendation that Plaintiffs be permitted to alternatively plead unjust enrichment claims. ECF No. 112 at 23. Defendant also objects to the R&R's recommendation that Plaintiffs be allowed to proceed with claims for "unfair" acts under the California (UCL), Florida (FDUTPA), Massachusetts (Chapter 93A), and South Carolina (SCUTPA) consumer protection statutes. *Id.* at 21-23.

After conducting a de novo review, the Court adopts the R&R's recommendations as to these claims and reminds Defendant that, at the motion to dismiss stage, the "court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim." *Queen v. Ocwen Loan Servicing*, LLC, No. 12-CV-2049, 2012 WL 5198358, at *2 (S.D. Tex. Oct. 19, 2012) (citing *U. S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004)).

Assuming the allegations in the CAC are true, and taking those allegations in the light most favorable to the Plaintiffs, the Court is satisfied that Plaintiffs 1) may plead unjust enrichment claims in the alternative and, 2) have adequately pleaded claims for unfair acts under the California, Florida, Massachusetts, and South Carolina consumer protection statutes.

### D.   Timeliness of Plaintiffs' claims

Defendant argues that the unjust enrichment claim brought by Plaintiff Murray (California) and all claims brought by Plaintiffs Lee (Texas), Danilova (Massachusetts), and Covington

(California) are time-barred based on their respective purchase dates. [3] Defendant objects to the R&R's recommendation that these Plaintiffs have sufficiently alleged facts demonstrating that their claims are timely because they were tolled by the discovery rule. The Court adopts the recommendations in the R&R and adds a couple of points to the analysis in response to Defendant's objections.[4]

The discovery rule "defers accrual of a cause of action if (1) the nature of the injury incurred is inherently undiscoverable and (2) the evidence of injury is objectively verifiable." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009); *see also Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (internal quotation marks omitted) ("Plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation."); *Taygeta Corp. v. Varian Assocs.*, Inc., 763 N.E.2d 1053, 1063 (2002) (internal quotation marks omitted) (stating that the discovery rule tolls the statute of limitations in actions where the wrong is "inherently unknowable," and the appropriate standard to be applied when

---

[3] Despite Defendant's contention that unjust enrichment claims are subject to a two-year statute of limitations in California, the Court agrees with the R&R that "California law provides a three-year limitations period for unjust enrichment claims" based on fraud or mistake. *BASF Corp. v. Cesare's Collision Repair & Towing, Inc*., 364 F. Supp. 3d 1115, 1122 (E.D. Cal. 2019).

[4] The Court agrees with Defendant that the "party seeking to benefit from the discovery rule [here, Plaintiffs] must also bear the burden of proving and securing favorable findings thereon" because they will "generally have greater access to the facts necessary to establish that it falls within the rule." *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988); *see also Hinton v. Pac. Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993) ("The burden of alleging facts which would give rise to tolling falls upon the plaintiff."); *Albrecht v. Clifford*, 767 N.E.2d 42, 49 (2002) (quoting *Friedman v. Jablonski*, 358 N.E.2d 994, 998 (1976)) ("Plaintiffs who assert that their cases should not be barred by the statute of limitations have the burden of demonstrating that they did not know of the defect within the statute of limitations and that 'in the exercise of reasonable diligence, they should not have known.'"). Although the R&R erred in placing the burden on Defendant, *see* ECF No. 106 at 6, the Court finds that Plaintiffs have met their burden and therefore reaches the same conclusions on timeliness as the R&R.

assessing a plaintiff's knowledge or notice of the wrong is "that of a reasonable person in the plaintiff's position").

Defendant argues that the R&R erred by 1) incorrectly applying a standard for the discovery rule that asks whether the issue could have been "easily discovered at the time of purchase," and 2) ignoring the ways that the physical nature of the coating on Defendant's black stainless steel appliances was in the public domain. ECF No. 112 at 24-25. The Court finds that the R&R applied the correct standard and did not overlook information about the non-steel coating that was in the public domain. *See, e.g.*, ECF No. 106 at 10 ("The facts alleged do not suggest that Plaintiffs knew or should have known through reasonable diligence about the issue any earlier.").

Defendant's proposed application of "inherently undiscoverable" is improperly narrow. "An injury is inherently undiscoverable if it is, by its nature, **unlikely** to be discovered within the prescribed limitations period despite due diligence." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (Tex. 2001) (emphasis added). The term "unlikely" does not mean "impossible." The question before the Court is "not whether [Plaintiffs] detected the alleged [issue] within the limitations period. Rather, [the Court] must decide whether theirs is 'the type of injury that generally is discoverable by the exercise of reasonable diligence.'" *Id.* at 735 (quoting *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex.1998)).

Here, Defendant cites to single source of publicly available information in which a Samsung representative or spokesperson disclosed the non-steel nature of the coating: a 2018 *Consumer Reports* article containing a quote from a Samsung spokesperson describing Samsung's black stainless steel as "[s]tainless **with an acrylic coating**." *See Kimberly Janeway*, The Appeal of Black Stainless Steel Appliances, CONSUMER REPORTS (Feb. 11, 2018), https://www.consumerreports.org/kitchen-appliances/the-appeal-of-blackstainless-appliances/

(emphasis added). This article is irrelevant to Plaintiffs Lee and Danilova, who purchased their appliances in 2016 and 2017, *before* the article was published. In the case of Plaintiffs Covington and Murray, who purchased their appliances after the article was published, the Court finds it plausible that, despite exercising due diligence or conducting a reasonable investigation, the Plaintiffs did not come across the words "acrylic coating" at the end of one online article, and instead discovered the issue when the finish started to peel, flake, or bubble. Moreover, the Court rejects Defendant's view that scattered online reviews from customers dissatisfied with the finish constitutes "disclosure through widely read media." ECF No. 112 at 13.

Accepting the facts in the CAC as true, the Court finds it plausible that the fact that Plaintiffs' appliances were coated in black plastic and not made of black stainless steel was unlikely to be discovered within the prescribed limitations period, despite Plaintiffs' due diligence.

## IV.   CONCLUSION

Defendant's Motion to Dismiss, ECF No. 91, is **GRANTED IN PART** and **DENIED IN PART**, as follows:

- Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff Mendez's NY GBL claim and unjust enrichment claim. These claims are time-barred and are **DISMISSED WITH PREJUDICE**.

- Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff Lee's unconscionability claim under the Texas DTPA. This claim is insufficiently pleaded and is **DISMISSED WITH PREJUDICE.**

- Defendant's Motion to Dismiss is **GRANTED** as to Plaintiffs Roscoe and Einiger's claims for fraud based on omission under South Carolina and Nevada law, respectively. These claims are insufficiently pleaded and are **DISMISSED WITH PREJUDICE.**

- Defendant's Motion to Dismiss is **DENIED** as to all remaining claims.

      **IT IS SO ORDERED.**

      **SIGNED** at Houston, Texas, on this the 13th day of February, 2024.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE