United States District Court
Southern District of Texas
**ENTERED**
April 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADAM LEE, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-01321 |
| § | |
| SAMSUNG ELECTRONICS AMERICA, § | |
| INC., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM AND ORDER

Plaintiffs[1] filed the instant class action individually and on behalf of others similarly situated based on their purchases of Defendant Samsung Electronics America, Inc.'s ("Defendant's" or "Samsung's") kitchen appliances with a black stainless steel finish. In their Consolidated Third Amended Class Action Complaint ("CAC" or "Complaint"), Plaintiffs assert claims for violations of various state consumer protection laws with six state sub-classes and claims for common law unjust enrichment with three state sub-classes.[2] ECF No. 87.

---

[1] Plaintiffs are Adam Lee (Texas), Kimberly Einiger (Nevada), Howard Roscoe (South Carolina), Anastasia Danilova (Massachusetts), Keith Covington (California), Myra Mendez (New York), Paula Murray (California), and Gregory Elliott (Florida).

[2] Plaintiffs assert the following class causes of action: (1) violation of the Texas Deceptive Trade Practices Act ("Texas DTPA"), TEX. BUS. & COM. CODE §17.01, *et seq.*; (2) violation of the Nevada Deceptive Trade Practices Act ("Nevada DTPA"), NEV. REV. STAT. §598.0903, *et seq.*; (3) violation of the Massachusetts Regulation of Business Practices for Consumer Protection law ("Chapter 93A"), MASS. GEN. LAWS. ch. 93A, *et seq.*; (4) violation of the California Consumer Legal Remedies Act ("CLRA"), CAL. CIV. CODE § 1750, *et seq.*; (5) violation of the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et seq.*; (6) violation of the California False Advertising Law ("FAL"), CAL. BUS. & PROF. CODE § 17500, *et seq.*; (7) violation of the New York Consumer Protection from Deceptive Acts and Practices statute ("NY GBL"), N.Y. GEN. BUS. LAW § 349; (8) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.201, *et seq.*; (9) unjust enrichment under California law; (10)

Pending before the Court is Defendant's Second Motion to Strike Class Allegations ("Motion to Strike"). ECF No. 92. This Court referred the case to the Magistrate Judge to conduct all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1). ECF No. 31. On July 5, 2023, Judge Palermo issued a Report & Recommendation ("R&R) recommending that the Motion to Strike be granted in part and denied in part. ECF No. 107. More specifically, Judge Palermo found that "individual issues predominate common questions as to the Texas DTPA, Nevada DTPA, Massachusetts Chapter 93A class claims, and all unjust enrichment class claims, but on their face, the consumer protection class claims under California, New York, and Florida law are susceptible to class-wide proof." *Id.* at 2. Plaintiffs and Defendant filed timely partial objections to the R&R. ECF Nos. 111, 113.

For the reasons that follow, the Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R. Accordingly, Defendant's Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**.

I.   **BACKGROUND**

Judge Palermo's R&R details the factual and procedural history of this case. ECF No. 107 at 3-5. However, to summarize, the core of Plaintiffs' allegations is that Defendant sold appliances "with a 'black stainless steel' finish while concealing and omitting that the finish was a temporary, thin plastic coating—rather than a colored metal finish—and that the finish was prone to premature peeling, flaking, and degrading." ECF No. 87 ¶ 135. Plaintiffs define the sub-classes as "[a]ll persons in [the respective state] who purchased one or more Samsung-branded appliance featuring a 'black stainless steel' finish." *Id.* ¶ 122.

---

unjust enrichment under New York law; and (11) unjust enrichment under Florida law. Plaintiffs did not include any South Carolina subclass claims in their CAC. ECF No. 87.

At the same time that Defendant filed the pending Motion to Strike, it also filed a Motion to Dismiss Plaintiffs' CAC. ECF No. 91. Judge Palermo issued a R&R recommending that the Motion to Dismiss be granted in part and adopted in part. ECF No. 106. This Court adopted in part and rejected in part Judge Palermo's R&R. ECF No. 126. Specifically, the Court dismissed with prejudice: 1) Plaintiff Mendez's NY GBL claim and unjust enrichment claim as barred by the statute of limitations, 2) Plaintiff Lee's unconscionability claim under the Texas DTPA as insufficiently pleaded, and 3) Plaintiffs Roscoe and Einiger's claims for fraud based on omission under South Carolina and Nevada law, respectively, as insufficiently pleaded. *Id.* The Court denied Defendant's Motion to Dismiss as to all remaining claims.

## II.   STANDARD OF REVIEW

A party may file written objections to a proposed R&R within 14 days of being served with a copy. 28 U.S.C. § 636. If such objections are timely filed, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, if no timely objection is made, the court need only review the R&R to determine whether it is "clearly erroneous or contrary to law." *Garcia v. Sessions*, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) (quoting *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017)).

This Court is permitted to strike class allegations "on the pleadings and before discovery is complete when it is apparent from the complaint that a class action cannot be maintained." *Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023) (citing *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007)). In determining whether to certify a class, the Court must conduct a rigorous analysis as required by Rule 23 of the Federal Rules of Civil Procedure. "Rule 23(a)

provides four prerequisites for a class action: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Rule 23(b)(3) then authorizes class certification where (1) 'questions common to the class members predominate over questions affecting only individual members,' and (2) 'class resolution is superior to alternative methods for adjudication of the controversy.'" *Id.* (quoting *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003)).

### III. ANALYSIS

#### A. R&R recommendations to which neither party objected

The R&R recommends that Plaintiffs' proposed class claims under the Texas DTPA and Nevada DTPA "be stricken because individualized reliance issues predominate over common questions" and that "Plaintiffs' unjust enrichment class claims" under the laws of California, Florida, and New York "be stricken for the same reason." ECF No. 107 at 9. The R&R also recommends striking Plaintiffs' class claim for unconscionability under the Texas DTPA because Plaintiffs failed to state a claim for unconscionable practices under the Texas DTPA. *Id.* at 39; *see also* ECF No. 126 at 3 (dismissing with prejudice Plaintiff Lee's unconscionability claim under the Texas DTPA as insufficiently pleaded). Neither party objected to these recommendations. Finding no clear error, the Court adopts the R&R's recommendations as to these issues, thereby striking Plaintiffs' proposed class claims under the Texas DTPA and Nevada DTPA and proposed unjust enrichment claims under California, New York, and Florida laws.

#### B. Whether the R&R erroneously concluded that Plaintiffs' Massachusetts Chapter 93A claims are not susceptible to class-wide proof

Plaintiffs object to the R&R's recommendation that the Court strike the Chapter 93A class claims. Judge Palermo found that individualized reliance issues predominate over common questions:

> [T]o reach the same conclusion for each putative class member, the Court would have to

> inquire whether the individual ultimately relied on Defendant's misrepresentation in selecting and purchasing the "black stainless steel" finish. Although the named Plaintiffs have sufficiently alleged individual, detrimental reliance on Defendant's misrepresentation and omission in making their selection and purchase, this cannot be imputed to every purchaser of a black stainless steel appliance. As the class is currently defined, Plaintiffs include purchasers who relied on their independent research, prior favorable experiences, preferred color schemes and/or were aware of the acrylic coating and selected the "black stainless steel" finish anyway.

ECF No. 107 at 13-14.

Plaintiffs argue that Judge Palermo's determination overlooks two key points: (1) while the putative Massachusetts class, via named Plaintiff Danilova, chose to purchase a **Samsung** product following research and prior favorable experiences with the brand, they all chose to pay a premium for a **black stainless steel** finish because they thought it was a was a black metal finish and did not know it was actually a temporary acrylic coating, and (2) "Massachusetts courts have determined Plaintiffs do not need to prove reliance on the misrepresentation to proceed on a claim under Chapter 93A." ECF No. 111 at 5 (citing *Casavant v. Norwegian Cruise Line Ltd.*, 952 N.E.2d 908, 912 (2011)).

To begin, despite Defendant's contentions otherwise (*see* ECF No. 116 at 2-4), the Court agrees with Plaintiffs that Plaintiffs have not waived this issue, and that the issue is not procedurally barred.

Next, while the Massachusetts Supreme Judicial Court has indeed stated that Chapter 93A does not require proof of actual reliance, it has also emphasized, as both parties agree, that "there must be a causal connection between the seller's deceptive act and the buyer's injury or loss." *Casavant*, 952 N.E.2d at 912; *see also Lee v. Conagra Brands, Inc.*, 958 F.3d 70, 80 (1st Cir. 2020) (quoting *Bellermann v. Fitchburg Gas & Elec. Light Co.*, 470 Mass. 43, 18 N.E.3d 1050, 1060 n.10 (2014)) ("To state a claim under Chapter 93A in a case such as this, a complaint must allege that 'a defendant's unfair or deceptive conduct cause[d] customers to receive a product or service

worth less than the one for which the customers paid.'").

Plaintiffs argue that by "focusing on Samsung's conduct in issuing a common misrepresentation to all consumers who paid a premium for 'black stainless steel' (the subject of the misrepresentation), Plaintiffs' Chapter 93A class claims should be upheld." ECF No. 117 at 5. This type of theory has been approved of by several other courts. For instance, in *Aspinall v. Philip Morris Cos.*, the Supreme Judicial Court of Massachusetts held that class certification was warranted under Chapter 93A where plaintiffs were purchasers of "light cigarettes" that were allegedly deceptively advertised to be lower in tar and nicotine:

> The claims of the plaintiffs and members of the purported class . . . derive from a common course of conduct on the part of the defendants and present the identical issue—whether the defendants misrepresented material information concerning the design, function, marketing, toxicity, and tar and nicotine yields of Marlboro Lights and, in doing so, violated G.L. c. 93A, §§ 2 and 9. The plaintiffs are similarly situated to other consumers of Marlboro Lights, and, because the injury claimed is an economic, and not a personal, injury, all have been similarly injured.

813 N.E.2d 476, 485–86 (2004). Defendants attempted to argue that class certification was improper because individualized issues of causation and injury would "overwhelm" any common issues with respect to the defendants' conduct. *Id.* at 486. Specifically, defendants argued that: (1) some purchasers actually did receive lowered tar and nicotine, and (2) whether the advertising was deceptive turned on whether a purchaser "reaped the benefits of a lowered tar and nicotine cigarette which, in turn, varied according to how each individual smoked the cigarette and even why the 'light' cigarette was chosen by each smoker over a full-flavored cigarette." *Id.* The court firmly rejected defendants' arguments:

> No individual inquiries concerning each class member's smoking behavior are required to determine whether the defendants' conduct caused compensable injury to all the members of the class—consumers of Marlboro Lights were injured when they purchased a product that, when used as directed, exposed them to substantial and inherent health risks that were not (as a reasonable consumer likely could have been misled into believing) minimized by their choice of the defendants' "light" cigarettes. The plaintiffs need not prove individual

> physical harm in order to recover for the defendants' deception**. Nor need the plaintiffs show that each individual consumer relied on the defendants' false promise when purchasing Marlboro Lights. Neither an individual's smoking habits nor his or her subjective motivation in purchasing Marlboro Lights bears on the issue whether the advertising was deceptive.**

*Id.* at 488–89 (internal citations omitted) (emphasis added).

Relatedly, courts have certified Chapter 93A class actions when a defendant's unfair or deceptive act causes consumers to purchase a product or service that is worth less than what they paid—i.e., the consumers' injury is that they did not receive the "benefit-of-the-bargain." *Lee*, 958 F.3d at 80; *see, e.g.*, *id.* (holding that, where consumers paid a higher price for cooking oil labeled "100% Natural" because they understood the label to mean that the oil was GMO-free, even though it was not, consumer plausibly alleged a Chapter 93A injury to support a putative class claim); *Bellerman v. Fitchburg Gas & Elec. Light Co.*, No. WOCV200900023, 2015 WL 5255050, at *4 (Mass. Super. July 29, 2015) (internal citation omitted) ("Where as here, the focus is on the defendant's deceptive conduct which caused the plaintiffs and the putative class members to purchase a service, i.e., electricity, for a price that was more than the service was worth, the plaintiffs need not prove individual harm in order to recover"); *Shaulis v. Nordstrom Inc.*, 120 F. Supp. 3d 40, 51 (D. Mass. 2015), *aff'd*, 865 F.3d 1 (1st Cir. 2017) (finding that plaintiff did not suffer a legally cognizable injury within the meaning of Chapter 93A where plaintiff alleged she was deceived into believing she was getting a bargain on a sweater, but did not allege that the sweater "is worth less than the selling price, that it was manufactured with shoddy materials or inferior workmanship, that it is of an inferior design, or that it is otherwise defective").

Similar to plaintiffs in *Aspinall*, Plaintiffs' Chapter 93A claims derive from a common course of conduct by Samsung (allegedly deceptive advertising about a characteristic of its appliances), that allegedly caused consumers to pay a premium for black stainless steel finishes

that were not made of black stainless steel, but of a thin plastic coating. And like the plaintiffs in *Lee*, Plaintiffs here allege that, in the absence of Defendant's alleged misrepresentation, they would not have paid the premium: In other words, they "were led to believe they were purchasing a superior, premium-priced product, only to end up with a product that is less than what was originally bargained for." ECF No. 117 at 5. The Court notes that the First Circuit in *Lee* found that a "100% Natural" label on cooking oil could mislead a reasonable consumer into buying the oil under the false impression that it contained no GMOs. A critical logical step is embedded in this finding: reasonable consumers believe products containing GMOs are not natural. Here, the alleged deceptive act is more explicit, requiring a much shorter logical leap: Samsung calls the finish "black stainless steel," and Plaintiffs therefore expected that their black stainless steel appliances included a black stainless steel finish.

Defendant relies on cases that are not analogous to the present case. For instance, in *Rovinelli v. Trans World Ent. Corp.*, the district court held that class treatment was not appropriate where each individual putative class plaintiff may have received different information orally from sales agents before and during the transaction at issue. No. CV 19-11304-DPW, 2021 WL 752822, at *10 (D. Mass. Feb. 2, 2021). Because determining what was said to each putative class member could not be determined on a class-wide basis, the court found that the question of causation required a highly individualized inquiry into the particular information each individual received. By contrast, "[h]ere, Plaintiffs did not make their purchasing decisions based on a series of oral representations from different sales representatives who all had different methods of engaging customers and who could have made varied representations to convince customers to choose a 'black stainless steel' appliance." ECF No. 117 at 4.

The Court finds that Plaintiffs have adequately pleaded that their Chapter 93A claims are

susceptible to class-wide proof and that individualized inquiries are not required to establish causation. The Court finds that issues common to the putative class predominate over those that are potentially personal to individual class members. *See also In re M3 Power Razor Sys. Mktg. & Sales Prac. Litig.*, 270 F.R.D. 45, 56 (D. Mass. 2010) (quoting *Smilow v. S.W. Bell Mobile Sys., Inc.*, 323 F.3d 32, 39 (1st Cir.2003)) (stating that the predominance standard "can be met even if some individual issues arise in the course of litigation, because 'Rule 23(b)(3) requires merely that common issues predominate, not that all issues be common to the class.'"). Because the Court does *not* find it obvious from the pleadings that Plaintiffs' Chapter 93A claims cannot proceed on a class basis, it would be premature for the Court to strike these claims prior to discovery. For these reasons, the Court overrules the R&R's recommendation that the Court strike the Chapter 93A class claims.

### C. Whether the R&R erroneously concluded that class claims under California, Florida, and New York consumer protection statutes should remain because they are susceptible to class-wide proof

The R&R recommends that Defendant's Motion to Strike be denied as to Plaintiffs' class claims under the UCL, FAL, CLRA, FDUTPA, and NY GBL.[3] Judge Palermo concluded that individual reliance and causation issues do not predominate over common issues under these state's consumer protection statutes. *See* ECF No. 107 at 24 ("Plaintiffs' allegations sufficiently give rise to an inference of class-wide reliance as to Plaintiffs' CLRA, UCL, and FAL claims."); *id.* at 29 ("[A]lthough the Court finds that Plaintiffs' GBL § 349 claims should be stricken for lack of a class representative, they should not be stricken for individualized issues with causation.");

---

[3] Because New York Plaintiff Myra Mendez's claims are time-barred and have been dismissed with prejudice, the R&R finds that the New York class lacks a class representative and, therefore, recommends that the New York class claims be stricken on that basis. The Court addresses this recommendation in a separate Section III, Part E.

*id.* at 31 ("Plaintiffs' FDUTPA class claims are susceptible to class-wide proof."). Judge Palermo also found that it was improper to strike all class allegations on the basis of statute of limitations and recommends addressing "[a]ny argument related to class scope as to purchase date" at class certification, instead of a motion to strike. *Id.* at 40.

Defendant objects to these recommendations. Defendant does not agree that the California, Florida, and New York class claims are susceptible to class-wide proof. Regarding the statute of limitations issue, Defendant contends that, "where, as here, the complaint pursues classes that indisputably would include members whose claims are time-barred absent individualized tolling, there is no reason to defer resolution." ECF No. 112 at 21.

After conducting a de novo review, the Court agrees with the conclusions and the reasoning of the R&R on this issue. Accordingly, the Court overrules Defendant's objections and adopts the R&R's recommendation that Plaintiffs' California, Florida, and New York class claims be allowed to proceed because, the face of the pleadings, they are susceptible to class-wide proof (the New York consumer protection class claim is further discussed in Section III, Part E). The Court also adopts the R&R's recommendation that any issues regarding the statute of limitations be resolved at the class certification stage.

### D. Whether the R&R erroneously concluded that class treatment under Rules 23(b)(2) and 23(c)(4) is inappropriate

The R&R recommends rejecting Plaintiffs' argument that, even if their class allegations are unsuitable under Rule 23(b)(3), class treatment is still appropriate under Rule 23(b)(2), which provides for injunctive-relief classes, or Rule 23(c)(4), which allows for issue classes. ECF No. 107 at 40-43. Plaintiffs object to these recommendations. After conducting a de novo review, the Court agrees with the conclusions and the reasoning of the R&R as to Rule 23(b)(2). Accordingly, the Court overrules Plaintiffs' objections and adopts the R&R's recommendation that class

treatment under Rule 23(b)(2) is inappropriate in this case.

However, as to Rule 23(c)(4), the Court finds it premature to rule on this issue at this stage of the litigation. *See* Fed. R. Civ. P. 23(c)(4) ("When appropriate, an action may be brought or maintained as a class action with respect to particular issues."). Accordingly, the Court will defer determining, until the class certification stage, whether the Court should bifurcate determinations on liability and damages in accordance with Rule 23(c)(4). *See, e.g.*, *In re Deepwater Horizon*, 739 F.3d 790, 817 (5th Cir. 2014) (quoting *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 800 (7th Cir. 2013)) ("[T]he predominance inquiry can still be satisfied under Rule 23(b)(3) if the proceedings are structured to establish 'liability on a class-wide basis, with separate hearings to determine—if liability is established—the damages of individual class members.'"). The Court overrules as premature the R&R's recommendation that certification of a liability-only issue class under Rule 23(c)(4) is inappropriate.

### E. Whether Plaintiffs should be given leave to amend their Complaint to substitute a New York class representative whose claims are not time barred

In ruling on Defendant's Motion to Dismiss, this Court dismissed with prejudice Plaintiff Myra Mendez's NY GBL claim and unjust enrichment claim under New York law as time barred. *See* ECF No. 126 at 3-4. As discussed above, the R&R for Defendant's Motion to Strike found that Plaintiffs' New York consumer protection claims are susceptible to class-wide proof, but nonetheless recommends striking these claims for lack of a class representative. Plaintiffs ask the Court for permission to amend their CAC "to add a new New York plaintiff whose GBL §349 claim falls within the three-year statute of limitations period." ECF No. 111 at 9. Plaintiffs argue:

> It is clear from the R&R's finding that the [CAC] already establishes class-wide reliance for Plaintiffs' GBL §349 claims that amendment would not be futile. Moreover, Samsung will not suffer any prejudice, as discovery has not yet commenced in this action, nor is there any evidence that Plaintiffs have a bad faith basis for requesting leave to amend. Lastly, it is evident that substituting a New York class representative does not amount to a

repeated failure to cure a deficiency previously allowed, as this is the first instance in which this Court has ruled on the statute of limitations applicable to GBL §349 claims.

*Id.* at 10.

Additionally, Plaintiffs make clear that they "do not seek to introduce an entirely new class and cause of action, but merely seek to substitute a New York class representative whose GBL §349 claims are not time-barred." ECF No. 117 at 10. Defendant claims that it would be unduly prejudiced by a new complaint. ECF No. 116 at 14-15. The Court does not agree. While this litigation may be slightly prolonged to allow time for Plaintiffs to file a new complaint, no scheduling order has been entered, no discovery has commenced, and most importantly—Plaintiffs will not be changing the nature of the lawsuit in any meaningful way that would require Defendant to expend significant resources in developing a new analysis. The Court also finds no evidence of bad faith or dilatory motive in Plaintiffs' request. The Federal Rules of Civil Procedure "generally favor amendment of pleadings, especially in class actions. Rule 15(a) states that 'leave shall be freely given when justice so requires,' and [R]ule 23 gives the district court significant leeway to make appropriate orders during the course of class actions, including the amendment of pleadings to replace or add new class representatives when necessary." *Arevalo v. Fid. Nat'l Fin., Inc.*, No. SA-06-CA-0265-OG, 2007 WL 9712070, at *2 (W.D. Tex. Feb. 14, 2007) (citing Fed. R. Civ. P. 23(d)). Accordingly, the Court grants Plaintiffs leave to amend the CAC for the sole purpose of substituting a New York class representative whose claims are not time barred. Plaintiffs must file their amended complaint within two (2) weeks of entry of this Memorandum and Order.

### F. Whether the R&R erroneously concluded that the remaining consumer protection claims should be severed and transferred to their home states

Both parties object to the following recommendation in the R&R: "Because no Texas claim survives the motion to strike, the Court finds it appropriate to sever the claims of the remaining

non-Texas Plaintiffs and to transfer their consumer class claims to their home states." ECF No. 107 at 43.

Plaintiffs contend that "[a]lthough it is true that the Court has the discretion to sever and transfer Plaintiffs' claims, it should decline to exercise its discretion here because severance and transfer would not be 'in the interest of justice,' would inconvenience the parties, and would result in a significant loss of judicial economy." ECF No. 111 at 14 (citing 28 U.S.C. §1404(a)). Defendant agrees, arguing that "[l]itigating the same issues simultaneously in three parallel cases would be inefficient for both the federal court system and the parties, and would run counter to the rationales for transferring *Murray* into this District and for this Court's prior order consolidating *Lee* and *Murray*." ECF No. 112 at 23; *see also id.* at 24 (quoting ECF No. 79 at 2, 6-7) ("[T]he Magistrate Judge recognized that consolidating [*Murray* and *Lee*] was 'appropriate based on the overlapping complaints' and that 'the same Defendant in both cases, the cases are pending before the same district judge, and consolidation will save judicial resources.'").

The R&R found that private interest factors (e.g., convenience to the litigants, residence of the witnesses, access to physical evidence) weigh in favor of transfer to the Plaintiffs' home courts. ECF No. 107 at 44. Defendant responds that "it is unclear how the R&R could make such findings without having elicited the parties' views or any information about witnesses and evidence." ECF No. 112 at 25.

Regarding public interest factors, because this Court is overruling the R&R's recommendation as to Plaintiffs' Massachusetts Chapter 93A claims and is granting Plaintiffs leave to amend their CAC to substitute a New York class representative, returning class claims to their homes courts would result in severance and transfer to ***four*** separate venues (California, New York, Florida, and Massachusetts). While the Court understands that the transferee courts would

likely have a more compelling interest in the claims at issue and more familiarity with the governing law, the Court also weighs seriously the parties' contention that adopting the R&R's recommendation "would delay proceedings in this action and result in the needless expenditure of limited judicial and party resources by forcing multiple courts to familiarize themselves with the nuanced issues in this case and the substantial briefing that has been completed to date before this case can move forward." ECF No. 111 at 15. Indeed, Plaintiffs' first complaint against Defendant was filed in this Court in April 2021—nearly three years ago. Given this Court's familiarity with this case, and both parties' agreement that severance and transfer would lead to inefficiency and multiplication of ligation, the Court overrules the R&R's recommendation that the remaining class claims be severed and transferred to the district courts in which class representatives reside.

## IV.   CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R. ECF No. 107. Accordingly, Defendant's Second Motion to Strike Class Allegations (ECF No. 92) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

- The Court **STRIKES** Plaintiffs' proposed class claims under the Texas DTPA and Nevada DTPA and unjust enrichment claims under California, New York, and Florida laws.

- The Court **DECLINES** to allow Plaintiffs to pursue class certification under Rule 23(b)(2).

- The Court **DEFERS** ruling on whether class treatment under Rule 23(c)(4) is appropriate.

- The Court **GRANTS** Plaintiffs leave to amend their complaint to add a New York Plaintiff whose NY GBL claim is not time barred. Plaintiffs must file their amended complaint within two (2) weeks of entry of this Memorandum and Order.

- The Court **DENIES** Defendant's Motion to Strike as to Plaintiffs' class claims under the UCL, FAL, CLRA, FDUTPA, NY GBL, and Chapter 93A.

- The Court **DECLINES** to sever and transfer the remaining claims to district courts in the class representatives' home states.

- All other requested relief is **DENIED**.

    **IT IS SO ORDERED.**

    **SIGNED** at Houston, Texas on this the 31st of March, 2024.

    _____
    KEITH P. ELLISON
    UNITED STATES DISTRICT JUDGE